1  Marc C. Forsythe - State Bar No. 153854
Charity J. Miller – State Bar No. 286481
2  **GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
3  Irvine, CA 92612
mforsythe@goeforlaw.com
4  cmiller@goeforlaw.com
Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Proposed Attorneys for 1550 Blue Jay Way, LLC
Debtor and Debtor in Possession
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **SANTA ANA DIVISION**

11  In re:                          Case No. 8:16-BK-15171-CB

12  1550 BLUE JAY WAY, a Delaware   Chapter 11 Proceeding
limited liability company,
13                                  **DECLARATION OF JEFFREY YOHAI IN
14             Debtor and Debtor in  SUPPORT OF (1) OPPOSITION OF DEBTOR
Possession.                      TO MOTION BY UNITED STATES TRUSTEE
15                                  TO DISMISS CASE OR CONVERT CASE TO
ONE UNDER CHAPTER 7 PURSUANT TO 11
16                                  U.S.C.§ 1112(b); AND, REQUEST FOR
JUDGMENT FOR QUARTERLY FEES DUE
17                                  AND PAYABLE TO THE U.S. TRUSTEE AT
THE TIME OF THE HEARING [DOCKET NO.
18                                  24]; AND (2) OPPOSITION OF DEBTOR TO
MOTION OF GENESIS CAPITAL FOR
19                                  RELIEF FROM AUTOMATIC STAY UNDER
11 U.S.C. § 362 OR, ALTERNATIVELY,
20                                  MOTION FOR ORDER DISMISSING
CHAPTER 11 CASE, AND GRANTING
21                                  RELATED RELIEF [DOCKET NO. 40]
22
23                                  Hearing:
24                                  Date:        February 22, 2017
Time:        10:00 a.m.
25                                  Courtroom:   5D
26
27
28

## DECLARATION OF JEFFREY YOHAI

I, Jeffrey Yohai, declare and state as follows:

1.      I am the sole managing member of Baylor Holdings, LLC, who is the sole member and manager of (a) 779 Stradella, LLC, a Debtor and Debtor in Possession in Case No. 8:16-bk-15156-CB ("779 Stradella Debtor"); (b) Mt Yohai, LLC, a Debtor and Debtor in Case No. 8:16-bk-15157-CB ("Mt. Yohai Debtor"); and (c) 1550 Blue Jay Way, LLC, a Debtor and Debtor in Possession in Case No. 8:16-bk-15171-CB ("1550 Blue Jay Debtor").  The matters stated hereinafter are within my personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

**2.**      This declaration is submitted in response to the United States Trustee's Motions to Dismiss or Convert (the "UST Motions") and the Motions to Dismiss filed by Genesis Capital (the "Genesis Motions").

### U.S.T. Motions to Dismiss/Convert

3.      The UST Motions identify the following areas of non-compliance:

- Evidence that debtor-in-possession bank accounts have been opened.
- Declaration Regarding Compliance with U.S. Trustee Requirements.
- Final bank statements evidencing that any and all pre-petition bank accounts have been closed.
- List of Insiders.
- Financial statements including a balance sheet and a profit and loss statement.
- A projected cash flow statement.
- Major Issues and Timetable Report.
- Tax returns for 2015.

**4.**      **Evidence that debtor-in-possession bank accounts have been opened.**  Attached hereto as **Exhibits "1", "2", and "3"** are true and correct copies of the opened DIP accounts for all three debtors referenced in paragraph 1 above.

**5.**      **Declaration Regarding Compliance with U.S. Trustee Requirements**.  Attached hereto as **Exhibits "4", "5"and "6"** are a true and correct copies of the Declarations of Compliance for 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor.

**6.**      **Final bank statements evidencing that any and all pre-petition bank accounts have been closed.**   A letter from US Bank is attached to the Declarations of Compliance for 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor as noted in paragraph 5 above.

7.      **List of Insiders.**  The List of Insiders is attached to the Schedules and Statement of Financial Affairs filed on January 27, 2017, for 1550 Blue Jay Debtor [Docket No. 37], 779 Stradella [Docket No. 33], and Mt Yohai Debtor [Docket No. 34].

8.      **Financial statements including a balance sheet and a profit and loss statement**. 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor did not regularly prepare financial statements at any time during their existence nor were required to by any creditor.  See Declarations of Compliance noted in paragraph 5 above.

9.      **A projected cash flow statement**.  None of the real properties owned by 2401 Nottingham Debtor, 1550 Blue Jay Debtor, 779 Stradella Debtor or Mt Yohai Debtor are producing any income, so there are no cash flow projections.  All of the Debtors require post-petition financing and/or equity contributions in order to reorganize and develop the properties. Along with such post-petition financing and/or commitments of equity contributions, each Debtor will submit the projected use of such capital.

10.      **Major Issues and Timetable Report**.  The Major Issues and Timetable Report for 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor are attached to the Declarations of Compliance noted in paragraph 5 above.

11.      **Federal and tax income tax returns for 2015**.  No tax returns have been filed by any of the Debtors since their inceptions - 2401 Nottingham Debtor, 1550 Blue Jay Debtor, 779 Stradella Debtor or Mt Yohai Debtor.  2401 Nottingham Debtor was formed in 2015, 1550 Blue Jay Debtor was formed in 2015, 779 Stradella Debtor was formed in 2016, and Mt Yohai Debtor was formed in 2014.

**Genesis' Motions to Dismiss**

12.    Although I authorized and will be responsible for developing the real estate project in each of the bankruptcy cases of 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor, each is separate and not "affiliated", as Genesis attempts to characterize in the Motions to Dismiss.   None of the Debtors are "affiliates" of each other.  They are all separate entities and are not consolidated for tax or financial accounting purposes.  None of the debt on the properties in each of these three separate Debtors are cross-collateralized with any other debtor.  Therefore, the improper legal and factual conclusion by Mr. John Day (in his declaration in support of the Genesis' Motions to Dismiss/Convert) is incorrect.

13.    Paragraph 7(iv) of the Declaration of John Day in support of the Genesis' Motions to Dismiss/Convert references "Marin West" and its website address.   Marin West is a separate limited liability company in the State of California that is 100% owned by me and is the real estate development company that plans to develop each of the properties of each of the Debtors.  Marin West has no financial or equity interest in any of the Debtors.  Based on these facts, Mr. Day draws the improper legal/factual conclusion that the properties held by each of the Debtors are a "common development".

14.    The proposed development for each property held by 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai is for a single family residence.

15.    In relation to the argument by Genesis in the Motions to Dismiss that each Debtor has been engaged in "dilatory postpetition conduct" and that each of the Debtors is acting in bad faith, I note the following:

- I was medically unavailable to address the foreclosure sale issues facing each of the Debtors for forty-five (45) days through January 12, 2017.  Although I authorized the filing of the bankruptcy cases for all four Debtors, I was not available to provide critical information to my counsel regarding UST compliance and my strategies for reorganizing the each of the debtors.  I have not acted in bad faith at any time during any of these bankruptcy proceedings.

- Genesis attributes bad faith negotiations to the Debtors, when the negotiations were being conducted with a third-party entity and its counsel (Wilson Keadjian Browndorf, LLP).  All of the Debtors require a loan or capital infusion in order to reorganize.  In order to do so, the capital required needs to be analyzed and the time to do so is not part of any bad faith on behalf of the Debtors or any third party, but simply proper due diligence.  My unavailability for forty-five (45) days made such due diligence by any third party almost impossible prior to the scheduled foreclosure sales of the properties held by all of the Debtors (which necessitated the bankruptcy filings) and for the first several weeks of the bankruptcy cases.  Therefore, the claim that negotiations between the third party and Genesis was and is being conducted in bad faith in order to delay and stall Genesis is incorrect.

16.      Today, February 8, 2017, I received the following proposal from a new lender, PJ Nottingham LLC ("PJN") to provide financing for the 779 Stradella Debtor and Mt Yohai Debtor. I expect to receive a plan for 1550 Blue Jay Debtor shortly.  PJN is proposing that Genesis be brought current at their original rate of interest by PJN.  From then, PJN will fund the interest amount due on all loans until the properties have received permitting for construction, as well as any amounts necessary to complete the permitting process.  I believe that the permitting process will be 4 months for Mt Yohai Debtor and 14 months for 779 Stradella Debtor.  Upon receiving permitting (RTI) the current loans will be repaid with a new construction financing.  I am confident that given the completion value, as described below, Debtor will be able to secure enough construction financing to both repay the loans and complete the projects.  The following are the proposed terms.

**<u>Mt Yohai Debtor</u>**

Current Loan Amount: $ 715,000

Current Interest Arrearage (at original rate 9.99%): $ 59,524

Current Value: $ 3,000,000

Cost to RTI: $ 260,000

1    Value at RTI: $ 6,500,000

2    Completion Value: $ 22,500,000

3    Construction Budget: $ 7,500,000

4

5    **779 Stradella Debtor**

6    Current Loan Amount: $ 5,950,000

7    Current Interest Arrearage (at original rate 9%): $ 446,250

8    Current Value: $ 8,600,000

9    Cost to RTI: $ 180,000

10    Value at RTI: $ 10,000,000

11    Completion Value: $ 35,000,000

12    Construction Budget: $ 9,000,000

13        I declare under penalty of perjury under the laws of the United States of America that the

14    foregoing is true and correct.

15

16

17    DATED:   February 8, 2017

18                        Jeffrey Yohai

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

lls Fargo Store Vision Platform

## Customer Record

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELL... | MT YOHAI LLC | 2401 NOTTING... | | ADD (/SVP/MOD/... |

≡

### Checking/Savings Account Detail

CUSTOMER RECORD (/SVP/MOD/CUSTOMERRECORD/358111362200265)

### Wells Fargo Simple Business Checking
CALIFORNIA 114

*Balance*   View History (/svp/mod/account/DDA/1145661/history)

| | | | | | Ledger Balance: | $0.00 |
| ■■■5661 | OPENED 02/02/2017 | First Year | NEW | | Available Balance: | $25.00 |

(Debit account/DDA/114/1675195679/63869862223611/details3in...m...Average Balance Last 12   $0.00

| | | | | Months: | |
| | | Stop Pay - No | | Insufficient Funds/Overdraft | No |
| None | | Holds - No | | Today: | |
| DCOS - Yes | Click for detail | Pledges - No | Paper | Balance Sweep: | None |
| | | | | Last ACH Direct Deposit: | None |

*Account Relationships*

Tax Responsible Customer: 779 STRADELLA LLC
(/svp/mod/customerRecord/358111362200265)

*Linked Debit/ATM Cards*

None

*Additional Relationships*

779 STRADELLA LLC
(/svp/mod/customerRecord/358111362200265) Sole Owner
JEFFREY YOHAI
(/svp/mod/customerRecord/267890991822318) Signer

*Other Related Accounts*

Brokerage Settlement Relationships
None

*Account Title*

Statement/Mailing Name: 779 STRADELLA LLC
DEBTOR IN POSSESSION
CH 11 CASE 16-15156 (CCA)

*Other*

| PMA Relationship | No |
| Relationship Pricing | No |

*Basic Information*

Account TIN: EIN | xx-xxx3527   View
Certification: Not Certified, Withholding
Check Routing Transit Number: 122000247
Line of Business: RETAIL BUSINESS
Money Services Business: No

*Location Information*

AU: 65825
Officer/Portfolio: CF281  BALL, EVAN S  310-454-0159
Location: 4738 PACIFIC PALISADES
PACIFIC PALISADES OFFICE
15240 W SUNSET BLVD
PACIFIC PALISADES, CA 90272

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELLA... | MT YOHAI LLC | 2401 NOTTINGH... | | ADD (/SVP/MOD/... |

Server: rpvra00a0204/prod_svp_266.2.1_a

# Business Account Application



**WELLS FARGO**

| Bank Name: | Store Name: |
|---|---|
| WELLS FARGO BANK, N.A. | PACIFIC PALISADES |

| Banker Name: | Officer/Portfolio Number: | Date: |
|---|---|---|
| EVAN BALL | CF281 | 02/02/2017 |

| Banker Phone: | Store Number: | Banker AU: | Banker MAC: |
|---|---|---|---|
| 310/454-0159 | 04738 | 0065825 | E3102-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

[X] New Deposit Account(s) Only        [ ] New Deposit Account(s) and Business Credit Card

| Account 1 Product Name: | Purpose of Account 1: |
|---|---|
| Wells Fargo Simple Business Checking | General Operating Account |

| COID: | Product: | Account Number: | Opening Deposit: | Type of Funds: |
|---|---|---|---|---|
| 114 | DDA | ███████5661 | $25.00 | CACK |

| New Account Kit: | Checking/Savings Bonus Offer Available: |
|---|---|
| yohai481@gmail.com | NO |

## Related Customer Information

| Customer 1 Name: | |
|---|---|
| 779 STRADELLA LLC | |
| Enterprise Customer Number (ECN): | Account Relationship: |
| 358111362200265 | Sole Owner |
| Customer 2 Name: | |
| JEFFREY YOHAI | |
| Enterprise Customer Number (ECN): | Account Relationship: |
| 267890991822318 | Signer |

## Checking/Savings Statement Mailing Information

| Name(s) and Information Listed on Statement: | Statement Mailing Address: | |
|---|---|---|
| 779 STRADELLA LLC | 779 STRADELLA RD | |
| | Address Line 2: | |
| | | |
| | City: | State: |
| | LOS ANGELES | CA |
| | ZIP/Postal Code: | Country: |
| | 90077-3307 | US |



2W02-000878867440-01

Business Account Application

## Customer 1 Information

| | |
|---|---|
| **Customer Name:** 779 STRADELLA LLC | |

| **Enterprise Customer Number (ECN):** 358111362200265 | **Street Address:** 779 STRADELLA RD |
| **Account Relationship:** Sole Owner | **Address Line 2:** |
| **Taxpayer Identification Number (TIN):** 81-1493527 | **TIN Type:** EIN | **Address Line 3:** |

| **Business Type:** Limited Liability Company | **City:** LOS ANGELES | **State:** CA |
| **Business Sub-Type/Tax Classification:** | **Non-Profit:** No | **ZIP/Postal Code:** 90077-3307 | **Country:** US |
| **Date Originally Established:** 05/10/2016 | **Current Ownership Since:** | **Number of Employees:** 1 | **Business Phone:** 917/946-3469 | **Fax:** |
| **Annual Gross Sales:** $150,000.00 | **Year Sales Reported:** 01/01/2015 | **Fiscal Year End:** | **Cellular Phone:** | **Pager:** |
| **Primary Financial Institution:** | **Number of Locations:** 1 | **e-Mail Address:** |
| **Primary State 1:** | **Primary State 2:** | **Primary State 3:** | **Website:** |
| **Primary Country 1:** | **Primary Country 2:** | **Primary Country 3:** | **Sales Market:** LOCAL |

**Industry:** Real Estate, Rental and Leasing

**Description of Business:** Real Estate

**Major Suppliers/Customers:**

## Bank Use Only

| **Name/Entity Verification:** Articles of Organization | **Address Verification:** FP/FD |
|---|---|
| **BACC Reference Number:** 6170330000647 | |

| **Document Filing Number/Description:** 201613210136 | **Filing Country:** US | **Filing State:** DE | **Filing Date:** 05/10/2016 | **Expiration Date:** |
| **Country of Registration:** US | **State of Registration:** CA | **International Transactions:** | **Check Reporting:** NEG RECORD-APPROVED |

| **Customer 1 Name:** 779 STRADELLA LLC | **Internet Gambling Business?:** No |



2W02-000878867440-02

Exhibit 1

Business Account Application

## Owner/Key Individual 1 Information

| | |
|---|---|
| Customer Name:<br>JEFFREY YOHAI | Residence Address:<br>30254 MORNING VIEW DR |
| Business Relationship:<br>Owner with Control of the Entity | Address Line 2: |
| Position/Title: | Date of Birth: | Percent of Ownership: | Address Line 3: |

| Position/Title: | Date of Birth:<br>12/04/1981 | Percent of Ownership:<br>100.0 | Address Line 3: | |
|---|---|---|---|---|
| Enterprise Customer Number (ECN):<br>267890991822318 | | | City:<br>MALIBU | State:<br>CA |
| Taxpayer Identification Number (TIN): | TIN Type:<br>SSN | | ZIP/Postal Code:<br>90265-3617 | Country:<br>US |
| Primary ID Type:<br>DLIC | Primary ID Description:<br>481 142 800 | | Country of Citizenship:<br>US | Permanently Resides in US: |
| Primary ID St/Ctry/Prov:<br>NY | Primary ID Issue Date:<br>09/22/2010 | Primary ID Expiration Date:<br>12/04/2018 | Check Reporting:<br>RECORD | |
| Secondary ID Type:<br>OTHR CC | Secondary ID Description:<br>CHASE | | | |
| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date:<br>03/01/2019 | | |



2W02-000878867440-03

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

**A. The Customer's use of any Wells Fargo Bank, N.A. ("Bank") deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application and whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

(1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

(2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

(3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

(4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

(1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

(2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

(3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name
JEFFREY YOHAI

Position/Title:

Owner/Key Individual 1 Signature

JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017

## Authorized Signers - Signature Capture

Authorized Signer 1 Name
JEFFREY YOHAI

Position/Title:

Authorized Signer 1 Signature

JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017



2W02-000878867440-04

# EXHIBIT 2

# EXHIBIT 2

lls Fargo Store Vision Platform

## Customer Record

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELL... | MT YOHAI LLC | 2401 NOTTING... | ADD (/SVP/MOD/... |

≡

### Checking/Savings Account Detail

CUSTOMER RECORD (/SVP/MOD/CUSTOMERRECORD/63869862223611)

### Wells Fargo Simple Business Checking
CALIFORNIA 114

*Balance*   View History (/svp/mod/account/DDA/114...679/history)

Ledger Balance:  $0.00

**5679**  |  OPENED 02/02/2017  |  First Year  |  NEW

Available Balance:  $25.00

(Other Services...ount/DDA/114/1675195679/DDA/114/1675195679/DDA/114/1675195679/1114...Average Balance Last 12  $0.00
Months:

|  |  | Stop Pay - No | | Insufficient Funds/Overdraft | No |
| None | | Holds - No | | Today: | |
| DCOS - Yes | Click for detail | Pledges - No | Paper | |

Balance Sweep:  None

*Account Relationships*

Tax Responsible Customer:  MT YOHAI LLC
(/svp/mod/customerRecord/63869862223611)

Last ACH Direct Deposit:  None

*Linked Debit/ATM Cards*

None

*Additional Relationships*

MT YOHAI LLC
(/svp/mod/customerRecord/63869862223611)  Sole Owner
JEFFREY YOHAI
(/svp/mod/customerRecord/267890991822318)  Signer

*Other Related Accounts*

*Brokerage Settlement Relationships*

None

*Account Title*

Statement/Mailing Name:  MT YOHAI LLC
DEBTOR IN POSSESSION
CH 11 CASE #16-15157 (CCA)

*Other*

PMA Relationship          No

Relationship Pricing      No

*Basic Information*

Account TIN:  EIN | xx-xxx7541  View

Certification:  Not Certified, Withholding

Check Routing Transit  122000247
Number:

Line of Business:  RETAIL BUSINESS

Money Services Business:  No

*Location Information*

AU:  65825

Officer/Portfolio:  CF281  BALL, EVAN S  310-454-0159

Location:  4738 PACIFIC PALISADES
PACIFIC PALISADES OFFICE
15240 W SUNSET BLVD
PACIFIC PALISADES, CA 90272

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELL... | MT YOHAI LLC | 2401 NOTTINGH... | ADD (/SVP/MOD/... |

Server: rpvra00a0204/prod_svp_266.2.1_a

# Business Account Application



| Bank Name: | | Store Name: | |
|---|---|---|---|
| WELLS FARGO BANK, N.A. | | PACIFIC PALISADES | |

| Banker Name: | | Officer/Portfolio Number: | Date: |
|---|---|---|---|
| EVAN BALL | | CF281 | 02/02/2017 |

| Banker Phone: | Store Number: | Banker AU: | Banker MAC: |
|---|---|---|---|
| 310/454-0159 | 04738 | 0065825 | E3102-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

[X] New Deposit Account(s) Only          [ ] New Deposit Account(s) and Business Credit Card

| Account 1 Product Name: | | | Purpose of Account 1: | |
|---|---|---|---|---|
| Wells Fargo Simple Business Checking | | | General Operating Account | |

| COID: | Product: | Account Number: | Opening Deposit: | Type of Funds: |
|---|---|---|---|---|
| 114 | DDA | ████5679 | $25.00 | CACK |

| New Account Kit: | Checking/Savings Bonus Offer Available: |
|---|---|
| yohai481@gmail.com | NO |

## Related Customer Information

| Customer 1 Name: | |
|---|---|
| MT YOHAI LLC | |

| Enterprise Customer Number (ECN): | Account Relationship: |
|---|---|
| 63869862223611 | Sole Owner |

| Customer 2 Name: | |
|---|---|
| JEFFREY YOHAI | |

| Enterprise Customer Number (ECN): | Account Relationship: |
|---|---|
| 267890991822318 | Signer |

## Checking/Savings Statement Mailing Information

| Name(s) and Information Listed on Statement: | Statement Mailing Address: | |
|---|---|---|
| MT YOHAI LLC | 779 STRADELLA RD | |
| | Address Line 2: | |
| | | |
| | City: | State: |
| | LOS ANGELES | CA |
| | ZIP/Postal Code: | Country: |
| | 90077-3307 | US |



2W02-000878869788-01

Exhibit 2

## Customer 1 Information

**Customer Name:**
MT YOHAI LLC

| Enterprise Customer Number (ECN): | Street Address: |
|---|---|
| 63869862223611 | 779 STRADELLA RD |

| Account Relationship: | Address Line 2: |
|---|---|
| Sole Owner | |

| Taxpayer Identification Number (TIN): | TIN Type: | Address Line 3: |
|---|---|---|
| 47-1397541 | EIN | |

| Business Type: | City: | State: |
|---|---|---|
| Limited Liability Company | LOS ANGELES | CA |

| Business Sub-Type/Tax Classification: | Non-Profit: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| | No | 90077-3307 | US |

| Date Originally Established: | Current Ownership Since: | Number of Employees: | Business Phone: | Fax: |
|---|---|---|---|---|
| 05/10/2016 | | 1 | 917/946-3469 | |

| Annual Gross Sales: | Year Sales Reported: | Fiscal Year End: | Cellular Phone: | Pager: |
|---|---|---|---|---|
| $100,000.00 | 05/10/2016 | | | |

| Primary Financial Institution: | Number of Locations: | e-Mail Address: |
|---|---|---|
| | 1 | |

| Primary State 1: | Primary State 2: | Primary State 3: | Website: |
|---|---|---|---|
| | | | |

| Primary Country 1: | Primary Country 2: | Primary Country 3: | Sales Market: |
|---|---|---|---|
| | | | LOCAL |

**Industry:**
Real Estate, Rental and Leasing

**Description of Business:**
Real Estate

**Major Suppliers/Customers:**

## Bank Use Only

| Name/Entity Verification: | Address Verification: |
|---|---|
| Articles of Organization | NONE |

**BACC Reference Number:**
6170330000676

| Document Filing Number/Description: | Filing Country: | Filing State: | Filing Date: | Expiration Date: |
|---|---|---|---|---|
| 201613210040 | US | DE | 05/10/2016 | |

| Country of Registration: | State of Registration: | International Transactions: | Check Reporting: |
|---|---|---|---|
| US | CA | | NEG RECORD-APPROVED |

| Customer 1 Name: | Internet Gambling Business?: |
|---|---|
| MT YOHAI LLC | No |



2W02-000878869788-02

Business Account Application

## Owner/Key Individual 1 Information

| Customer Name: | Residence Address: | |
|---|---|---|
| JEFFREY YOHAI | 30254 MORNING VIEW DR | |

| Business Relationship: | Address Line 2: | |
|---|---|---|
| Owner with Control of the Entity | | |

| Position/Title: | Date of Birth: | Percent of Ownership: | Address Line 3: | |
|---|---|---|---|---|
| | 12/04/1981 | 100.0 | | |

| Enterprise Customer Number (ECN): | City: | State: |
|---|---|---|
| 267890991822318 | MALIBU | CA |

| Taxpayer Identification Number (TIN): | TIN Type: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| ▮▮▮▮▮▮ | SSN | 90265-3617 | US |

| Primary ID Type: | Primary ID Description: | Country of Citizenship: | Permanently Resides in US: |
|---|---|---|---|
| DLIC | 481 142 800 | US | |

| Primary ID St/Ctry/Prov: | Primary ID Issue Date: | Primary ID Expiration Date: | Check Reporting: |
|---|---|---|---|
| NY | 09/22/2010 | 12/04/2018 | RECORD |

| Secondary ID Type: | Secondary ID Description: |
|---|---|
| OTHR CC | CHASE |

| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date: |
|---|---|---|
| | | 03/01/2019 |



2W02-000878869788-03

Exhibit 2

Business Account Application

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

**A. The Customer's use of any Wells Fargo Bank, N.A. ("Bank") deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application or whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

  (1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

  (2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

  (3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

  (4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

  (1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

  (2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

  (3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name
JEFFREY YOHAI

Position/Title:

Owner/Key Individual 1 Signature



☐ Submit manually
☐ Signature not required

Date:
02/02/2017

## Authorized Signers - Signature Capture

Authorized Signer 1 Name
JEFFREY YOHAI

Position/Title:

Authorized Signer 1 Signature

☐ Submit manually
☐ Signature not required

Date:
02/02/2017

BBG2307 (5-16 SVP)

2W02-000878869788-04

Exhibit 2

Page 4 of 4
Wells Fargo Confidential
Page 16

# EXHIBIT 3

# EXHIBIT 3

lls Fargo Store Vision Platform
Case 8:16-bk-15171-CB    Doc 49    Filed 02/08/17    Entered 02/08/17 18:22:09    Desc
Main Document    Page 20 of 177

Page 1

## Customer Record

JEFFREY YOHAI    1550 BLUEJAY...    779 STRADELL...    MT YOHAI LLC    2401 NOTTING...

ADD (/SVP/MOD/...

≡

### Checking/Savings Account Detail

CUSTOMER RECORD (/SVP/MOD/CUSTOMERRECORD/414330570019712)

## Wells Fargo Simple Business Checking
CALIFORNIA 114

**Balance** View History (/svp/mod/account/DDA/114/1675195653/history)

█████5653 | OPENED 02/02/2017 | First Year | NEW

Ledger Balance: $0.00

Available Balance: $25.00

| | | Average Balance Last 12 Months: | $0.00 |
| None | Stop Pay - No | | |
| DCOS - Yes | Holds - No | Insufficient Funds/Overdraft Today: | No |
| | Click for detail | Pledges - No | Paper |
| | | Balance Sweep: | None |

Last ACH Direct Deposit: None

*Account Relationships*

Tax Responsible Customer:    1550 BLUEJAY WAY, LLC
(/svp/mod/customerRecord/414330570019712)    *Linked Debit/ATM Cards*

None

*Additional Relationships*

1550 BLUEJAY WAY, LLC
(/svp/mod/customerRecord/414330570019712)    Sole Owner
JEFFREY YOHAI
(/svp/mod/customerRecord/267890991822318)    Signer

*Other Related Accounts*

**Brokerage Settlement Relationships**

None

*Account Title*

Statement/Mailing Name:    1550 BLUEJAY WAY, LLC
DEBTOR IN POSSESSION
CH11 CASE 16-15171 (CCA)

Other

| PMA Relationship | No |
| Relationship Pricing | No |

*Basic Information*

Account TIN:    EIN | xx-xxx0276    View

Certification:    Not Certified, Withholding

Check Routing Transit Number:    122000247

Line of Business:    RETAIL BUSINESS

Money Services Business:    No

*Location Information*

AU:    65825

Officer/Portfolio:    CF281  BALL, EVAN S  310-454-0159

Location:    4738 PACIFIC PALISADES
PACIFIC PALISADES OFFICE
15240 W SUNSET BLVD
PACIFIC PALISADES, CA 90272

JEFFREY YOHAI    1550 BLUEJAY...    779 STRADELL...    MT YOHAI LLC    2401 NOTTINGH...

ADD (/SVP/MOD/...

Exhibit 3    Page 17

Server: rpvra00a0204/prod_svp_266.2.1_a

# Business Account Application



| Bank Name: | Store Name: |
|---|---|
| WELLS FARGO BANK, N.A. | PACIFIC PALISADES |

| Banker Name: | Officer/Portfolio Number: | Date: |
|---|---|---|
| EVAN BALL | CF281 | 02/02/2017 |

| Banker Phone: | Store Number: | Banker AU: | Banker MAC: |
|---|---|---|---|
| 310/454-0159 | 04738 | 0065825 | E3102-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

[X] New Deposit Account(s) Only        [ ] New Deposit Account(s) and Business Credit Card

| Account 1 Product Name: | Purpose of Account 1 : |
|---|---|
| Wells Fargo Simple Business Checking | General Operating Account |

| COID: | Product: | Account Number: | Opening Deposit: | Type of Funds: |
|---|---|---|---|---|
| 114 | DDA | ███████5653 | $50.00 | CACK |

| New Account Kit: | Checking/Savings Bonus Offer Available: |
|---|---|
| yohai481@gmail.com | NO |

## Related Customer Information

| Customer 1 Name: | |
|---|---|
| 1550 BLUEJAY WAY, LLC | |

| Enterprise Customer Number (ECN): | Account Relationship: |
|---|---|
| 414330570019712 | Sole Owner |

| Customer 2 Name: | |
|---|---|
| JEFFREY YOHAI | |

| Enterprise Customer Number (ECN): | Account Relationship: |
|---|---|
| 267890991822318 | Signer |

## Checking/Savings Statement Mailing Information

| Name(s) and Information Listed on Statement: | Statement Mailing Address: | |
|---|---|---|
| 1550 BLUEJAY WAY, LLC | 779 STRADELLA RD | |
| | Address Line 2: | |
| | City: | State: |
| | LOS ANGELES | CA |
| | ZIP/Postal Code: | Country: |
| | 90077-3307 | US |



2W02-000878865146-01

Business Account Application

## Customer 1 Information

Customer Name:
**1550 BLUEJAY WAY, LLC**

| Enterprise Customer Number (ECN): | Street Address: |
|---|---|
| 414330570019712 | 779 STRADELLA RD |

| Account Relationship: | Address Line 2: |
|---|---|
| Sole Owner | |

| Taxpayer Identification Number (TIN): | TIN Type: | Address Line 3: |
|---|---|---|
| 47-4190276 | EIN | |

| Business Type: | City: | State: |
|---|---|---|
| Limited Liability Company | LOS ANGELES | CA |

| Business Sub-Type/Tax Classification: | Non-Profit: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| | No | 90077-3307 | US |

| Date Originally Established: | Current Ownership Since: | Number of Employees: | Business Phone: | Fax: |
|---|---|---|---|---|
| 06/05/2015 | | 1 | 917/946-3469 | |

| Annual Gross Sales: | Year Sales Reported: | Fiscal Year End: | Cellular Phone: | Pager: |
|---|---|---|---|---|
| $100,000.00 | 01/01/2016 | | | |

| Primary Financial Institution: | Number of Locations: | e-Mail Address: |
|---|---|---|
| | 1 | |

| Primary State 1: | Primary State 2: | Primary State 3: | Website: |
|---|---|---|---|
| | | | |

| Primary Country 1: | Primary Country 2: | Primary Country 3: | Sales Market: |
|---|---|---|---|
| | | | LOCAL |

Industry:
Real Estate, Rental and Leasing

Description of Business:
Real Estate

Major Suppliers/Customers:

## Bank Use Only

| Name/Entity Verification: | Address Verification: |
|---|---|
| Articles of Organization | FP/FD |

BACC Reference Number:
6170330000601

| Document Filing Number/Description: | Filing Country: | Filing State: | Filing Date: | Expiration Date: |
|---|---|---|---|---|
| 5760747 | US | DE | 06/05/2015 | |

| Country of Registration: | State of Registration: | International Transactions: | Check Reporting: |
|---|---|---|---|
| US | DE | | NEG RECORD-APPROVED |

| Customer 1 Name: | Internet Gambling Business?: |
|---|---|
| 1550 BLUEJAY WAY, LLC | No |



2W02-000878865146-02

Business Account Application

## Owner/Key Individual 1 Information

| | |
|---|---|
| Customer Name:<br>JEFFREY YOHAI | Residence Address:<br>30254 MORNING VIEW DR |
| Business Relationship:<br>Owner with Control of the Entity | Address Line 2: |
| Position/Title:     Date of Birth:    Percent of Ownership:<br>                  12/04/1981   100.0 | Address Line 3: |
| Enterprise Customer Number (ECN):<br>267890991822318 | City:                        State:<br>MALIBU                 CA |
| Taxpayer Identification Number (TIN):   TIN Type:<br>█████████           SSN | ZIP/Postal Code:             Country:<br>90265-3617          US |
| Primary ID Type:     Primary ID Description:<br>DLIC           481 142 800 | Country of Citizenship:    Permanently Resides in US:<br>US |
| Primary ID St/Ctry/Prov:   Primary ID Issue Date:   Primary ID Expiration Date:<br>NY          09/22/2010      12/04/2018 | Check Reporting:<br>RECORD |
| Secondary ID Type:    Secondary ID Description:<br>OTHR CC      CHASE | |
| Secondary ID State/Country:   Secondary ID Issue Date:   Secondary ID Expiration Date:<br>                                            03/01/2019 | |



2W02-000878865146-03

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

**A. The Customer's use of any Wells Fargo Bank, N.A. ("Bank") deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application and whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

   (1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

   (2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

   (3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

   (4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

   (1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

   (2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

   (3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name

JEFFREY YOHAI

Position/Title:

Owner/Key Individual 1 Signature

JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017

## Authorized Signers - Signature Capture

Authorized Signer 1 Name

JEFFREY YOHAI

Position/Title:

Authorized Signer 1 Signature

JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017



2W02-000878865146-04

BBG2307 (5-16 SVP)

# EXHIBIT 4

# EXHIBIT 4

Attorney or Party Name, Address, Telephone and FAX

Marc C. Forsythe - State Bar No. 153854
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE – DO NOT FILE WITH COURT |
|---|---|
| In Re:<br><br>**779 STRADELLA, LLC**<br><br>Debtor-In-Possession. | Case Number:<br>8:16-bk-15156-CB |
| | **DECLARATION OF DEBTOR REGARDING COMPLIANCE WITH UNITED STATES TRUSTEE GUIDELINES AND REQUIREMENTS FOR CHAPTER 11 DEBTORS IN POSSESSION** |

**Privacy Policy [Privacy Act of 1974, as amended (5 U.S.C 552a) and LBR 1002-1(e)].**

*Declarant acknowledges that they have redacted all personally identifiable information contained in this declaration and its attachments and further acknowledges that is the responsibility of the filing party, not the United States Trustee Program, to ensure compliance with this policy.*

*(1)    All "personal identifiers" must be redacted from documents filed with the USTP, including attachments.  "Personal identifiers" are considered to be the following:*

   *(A)    Social Security Numbers. If an individual's Social Security number (SSN), or Individual Tax Payer Identification Numbers (ITIN) must be included in the document, only the last four digits of that number should be used.*

   *(B)    Financial Account Numbers. Only the last four digits of these numbers should be used;*

   *(C)    Dates of Birth. If an individual's date of birth must be included in the document, only the year should be used; and*

   *(D)    Names of Minor Children. If the name of a minor child must be mentioned, only the initials of that child should be used.*

## 1.  <u>REAL PROPERTY</u>

1.1.    For each property that debtor owns, leases, has an interest in, or is in the process of purchasing, including debtor's personal residence, declarant has attached the following documentation:

**Check All That Apply:**

☐    1.1.1.    Debtor owns a personal residence.  A Real Property Questionnaire for Principal Residence (USTLA-5.1) is attached hereto.

☑    1.1.2.    Debtor owns, leases, has an interest in, or is in the process of purchasing a total of **four (4) or less** parcels of real property.  For each such property, declarant has attached a Real Property Questionnaire (USTLA-5.2).

☐    1.1.3.    Debtor owns, has an interest in, or is in the process of purchasing a total of **five (5) or more** parcels of real property.  Attached is an Owned Property Summary Sheet (USTLA-5.3) which identifies all such parcels of real property.

☐    1.1.4.    Debtor leases **five (5) or more** parcels of real property.  Attached is a Leased Properties Summary Sheet (USTLA-5.4)

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

## 2. BANK ACCOUNT INFORMATION

2.1.   Debtor has closed all pre-petition bank accounts indicated below.  For each account that is closed, Debtor has attached a copy of a bank statement evidencing that the account has been closed.  For each account that has not been closed, debtor has provided a detailed explanation as to why each account has not been closed.

2.1.1.   Account Name:   779 Stradella, LLC
Depository:   USBank
Last 4 digits of Account Number:   2011
Date of Closure:   January 4, 2017
Closing Balance:   $0.00
Explanation if account has not been closed:

2.1.2.   Account Name:   779 Stradella, LLC
Depository:   TD Bank
Last 4 digits of Account Number:   1387
Date of Closure:   in process
Closing Balance:   $0.00
Explanation if account has not been closed:

2.1.3.   Account Name:
Depository:
Last 4 digits of Account Number:
Date of Closure:
Closing Balance:
Explanation if account has not been closed:

☐   Additional sheets are attached hereto, marked Attachment 2.1, and incorporated herein by reference.

2.2.   ⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧⌧ debtor in possession bank accounts:

2.2.1.   Account Name:   779 Stradella, LLC Debtor in Possession
Depository:   Wells Fargo Bank
Last 4 digits of Account Number:   5661
Opening Date:   02/02/2017
Initial Deposit:   $25.00
The beginning balance of this account differs from the ending balance of the pre-petition account because:

| In Re: 779 STRADELLA, LLC | Case No.: 8:16-bk-15156-CB |
|---|---|
| Debtor. | |

2.2.2.   Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____
_____

2.2.3.   Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____
_____

☐   Additional sheets are attached hereto, marked Attachment 2.2, and incorporated herein by reference.

3.   **INSURANCE COVERAGE**

3.1.   Debtor will maintain appropriate insurance coverage for all estate property, including vacant land, throughout the pendency of this proceeding.

3.2.   Debtor has named the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017, as an ***additional interest party*** on each and every insurance policy listed herein and any other policies, throughout the pendency of this proceeding.

3.3.   If, for any reason, an insurance policy shall lapse, not be renewed, or fails to be in full force and effect, debtor will ***immediately*** provide updated proof of insurance to the United States Trustee.

3.4.   The following policies are in effect as of the date of this declaration.

| | Name of Insurance Carrier | Type of Insurance | Policy Number |
|---|---|---|---|
| 3.4.1. | Moody & Associates, Inc. | Commercial General Liability | 3AA109845 |
| 3.4.2. | | | |
| 3.4.3. | | | |
| 3.4.4. | | | |

3.5.   ***COPIES OF THE DECLARATION PAGE(S) for each policy listed herein are attached hereto as Attachment 3.5. Each declaration page(s) reflects (1) the name of insured, the additional interest party(ies), type and extent of coverage; policy expiration date; and the account or policy number (or other identifying information).***

| In Re: 779 STRADELLA, LLC | Case No.: 8:16-bk-15156-CB |
|---|---|
| Debtor. | |

## 4. PROOF OF REQUIRED CERTIFICATES AND LICENSES

4.1.   Debtor will maintain all appropriate certificates and licenses required by federal, state and local law for the lawful operation of debtor's business.

4.2.   The following certificates and licenses are in effect as of the date of this declaration:

| | Type of Certificate or License | Issuing Authority |
|---|---|---|
| 4.2.1. | N/A | |
| 4.2.2. | | |
| 4.2.3. | | |
| 4.2.4. | | |

4.3.   ***Attached hereto as Attachment 4 is a copy, or other proof, of each license or certificate listed above.***

## 5. LIST OF INSIDERS

The following constitutes a complete list of all insiders of the debtors, as that term is defined by 11 U.S.C. Section 101(31):

| | Name of Person | Relationship to Debtor |
|---|---|---|
| 5.1.1. | Baylor Holding, LLC | |
| 5.1.2. | | |
| 5.1.3. | | |

☐   Additional sheets are attached hereto, marked Attachment 5, and incorporated herein by reference.

## 6. FINANCIAL STATEMENTS

Debtor has the following financial statements that were issued in the two year period prior to the filing of this bankruptcy:

| | Audited | Unaudited |
|---|---|---|
| 6.1.1. | | |
| 6.1.2. | | |
| 6.1.3. | | |
| 6.1.4. | | |
| 6.1.5. | | |
| 6.1.6. | | |
| 6.1.7. | | |

☑   Debtor **HAS NOT** issued any financial statements in the two year period prior to the filing of this bankruptcy.

## 7. HEALTH CARE BUSINESS

☑   Debtor **IS NOT** a health care business as defined by 11 U.S.C. Section 101(27A).

☐   Debtor **IS** a health care business as defined by 11 U.S.C. Section 101(27A).

| In Re: 779 STRADELLA, LLC | Case No.: 8:16-bk-15156-CB |
|---|---|
| Debtor. | |

## 8. TRUST AGREEMENTS

☑ Debtor **IS NOT** a party to a trust agreement or a beneficiary under a trust agreement that holds property.

☐ Debtor **IS** a party to a trust agreement, or is a beneficiary under a trust agreement that holds property. Copies of all such trust agreements are attached hereto as Attachment 8.

## 9. RECORDATION OF CHAPTER 11 PETITION

☐ Debtor **DOES NOT** hold an interest in real property.

☑ Debtor **HAS** recorded a copy of the Chapter 11 petition in all counties in which it holds an interest in real property. Copies (or conformed copies) of each recorded petition are attached hereto as Attachment 9.

☐ Debtor has not been able to fulfill this requirement because:

_____

_____

## 10. FEDERAL AND STATE TAX RETURNS

Debtor has filed the following tax returns (list last two years for which returns have been filed). *Copies will be provided at the Initial Debtor Interview.*

| Tax Year | Form Number and Name of Return *(i.e., 1040, Individual Income Tax Return)* | Taxing Agency's Name *(i.e., IRS)* |
|---|---|---|
| | NO TAX RETURNS HAVE BEEN FILED | |
| | | |
| | | |
| | | |

☐ Current tax returns have not been filed because:

_____

_____

_____

## 11. EMPLOYEE BENEFIT PLANS

Attached hereto and marked Attachment 11 is a fully executed Employee Benefit Plan Questionnaire.

☐ **BUSINESS ENTITIES:** I, am the authorized agent of the debtor named in this case, declare under penalty of perjury that I have read the foregoing Declaration, and the information provided is true and correct to the best of my knowledge, information, and belief. I further declare that I have been authorized to file this declaration on behalf of the debtor.

DATED: ___2/8/17___        _____
                            Signature of Authorized Individual

                            **Jeffrey Yohai**
                            Printed Name of Authorized Individual

Exhibit 4

Page 26

In Re: 779 STRADELLA, LLC

Debtor.

Case No.: 8:16-bk-15156-CB

Manager of Baylor Holdings, LLC, managing member of 779 Stradella, LLC

Title of Authorized Individual

☐ **INDIVIDUAL DEBTORS**: I declare under penalty of perjury that the information provided in the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

DATED: _____

_____
Signature of Individual Debtor

_____
Printed Name of Individual Debtor

DATED: _____

_____
Signature of Joint Debtor

_____
Printed Name of Joint Debtor

| Attorney or Party Name, Address, Telephone and FAX | |
|---|---|
| Marc C. Forsythe - State Bar No. 153854<br>GOE & FORSYTHE, LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>mforsythe@goeforlaw.com<br><br>Telephone: (949) 798-2460<br>Facsimile: (949) 955-9437 | |
| ☐  Pro Se Debtor | |

| **OFFICE OF THE UNITED STATES TRUSTEE**<br>**LOS ANGELES DIVISION** | **SUBMIT TO UNITED STATES TRUSTEE**<br>**– DO NOT FILE WITH COURT** |
|---|---|
| In Re:<br><br><br>779 STRADELLA, LLC, a Delaware limited liability company<br><br><br><br>Debtor-In-Possession. | Case Number:<br>8:16-bk-15156-CB |
| | **REAL PROPERTY QUESTIONNAIRE**<br>AMENDED<br>CHECK ONE BOX:<br><br>✓ Owned ☐   Being Purchased ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5). Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under with the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District. Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee. Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved. A separate Questionnaire is to be filed for each parcel of real property. If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| **SECTION ONE:  PROPERTY OWNED OR BEING PURCHASED BY DEBTOR** |
|---|
| A.      Address of property including county and state in which it is located:<br><br>779 Stradella Road, Los Angeles, California 90077-3307 |
| B.      Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br>THOSE PORTIONS OF LOT 4 IN BLOCK 2 OF TRACT NO. 9745, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 141, PAGES 93 THROUGH 96, AND LOT 22 OF TRACT NO. 11067, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 198, PAGES 19 AND 20 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY - APN 4369-022-017 |
| C.      Percentage interest in the property owned by the Debtor: 100% |
| D.      Date of Debtor's Acquisition of the Property: 3/8/2016<br><br>    Purchase Price: $ 8,500,000.00 |

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

E.      Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

SINGLE FAMILY RESIDENCE

F.      Description of property (i.e.  square footage, number of units, number of offices, amenities, condition):

5-BEDROOMS, 5-BATHS, 3,746 SQUARE FEET

G.      Development status of property:
(1) Permits (type, date issued, expiration date):

(2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):

(3) Rehabilitation (specify nature, cost and status of rehabilitation effort):

H.      Present Fair Market Value: $ 8,673,143.00

I.      State source and basis of the above fair market value: (attach a copy of latest appraisal)

ZILLOW

J.      Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? ☑YES ☐NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)

K.      State the name of the titleholder of records as of the date of the filing of the Petition:
779 STRADELLA LLC, A, DELAWARE LIMITED LIABILITY COMPANY

L.      State the name of the Grantor of the property to the titleholder set forth in "K" above:
ANDREW P. ORDON; ROBYN ORDON; ROBERT H. MEYERHOFF

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

| M. | Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ☑ YES ☐ NO (If "NO," explain why the titleholder and the Debtor are different persons/entities) |
|---|---|

| N. | State the date of the last transfer of any interest in the property and the name of the transferor and transferee: MARCH 8, 2016 from ANDREW P. ORDON; ROBYN ORDON; ROBERT H. MEYERHOFF to Debtor |
|---|---|

| O. | Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition? ☐ YES ☑ NO (If "YES," state the reason for the transfer) |
|---|---|

| P. | If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition? ☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner). <br> N/A |
|---|---|

| Q. | Is the property currently occupied? ☐ YES ☑ NO |
|---|---|

| R. | Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ☐ YES ☑ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any) |
|---|---|

| S. | Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☐ YES ☑ NO (If 'YES', state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy) |
|---|---|

| T. | Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located? ☑ YES ☐ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number) <br> Recorded December 28, 2016 as Instrument No. 20161650935 in Los Angeles County |
|---|---|

| In Re: 779 STRADELLA, LLC | Case No.: 8:16-bk-15156-CB |
|---|---|
| Debtor. | |

## SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY

A.     List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|
| 1st: Genesis Capital | $6,720,109.77 | | |
| 2nd: Paul Manafort | $2,702,690.00 | | |
| 3rd: | | | |
| 4th: | | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | 1/1/2017 | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |

B.     List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

C.     Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ☑ YES ☐ NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)

NOD recorded 8/16/16 as 20160971079 in Los Angeles County
NOS recorded 11/28/16 as 201614900086 in Los Angeles, County - current sale date is 2/6/17

D.     Property Taxes:

    (1) Assessed value of property per latest real property Tax Bill $ 3,766,691.00

    (2) Annual taxes and installment due dates: 12/12/16 & 4/10/17

    (3) Indicate the due dates and amounts of any Tax Bills which have not been paid: 12/12/16 & 4/10/17

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

### SECTION THREE: SALE OF PROPERTY

A.  Has a real estate broker been employed? ☐ YES ☑ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

B.  Has an application to employ the broker been filed with the court? ☐ YES ☑ NO

C.  How long as the property been listed or advertised for sale with the current broker? N/A

D.  Has any written offer been received? ☐ YES ☑ NO (If "YES," state the terms of each such written offer)

E.  What is the date the property was first listed for sale with any broker? N/A

F.  What is the current listing price? (attach a copy of the listing agreement) $ N/A

G.  Have other attempts been made to sell the property? ☐ YES ☑ NO (If "YES," for each such attempt, state the date, asking price and result)

H.  Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):
N/A

### SECTION FOUR: PURCHASE OF PROPERTY

A.  Is the Debtor currently purchasing this parcel of real property? ☐ YES ☐ NO (If "YES," state the name, address and telephone number of the seller)
N/A

B.  Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☑ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.  If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction
N/A

Exhibit 4

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

| | |
|---|---|
| D. | What is the purchase price? $ |

| **SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE** |
|---|

| | |
|---|---|
| A. | Address of property including county and state in which it is located: <br><br> N/A |
| B. | Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved): <br><br> N/A |
| C. | Description of property (i.e. square footage, number of units, number of offices, amenities, condition)? <br><br> N/A |
| D. | Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☑ NO (If "YES," explain the relationship) |
| E. | Does a written lease exist? ☐ YES ☑ NO (If "YES," attach a copy of the lease). |
| F. | Lease payment amount: $ N/A            per ☐ Month ☐ Quarter ☐ Year |
| G. | Number of pre-petition delinquent payments: N/A |
| H: | Total dollar amount of pre-petition delinquent lease and related payments: $ N/A |
| I. | Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months'' rent) <br><br> N/A |
| J. | Describe provisions in the lease for increases in the lease payments: <br><br> N/A |
| K. | Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms: <br><br> N/A |
| L. | When did the lease commence? <br> When is the lease termination date? N/A |

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

M.    Does the lease provide any options to extend the term of the lease?  ☐ YES  ☐ NO (If "YES," describe each option)

N/A

N.    List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost:

N/A

## SECTION SIX: INSURANCE

A.    State the following as to each policy of insurance (attach a copy of the underlined declaration page of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
| Commercial General Liability | Moody & Associates | Essex Ins. & National Fire & Marine Ins | 3AA109845 | $2,000,000.00 | 03/15/17 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

B.    If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

## SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

A.    What is the actual gross monthly income being received from rental of the property? $ N/A

B.    What is the current occupancy rate and the square footage presently being leased?

N/A

C.    If the property were fully leased, state the anticipated gross monthly income: $

D.    Itemize the total monthly expenses *excluding* debt service:

| In Re: 779 STRADELLA, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15156-CB |

**E.**    Is there any person or entity managing the property? ☐ YES ☑ NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

**F.**    What are the terms of the management agreement?  (If written, attach a copy of the agreement)

N/A

**G.**    Is the manager of the property related to or affiliated with the Debtor in any way? ☐ YES ☑ NO (If "YES," explain the relationship or affiliation)

N/A

**H.**    Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge?
☐ YES ☑ NO (If "YES," explain fully)

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief.  I have full authority to make the above answers on behalf of the debtor in possession.

Dated:

Jeffrey Yohai , Manager of Baylor Holdings, LLC
managing member of 779 Stradella, LLC

Print Name and Title of Authorized Agent for Debtor in
Possession

Signature of Authorized Agent for Debtor in Possession

**us bank.**

All of **us** serving you®

Commercial Real Estate
633 W Fifth Street, 29th Floor
Los Angeles, CA 90071

January 12, 2017

Re: Account Closures

To Whom It May Concern:

This letter serves to inform you that the following accounts have been closed as of January 4, 2017:

2401 Nottingham LLC ████████7240  0.00 balance
MT Yohai LLC ████████2045 0.00 balance
1550 Blue Jay Way LLC ████████7232 0.00 Balance
779 Stradella LLC ████████2011 0.00 balance

Regards,

Carla Johnson

AVP/DPS Relationship Manager
U.S. Bank Commercial Real Estate

 **Bank**

America's Most Convenient Bank®



T

**STATEMENT OF ACCOUNT**

2917-MTD01041102160795559-000000

779 STRADELLA LLC
779 STRADELLA RD
LOS ANGELES CA 90077-3307

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Oct 01 2016-Oct 31 2016 |
| Cust Ref #: | ████-T-### |
| Primary Account #: | ████1387 |

## TD Business Premier Checking
779 STRADELLA LLC

Account # ████1387

### WE'RE CHANGING OUR BUSINESS CHECKING CASH DEPOSIT FEE
BEGINNING NOVEMBER 1, 2016, WE'RE INCREASING OUR CASH DEPOSIT FEE FOR ALL BUSINESS DEPOSIT
ACCOUNTS FROM $0.15 TO $0.20 PER $100 CASH DEPOSITED IN EXCESS OF YOUR MONTHLY THRESHOLD.
QUESTIONS? CALL 1-888-751-9000 OR VISIT A LOCAL TD BANK.

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 0.00 | Average Collected Balance | -20.80 |
| Electronic Deposits | 50.00 | Annual Percentage Yield Earned | 0.00% |
| Other Credits | 35.00 | Days in Period | 31 |
| | | | |
| Electronic Payments | 50.00 | | |
| Other Withdrawals | 35.00 | | |
| Ending Balance | 0.00 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/19 | eTransfer Credit, Online Xfer | 50.00 |
| | Transfer from CK ████ | |
| | Subtotal: | 50.00 |

**Other Credits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/19 | HANDLING CHG REVERSAL | 35.00 |
| | Subtotal: | 35.00 |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/11 | eTransfer Debit, Online Xfer | 50.00 |
| | Transfer to CK ████ | |
| | Subtotal: | 50.00 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/12 | OVERDRAFT PD | 35.00 |
| | Subtotal: | 35.00 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 9/30 | 0.00 | 10/12 | -85.00 |
| 10/11 | -50.00 | 10/19 | 0.00 |

Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com

Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender 

Exhibit 4

lls Fargo Store Vision Platform

## Customer Record

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELL... | MT YOHAI LLC | 2401 NOTTING... | | ADD (/SVP/MOD/... |

≡

### Checking/Savings Account Detail

CUSTOMER RECORD (/SVP/MOD/CUSTOMERRECORD/358111362200265)

## Wells Fargo Simple Business Checking
CALIFORNIA 114

*Balance*    View History (/svp/mod/account/DDA/114____/5661/history)

| | | | | Ledger Balance: | $0.00 |
| ____5661 | OPENED 02/02/2017 | First Year | NEW | Available Balance: | $25.00 |

(Overdraw account/DDA/114/16751956679/63869862290 Balance Last 12  $0.00

| | Stop Pay - No | | | Months: | |
| None | Holds - No | | Insufficient Funds/Overdraft | No |
| DCOS - Yes | Click for detail | Pledges - No | Paper | Today: | |
| | | | | Balance Sweep: | None |
| | | | | Last ACH Direct Deposit: | None |

*Account Relationships*

Tax Responsible Customer: 779 STRADELLA LLC
(/svp/mod/customerRecord/358111362200265)

*Linked Debit/ATM Cards*

None

*Additional Relationships*

779 STRADELLA LLC                          Sole Owner
(/svp/mod/customerRecord/358111362200265)
JEFFREY YOHAI                              Signer
(/svp/mod/customerRecord/267890991822318)

*Other Related Accounts*

Brokerage Settlement Relationships
None

*Account Title*

Statement/Mailing Name: 779 STRADELLA LLC
                        DEBTOR IN POSSESSION
                        CH 11 CASE 16-15156 (CCA)

*Other*

| PMA Relationship | No |
| Relationship Pricing | No |

*Basic Information*

Account TIN: EIN | xx-xxx3527   View
Certification: Not Certified, Withholding
Check Routing Transit
Number: 122000247
Line of Business: RETAIL BUSINESS
Money Services Business: No

*Location Information*

AU: 65825
Officer/Portfolio: CF281  BALL, EVAN S  310-454-0159
Location: 4738 PACIFIC PALISADES
          PACIFIC PALISADES OFFICE
          15240 W SUNSET BLVD
          PACIFIC PALISADES, CA 90272

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELLA... | MT YOHAI LLC | 2401 NOTTINGH... | | ADD (/SVP/MOD/... |

Server: rpvra00a0204/prod_svp_266.2.1_a

# Business Account Application


**WELLS FARGO**

| | |
|---|---|
| Bank Name:<br>WELLS FARGO BANK, N.A. | Store Name:<br>PACIFIC PALISADES |

| | | |
|---|---|---|
| Banker Name:<br>EVAN BALL | Officer/Portfolio Number:<br>CF281 | Date:<br>02/02/2017 |

| | | | |
|---|---|---|---|
| Banker Phone:<br>310/454-0159 | Store Number:<br>04738 | Banker AU:<br>0065825 | Banker MAC:<br>E3102-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

[X] New Deposit Account(s) Only          [ ] New Deposit Account(s) and Business Credit Card

| | |
|---|---|
| Account 1 Product Name:<br>Wells Fargo Simple Business Checking | Purpose of Account 1:<br>General Operating Account |

| | | | | |
|---|---|---|---|---|
| COID:<br>114 | Product:<br>DDA | Account Number:<br>■■■■5661 | Opening Deposit:<br>$25.00 | Type of Funds:<br>CACK |

| | |
|---|---|
| New Account Kit:<br>yohai481@gmail.com | Checking/Savings Bonus Offer Available:<br>NO |

## Related Customer Information

Customer 1 Name:
779 STRADELLA LLC

| | |
|---|---|
| Enterprise Customer Number (ECN):<br>358111362200265 | Account Relationship:<br>Sole Owner |

Customer 2 Name:
JEFFREY YOHAI

| | |
|---|---|
| Enterprise Customer Number (ECN):<br>267890991822318 | Account Relationship:<br>Signer |

## Checking/Savings Statement Mailing Information

| | |
|---|---|
| Name(s) and Information Listed on Statement:<br>779 STRADELLA LLC | Statement Mailing Address:<br>779 STRADELLA RD |
| | Address Line 2: |
| | City:<br>LOS ANGELES | State:<br>CA |
| | ZIP/Postal Code:<br>90077-3307 | Country:<br>US |



2W02-000878867440-01

Business Account Application

## Customer 1 Information

Customer Name:

779 STRADELLA LLC

| Enterprise Customer Number (ECN): | Street Address: |
|---|---|
| 358111362200265 | 779 STRADELLA RD |

| Account Relationship: | Address Line 2: |
|---|---|
| Sole Owner | |

| Taxpayer Identification Number (TIN): | TIN Type: | Address Line 3: |
|---|---|---|
| 81-1493527 | EIN | |

| Business Type: | City: | State: |
|---|---|---|
| Limited Liability Company | LOS ANGELES | CA |

| Business Sub-Type/Tax Classification: | Non-Profit: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| | No | 90077-3307 | US |

| Date Originally Established: | Current Ownership Since: | Number of Employees: | Business Phone: | Fax: |
|---|---|---|---|---|
| 05/10/2016 | | 1 | 917/946-3469 | |

| Annual Gross Sales: | Year Sales Reported: | Fiscal Year End: | Cellular Phone: | Pager: |
|---|---|---|---|---|
| $150,000.00 | 01/01/2015 | | | |

| Primary Financial Institution: | Number of Locations: | e-Mail Address: |
|---|---|---|
| | 1 | |

| Primary State 1: | Primary State 2: | Primary State 3: | Website: |
|---|---|---|---|
| | | | |

| Primary Country 1: | Primary Country 2: | Primary Country 3: | Sales Market: |
|---|---|---|---|
| | | | LOCAL |

Industry:

Real Estate, Rental and Leasing

Description of Business:

Real Estate

Major Suppliers/Customers:


## Bank Use Only

| Name/Entity Verification: | Address Verification: |
|---|---|
| Articles of Organization | FP/FD |

BACC Reference Number:

6170330000647

| Document Filing Number/Description: | Filing Country: | Filing State: | Filing Date: | Expiration Date: |
|---|---|---|---|---|
| 201613210136 | US | DE | 05/10/2016 | |

| Country of Registration: | State of Registration: | International Transactions: | Check Reporting: |
|---|---|---|---|
| US | CA | | NEG RECORD-APPROVED |

| Customer 1 Name: | Internet Gambling Business?: |
|---|---|
| 779 STRADELLA LLC | No |



2W02-000878867440-02

Exhibit 4

Business Account Application

## Owner/Key Individual 1 Information

| Customer Name: | Residence Address: |
|---|---|
| JEFFREY YOHAI | 30254 MORNING VIEW DR |

| Business Relationship: | Address Line 2: |
|---|---|
| Owner with Control of the Entity | |

| Position/Title: | Date of Birth: | Percent of Ownership: | Address Line 3: |
|---|---|---|---|
| | 12/04/1981 | 100.0 | |

| Enterprise Customer Number (ECN): | City: | | State: |
|---|---|---|---|
| 267890991822318 | MALIBU | | CA |

| Taxpayer Identification Number (TIN): | TIN Type: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| ███████████ | SSN | 90265-3617 | US |

| Primary ID Type: | Primary ID Description: | Country of Citizenship: | Permanently Resides in US: |
|---|---|---|---|
| DLIC | 481 142 800 | US | |

| Primary ID St/Ctry/Prov: | Primary ID Issue Date: | Primary ID Expiration Date: | Check Reporting: |
|---|---|---|---|
| NY | 09/22/2010 | 12/04/2018 | RECORD |

| Secondary ID Type: | Secondary ID Description: |
|---|---|
| OTHR CC | CHASE |

| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date: |
|---|---|---|
| | | 03/01/2019 |



2W02-000878867440-03

BBG2307 (5-16 SVP)

Exhibit 4

Business Account Application

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

**A. The Customer's use of any Wells Fargo Bank, N.A. ("Bank") deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application or whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

   (1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

   (2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

   (3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

   (4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

   (1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

   (2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

   (3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name | Position/Title:
JEFFREY YOHAI |

Owner/Key Individual 1 Signature

JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017

## Authorized Signers - Signature Capture

Authorized Signer 1 Name | Position/Title:
JEFFREY YOHAI |

Authorized Signer 1 Signature

JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017



BBG2307 (5-16 SVP)

2W02-000878867440-04

Exhibit 4

Page 4 of 4
Wells Fargo Confidential

Page 42

# ACORD®

## CERTIFICATE OF LIABILITY INSURANCE

OP ID: AK

DATE (MM/DD/YYYY)
**01/16/2017**

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER<br>Moody & Associates, Inc.<br>20251 Century Blvd, Suite 425<br>Germantown, MD 20874-1191<br>Moody & Associates, Inc. | CONTACT NAME: Anita L. Kotrick, CIC, CPCU | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): 301-417-0001 | | FAX (A/C, No): 301-417-0040 |
| | E-MAIL ADDRESS: akotrick@moodyinsurance.com | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Essex Insurance Company | | 39020 |
| INSURED   779 Stradella, LLC<br>c/o NKSFB, LLC<br>3991 MacArthur Blvd, #125<br>Newport Beach, CA 92660 | INSURER B : National Fire & Marine Ins Co | | 20079 |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER:          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | | | 3AA109845 | 03/15/2016 | 03/15/2017 | EACH OCCURRENCE | $ 1,000,000 |
| | ☐ CLAIMS-MADE X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 10,000 |
| | | | | | | | MED EXP (Any one person) | $ 1,000 |
| | X Desig Prem | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ Included |
| | ☐ OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ ALL OWNED AUTOS ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ☐ NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY   Y / N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ PER STATUTE   ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| B | Property | | | 12PRM026496 | 03/15/2016 | 03/15/2017 | Building | 1,166,000 |
| | | | | | | | Deduct | 5,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
**"Who is an Insured" is amended under General Liability to include any executor, administrator, trustee or beneficiary of an estate or living trust while acting in the scope of their duties as such per form CG2023 04/13 added 1/11/17.**

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| USTRUS5 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| United States Trustee for the<br>Central District of California<br>Office of the U.S. Trustee<br>411 West Fourth Street, #7160<br>Santa Ana, CA 92701-4500 | AUTHORIZED REPRESENTATIVE |

© 1988-2014 ACORD CORPORATION. All rights reserved.

ACORD 25 (2014/01)          The ACORD name and logo are registered marks of ACORD

Exhibit 4

COMMERCIAL GENERAL LIABILITY
CG 20 23 04 13

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED – EXECUTORS, ADMINISTRATORS, TRUSTEES OR BENEFICIARIES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any executor, administrator, trustee or beneficiary of your estate or living trust while acting within the scope of their duties as such.

However:

**1.** The insurance afforded to such additional insured only applies to the extent permitted by law; and

**2.** If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

**1.** Required by the contract or agreement; or

**2.** Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

# List of Insiders/Equity Security Holders

# 779 Stradella

**Insiders/Members**                    **Percentage**

**Baylor Holding LLC**                    100%
3991 MacArthur Blvd #125
Newport Beach, CA 92660

Exhibit 4

Page 45

1  Marc C. Forsythe - State Bar No. 153854
   Donald W. Reid – State Bar No. 281743
2  Charity J. Miller – State Bar No. 286481
   **GOE & FORSYTHE, LLP**
3  18101 Von Karman Avenue, Suite 1200
   Irvine, CA 92612
4  mforsythe@goeforlaw.com
   dreid@goeforlaw.com
5  cmiller@goeforlaw.com

6  Telephone:  (949) 798-2460
   Facsimile:  (949) 955-9437
7
   Proposed Attorneys for 779 Stradella, LLC
8  Debtor and Debtor in Possession

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12
   In re:                                    Case No. 8:16-BK-15156-CB
13
   779 STRADELLA, LLC, a Delaware limited    Chapter 11
14 liability company,
                                             **STATEMENT OF MAJOR ISSUES**
15
              Debtor and Debtor in           Hearing Date: February 22, 2017
16            Possession.                     Time:        10:00 a.m.
                                             Courtroom:    5D
17

18

19         **TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY**

20 **JUDGE, AND THE UNITED STATES TRUSTEE:**

21         1.    This case was commenced on December 21, 2016, by the filing of a voluntary Chapter

22 11 petition.

23         2.    One of the requirements of the Office of the United States Trustee ("OUST") in a

24 Chapter 11 case is that Debtor provide a statement of the major issues in the Chapter 11

25 proceeding.

26         3.    The major issue confronting Debtor concerns funding the development of the Debtor's

27 only property, obtaining Court approval of such funding and either (a) entering into an agreement

28 with Genesis Capital (the secured lender who had noticed a foreclosure sale that precipitated the

Exhibit 4
1
                                                                        Page 46

1  filing of this bankruptcy case) and then dismissing this bankruptcy case or (b) propose a plan of

2  reorganization to address Genesis debt.

3         4.    Debtor will likely have a funding commitment no later than February 28, 2017, a

4  motion to approve such funding on file shortly after obtaining the funding commitment, and, if

5  necessary, a disclosure statement and plan of reorganization on file no later than March 31, 2017.

6

7  Dated:  February 8, 2017                          Respectfully Submitted by

8                                                    **GOE & FORSYTHE, LLP**

9

10                                                   By:  /s/Marc C. Forsythe

11                                                        Marc C. Forsythe
                                                         Proposed attorneys for Debtor
12                                                        and Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 4
                    2
                                                                    Page 47

# EXHIBIT 5

# EXHIBIT 5

Attorney or Party Name, Address, Telephone and FAX

Marc C. Forsythe - State Bar No. 153854
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT |
|---|---|
| In Re:<br><br>**MT YOHAI, LLC**<br><br><br>Debtor-In-Possession. | Case Number:<br>8:16-bk-15157-CB |
| | **DECLARATION OF DEBTOR REGARDING<br>COMPLIANCE WITH UNITED STATES<br>TRUSTEE GUIDELINES AND<br>REQUIREMENTS FOR CHAPTER 11<br>DEBTORS IN POSSESSION** |

**Privacy Policy [Privacy Act of 1974, as amended (5 U.S.C 552a) and LBR 1002-1(e)].**

*Declarant acknowledges that they have redacted all personally identifiable information contained in this declaration and its attachments and further acknowledges that is the responsibility of the filing party, not the United States Trustee Program, to ensure compliance with this policy.*

*(1)  All "personal identifiers" must be redacted from documents filed with the USTP, including attachments. "Personal identifiers" are considered to be the following:*

    *(A)  Social Security Numbers. If an individual's Social Security number (SSN), or Individual Tax Payer Identification Numbers (ITIN) must be included in the document, only the last four digits of that number should be used.*

    *(B)  Financial Account Numbers. Only the last four digits of these numbers should be used;*

    *(C)  Dates of Birth. If an individual's date of birth must be included in the document, only the year should be used; and*

    *(D)  Names of Minor Children. If the name of a minor child must be mentioned, only the initials of that child should be used.*

## 1.  **REAL PROPERTY**

1.1.  For each property that debtor owns, leases, has an interest in, or is in the process of purchasing, including debtor's personal residence, declarant has attached the following documentation:

**Check All That Apply:**

☐  1.1.1.  Debtor owns a personal residence.  A Real Property Questionnaire for Principal Residence (USTLA-5.1) is attached hereto.

☑  1.1.2.  Debtor owns, leases, has an interest in, or is in the process of purchasing a total of **four (4) or less** parcels of real property.  For each such property, declarant has attached a Real Property Questionnaire (USTLA-5.2).

☐  1.1.3.  Debtor owns, has an interest in, or is in the process of purchasing a total of **five (5) or more** parcels of real property.  Attached is an Owned Property Summary Sheet (USTLA-5.3) which identifies all such parcels of real property.

☐  1.1.4.  Debtor leases **five (5) or more** parcels of real property.  Attached is a Leased Properties Summary Sheet (USTLA-5.4)

| In Re: MT YOHAI, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15157-CB |

## 2. BANK ACCOUNT INFORMATION

2.1.  Debtor has closed all pre-petition bank accounts indicated below.  For each account that is closed, Debtor has attached a copy of a bank statement evidencing that the account has been closed.  For each account that has not been closed, debtor has provided a detailed explanation as to why each account has not been closed.

2.1.1.  Account Name:  Mt Yohai, LLC
Depository:  USBank
Last 4 digits of Account Number:  2045
Date of Closure:  01/04/2017
Closing Balance:  $0.00
Explanation if account has not been closed:

2.1.2.  Account Name:  Mt Yohai, LLC
Depository:  TD Bank
Last 4 digits of Account Number:  4523
Date of Closure:  in process
Closing Balance:  $0.00
Explanation if account has not been closed:

2.1.3.  Account Name:
Depository:
Last 4 digits of Account Number:
Date of Closure:
Closing Balance:
Explanation if account has not been closed:

☐  Additional sheets are attached hereto, marked Attachment 2.1, and incorporated herein by reference.

2.2.  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX debtor in possession bank accounts:

2.2.1.  Account Name:  Mt Yohai, LLC
Depository:  Wells Fargo Bank
Last 4 digits of Account Number:  5679
Opening Date:  02/02/2017
Initial Deposit:  $25.00
The beginning balance of this account differs from the ending balance of the pre-petition account because:

| In Re: MT YOHAI, LLC | Case No.: 8:16-bk-15157-CB |
|---|---|
| Debtor. | |

2.2.2.    Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____

2.2.3.    Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____

☐    Additional sheets are attached hereto, marked Attachment 2.2, and incorporated herein by reference.

## 3.    INSURANCE COVERAGE

3.1.    Debtor will maintain appropriate insurance coverage for all estate property, including vacant land, throughout the pendency of this proceeding.

3.2.    Debtor has named the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017, as an *additional interest party* on each and every insurance policy listed herein and any other policies, throughout the pendency of this proceeding.

3.3.    If, for any reason, an insurance policy shall lapse, not be renewed, or fails to be in full force and effect, debtor will *immediately* provide updated proof of insurance to the United States Trustee.

3.4.    The following policies are in effect as of the date of this declaration.

|  | Name of Insurance Carrier | Type of Insurance | Policy Number |
|---|---|---|---|
| 3.4.1. | Insurmark | Liability | 1322853 |
| 3.4.2. | | | |
| 3.4.3. | | | |
| 3.4.4. | | | |

3.5.    *COPIES OF THE DECLARATION PAGE(S) for each policy listed herein are attached hereto as Attachment 3.5.  Each declaration page(s) reflects (1) the name of insured, the additional interest party(ies), type and extent of coverage; policy expiration date; and the account or policy number (or other identifying information).*

| In Re: MT YOHAI, LLC | Case No.: 8:16-bk-15157-CB |
|---|---|
| Debtor. | |

## 4. PROOF OF REQUIRED CERTIFICATES AND LICENSES

4.1.    Debtor will maintain all appropriate certificates and licenses required by federal, state and local law for the lawful operation of debtor's business.

4.2.    The following certificates and licenses are in effect as of the date of this declaration:

| | Type of Certificate or License | Issuing Authority |
|---|---|---|
| 4.2.1. | N/A | |
| 4.2.2. | | |
| 4.2.3. | | |
| 4.2.4. | | |

4.3.    ***Attached hereto as Attachment 4 is a copy, or other proof, of each license or certificate listed above.***

## 5. LIST OF INSIDERS

The following constitutes a complete list of all insiders of the debtors, as that term is defined by 11 U.S.C. Section 101(31):

| | Name of Person | Relationship to Debtor |
|---|---|---|
| 5.1.1. | JEFFREY YOHAI/BAYLOR HOLDINGS LLC | 70% MEMBER |
| 5.1.2. | THOMAS FANNING | 10% MEMBER |
| 5.1.3. | ROBERT L GERNER III | 20% MEMBER |

☐    Additional sheets are attached hereto, marked Attachment 5, and incorporated herein by reference.

## 6. FINANCIAL STATEMENTS

Debtor has the following financial statements that were issued in the two year period prior to the filing of this bankruptcy:

| | Audited | Unaudited |
|---|---|---|
| 6.1.1. | | |
| 6.1.2. | | |
| 6.1.3. | | |
| 6.1.4. | | |
| 6.1.5. | | |
| 6.1.6. | | |
| 6.1.7. | | |

☑    Debtor **HAS NOT** issued any financial statements in the two year period prior to the filing of this bankruptcy.

## 7. HEALTH CARE BUSINESS

☑    Debtor **IS NOT** a health care business as defined by 11 U.S.C. Section 101(27A).

☐    Debtor **IS** a health care business as defined by 11 U.S.C. Section 101(27A).

Exhibit 5                    Page 51

| In Re: MT YOHAI, LLC | Case No.: 8:16-bk-15157-CB |
|---|---|
| Debtor. | |

## 8. TRUST AGREEMENTS

☑ Debtor **IS NOT** a party to a trust agreement or a beneficiary under a trust agreement that holds property.

☐ Debtor **IS** a party to a trust agreement, or is a beneficiary under a trust agreement that holds property. Copies of all such trust agreements are attached hereto as Attachment 8.

## 9. RECORDATION OF CHAPTER 11 PETITION

☐ Debtor **DOES NOT** hold an interest in real property.

☑ Debtor **HAS** recorded a copy of the Chapter 11 petition in all counties in which it holds an interest in real property. Copies (or conformed copies) of each recorded petition are attached hereto as Attachment 9.

☐ Debtor has not been able to fulfill this requirement because:

_____

_____

## 10. FEDERAL AND STATE TAX RETURNS

Debtor has filed the following tax returns (list last two years for which returns have been filed). *Copies will be provided at the Initial Debtor Interview.*

| Tax Year | Form Number and Name of Return<br>*(i.e., 1040, Individual Income Tax Return)* | Taxing Agency's Name<br>*(i.e., IRS)* |
|---|---|---|
| NONE | NO TAX RETURNS HAVE BEEN FILED | |
| | | |
| | | |
| | | |

☐ Current tax returns have not been filed because:

_____

_____

## 11. EMPLOYEE BENEFIT PLANS

Attached hereto and marked Attachment 11 is a fully executed Employee Benefit Plan Questionnaire.

☑ **BUSINESS ENTITIES:** I, am the authorized agent of the debtor named in this case, declare under penalty of perjury that I have read the foregoing Declaration, and the information provided is true and correct to the best of my knowledge, information, and belief. I further declare that I have been authorized to file this declaration on behalf of the debtor.

DATED: _____2/8/17_____

_____
Signature of Authorized Individual

**JEFFREY YOHAI**
_____
Printed Name of Authorized Individual

**JEFFREY YOHAI**

In Re: MT YOHAI, LLC

Case No.: 8:16-bk-15157-CB

Debtor.

Manager of Baylor Holding, LLC, managing member of Mt Yohai, LLC

Title of Authorized Individual

---

☐ **INDIVIDUAL DEBTORS**: I declare under penalty of perjury that the information provided in the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

DATED: _____    _____
Signature of Individual Debtor

_____
Printed Name of Individual Debtor

DATED: _____    _____
Signature of Joint Debtor

_____
Printed Name of Joint Debtor

Attorney or Party Name, Address, Telephone and FAX

Marc C. Forsythe - State Bar No. 153854
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437

☐  Pro Se Debtor

| **OFFICE OF THE UNITED STATES TRUSTEE**<br>**LOS ANGELES DIVISION** | **SUBMIT TO UNITED STATES TRUSTEE**<br>**– DO NOT FILE WITH COURT** |
|---|---|
| In Re:<br><br>MT YOHAI, LLC, a Delaware limited liability company<br><br><div align="right">Debtor-In-Possession.</div> | Case Number:<br>8:16-bk-15157-CB |
| | **REAL PROPERTY QUESTIONNAIRE**<br><br>CHECK ONE BOX:<br><br>✓ Owned ☐   Being Purchased ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5).  Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under with the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District.  Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee.  Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved.  A separate Questionnaire is to be filed for each parcel of real property.  If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| **SECTION ONE:  PROPERTY OWNED OR BEING PURCHASED BY DEBTOR** |
|---|
| A.       Address of property including county and state in which it is located:<br><br>2521 NOTTINGHAM AVENUE, LOS ANGELES, CA 90027 |
| B.       Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br>PARCEL A OF PARCEL MAP NO. 1657, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE 14 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. - APN 5588-002-044 |
| C.       Percentage interest in the property owned by the Debtor: **100%** |
| D.       Date of Debtor's Acquisition of the Property: 5/22/2015<br><br>Purchase Price: $  715,000.00 |

| In Re:<br>MT YOHAI, LLC,<br><br><div align="right">Debtor.</div> | Case No.:<br>8:16-bk-15157-CB |
|---|---|

---

E.    Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

SINGLE FAMILY RESIDENCE

---

F.    Description of property (i.e.  square footage, number of units, number of offices, amenities, condition):

2.6 acres

---

G.    Development status of property:
(1) Permits (type, date issued, expiration date):


(2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):


(3) Rehabilitation (specify nature, cost and status of rehabilitation effort):

---

H.    Present Fair Market Value: $

---

I.    State source and basis of the above fair market value: (attach a copy of latest appraisal)

---

J.    Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? [✓] YES [ ] NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)

---

K.    State the name of the titleholder of records as of the date of the filing of the Petition:
MY YOHAI LLC, A, DELAWARE LIMITED LIABILITY COMPANY

---

L.    State the name of the Grantor of the property to the titleholder set forth in "K" above:
J. D. KELLEHER, a single man

---

| In Re: MT YOHAI, LLC, | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15157-CB |

| M. | Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ☑ YES ☐ NO (If "NO," explain why the titleholder and the Debtor are different persons/entities) |
|---|---|

| N. | State the date of the last transfer of any interest in the property and the name of the transferor and transferee: JUNE 9, 2014 |
|---|---|

| O. | Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition? ☐ YES ☑ NO (If "YES," state the reason for the transfer) |
|---|---|

| P. | If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition? ☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner). N/A |
|---|---|

| Q. | Is the property currently occupied? ☐ YES ☑ NO |
|---|---|

| R. | Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ☐ YES ☑ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any) |
|---|---|

| S. | Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☐ YES ☑ NO (If 'YES", state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy) |
|---|---|

| T. | Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located? ☑ YES ☐ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number) Recorded December 28, 2016 as 20161650934 in Los Angeles County |
|---|---|

| In Re: MT YOHAI, LLC, | Case No.: 8:16-bk-15157-CB |
|---|---|
| Debtor. | |

## SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY

A.  List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| | Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|---|
| 1st: | Genesis Capital | $809,108.80 | | |
| 2nd: | Kathleen Manafort | $748,000.00 | | |
| 3rd: | Paul Manafort | $17,686.00 | | |
| 4th: | Jessica Manafort | $14,835.00 | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |

B.  List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

C.  Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ✓ YES ☐ NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)

NOD recorded 8/19/16 as 20160986439 in Los Angeles
NOD recorded 11/28/16 as 20161507092 in Los Angeles - current sale date is February 6, 2017

D.  Property Taxes:

(1) Assessed value of property per latest real property Tax Bill $ 781,742.00

(2) Annual taxes and installment due dates: 12/12/16 & 4/10/17

(3) Indicate the due dates and amounts of any Tax Bills which have not been paid: 12/12/16 & 4/10/17

| In Re: MT YOHAI, LLC, | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15157-CB |

## SECTION THREE: SALE OF PROPERTY

A.   Has a real estate broker been employed? ☐ YES ☑ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

B.   Has an application to employ the broker been filed with the court? ☐ YES ☑ NO

C.   How long as the property been listed or advertised for sale with the current broker? N/A

D.   Has any written offer been received? ☐ YES ☑ NO (If "YES," state the terms of each such written offer)

E.   What is the date the property was first listed for sale with any broker? N/A

F.   What is the current listing price? (attach a copy of the listing agreement) $ N/A

G.   Have other attempts been made to sell the property? ☐ YES ☑ NO (If "YES," for each such attempt, state the date, asking price and result)

H.   Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):

N/A

## SECTION FOUR: PURCHASE OF PROPERTY

A.   Is the Debtor currently purchasing this parcel of real property? ☐ YES ☐ NO (If "YES," state the name, address and telephone number of the seller)

N/A

B.   Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☑ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.   If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction

N/A

| In Re: MT YOHAI, LLC, | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15157-CB |

| D. | What is the purchase price? $ |
|---|---|

| **SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE** |
|---|

| A. | Address of property including county and state in which it is located:<br>N/A |
|---|---|

| B. | Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved):<br>N/A |
|---|---|

| C. | Description of property (i.e. square footage, number of units, number of offices, amenities, condition)?<br>N/A |
|---|---|

| D. | Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☑ NO (If "YES," explain the relationship) |
|---|---|

| E. | Does a written lease exist? ☐ YES ☑ NO (If "YES," attach a copy of the lease). |
|---|---|

| F. | Lease payment amount: $ N/A    per ☐ Month ☐ Quarter ☐ Year |
|---|---|

| G. | Number of pre-petition delinquent payments: N/A |
|---|---|

| H: | Total dollar amount of pre-petition delinquent lease and related payments: $ N/A |
|---|---|

| I. | Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months'' rent)<br>N/A |
|---|---|

| J. | Describe provisions in the lease for increases in the lease payments:<br>N/A |
|---|---|

| K. | Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms:<br>N/A |
|---|---|

| L. | When did the lease commence?<br>When is the lease termination date? N/A |
|---|---|

Exhibit 5    Page 59

Effective September 1, 2011    USTLA-5

| In Re: MT YOHAI, LLC, | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15157-CB |

M.    Does the lease provide any options to extend the term of the lease? ☐ YES ☐ NO (If "YES," describe each option)

N/A

N.    List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost:

N/A

### SECTION SIX: INSURANCE

A.    State the following as to each policy of insurance (attach a copy of the underlined declaration page of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

B.    If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

### SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

A.    What is the actual gross monthly income being received from rental of the property? $ N/A

B.    What is the current occupancy rate and the square footage presently being leased?

N/A

C.    If the property were fully leased, state the anticipated gross monthly income: $ N/A

D.    Itemize the total monthly expenses *excluding* debt service:

N/A

| In Re: MT YOHAI, LLC, | Case No.: |
|---|---|
| Debtor. | **8:16-bk-15157-CB** |

E.    Is there any person or entity managing the property? ☐ YES ☒ NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

F.    What are the terms of the management agreement? (If written, attach a copy of the agreement)

N/A

G.    Is the manager of the property related to or affiliated with the Debtor in any way? ☐ YES ☒ NO (If "YES," explain the relationship or affiliation)

H.    Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge? ☐ YES ☒ NO (If "YES," explain fully)

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief. I have full authority to make the above answers on behalf of the debtor in possession.

Dated: 1/9/17

JEFFREY YOHAI

Print Name and Title of Authorized Agent for Debtor in Possession

Signature of Authorized Agent for Debtor in Possession

# TRUST DEEDS/ MORTGAGES

Exhibit 5

D AT THE REQUEST OF
TITLE COMPANY

2

**RECORDING REQUESTED BY:**
Chicago Title Company
Order No.:   121410143


07/21/2014

*20140747412*

**When Recorded Mail Document To:**

    MT YOHAI LLC
    6446 Rodgerton Road
    Los Angeles, CA   90068

APN/Parcel ID(s): 5588-002-044   TRA 000013

(44)                    **GRANT DEED**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

The undersigned grantor(s) declare(s)

☐  This transfer is exempt from the documentary transfer tax.
☑  **The documentary transfer tax is $847.00 and City Tax is $3,465.00** and is computed on:
    ☑  the full value of the interest or property conveyed.
    ☐  the full value less the liens or encumbrances remaining thereon at the time of sale.
The property is located in ☑ **the City of Los Angeles.**

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** J.D. Kelleher, a single man

**hereby GRANT(S) to** MT YOHAI LLC, a Delaware Limited Liability Company

**the following described real property in the** City of Los Angeles, County of Los Angeles, State of California:

     SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

Dated:  June 9, 2014

IN WITNESS WHEREOF, the undersigned have executed this document on the date(s) set forth below.

J.D. Kelleher

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

Grant Deed
SCA0000129.doc / Updated:  02.10.14

Printed:  06.09.14 @ 09:40PM
CA-CT-FLAX-02180.055631-121410143

9

3

# GRANT DEED
### (continued)

APN/Parcel ID(s): 5588-002-044

State of _____California_____

County of _____Los Angeles_____

On ___6-26-14___ before me, __Hagop Aintoblian, a notary public__, personally appeared
J. D. Kelleher
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____California_____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

HAGOP AINTABLIAN
NOTARY PUBLIC · CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2049281
MY COMM. EXPIRES DEC. 15, 2017

(Seal)

Grant Deed
SCA0000129.doc / Updated: 02 10.14

Printed: 06.09.14 @ 09:40PM
CA-CT-FLAX-02180 055631-121410143

Order: 8686261
Doc: CA;LA;DYI;2014.747412

- 3 of 4 -
Exhibit 5

Document Retrieval : FASTSearch ®
Page 64

4

# EXHIBIT "A"
### Legal Description

**For APN/Parcel ID(s): 5588-002-044**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF
LOS ANGELES, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Parcel A of Parcel Map No. 1657, in the City of Los Angeles, County of Los Angeles, State of California, as per Map
recorded in Book 27 Page 14 of Parcle Maps, in the office of the County Recorder of said County.

Grant Deed
SCA0000129.doc / Updated: 02.10.14

Printed: 06.09.14 @ 09:40PM
CA-CT-FLAX-02180.055631-121410143

Order: 8686261
Doc: CA;LA;DYI;2014.747412

- 4 of 4 -
Exhibit 5

*Document Retrieval : FASTSearch ®*
Page 65



**This page is part of your document - DO NOT DISCARD**



## 20150627930



**Pages:
0005**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/29/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 52.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 52.00 |



**L E A D S H E E T**



201505290140004

00010634764



006860769

**SEQ:
19**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**          T24

PROVIDENT TITLE COMPANY

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Genesis Capital Master Fund II, LLC
21650 Oxnard Street, Suite 1700
Woodland Hills, CA 91367
Loan Number: 15-230


05/29/2015

*20150627930*

*10376177*
*5588-002-044* **DEED OF TRUST AND ASSIGNMENT OF RENTS**

**This Deed of Trust,** made **5/22/2015**, between MT Yohai, LLC, a Delaware Limited Liability Company herein called **Trustor,** whose address is c/o Czik Law PLLC, 401 Greenwich Street, 4th Floor, New York, New York 10013 and Genesis Capital Master Fund II, LLC, a Delaware limited liability company, a California Finance Lender (60DBO-35925) herein called **Beneficiary,** whose address is 21650 Oxnard Street, Suite 1700, Woodland Hills, CA 91367 and Provident Title Company, herein called **Trustee,**

  **Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE,** that property in Los Angeles County, California, described as:

Please See Legal Description 'Exhibit A'

APN: 5588-002-044
Street Address: 2521 Nottingham Avenue, Los Angeles, CA 90027

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits. **For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $715,000.00 executed by Trustor in favor of Beneficiary or order.  3.  Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured. 4. All obligations under a Loan Agreement dated 5/22/2015 between MT Yohai, LLC, a Delaware Limited Liability Company and Beneficiary.

A default under any other deed of trust securing the above-referenced promissory note shall constitute a default under this Deed of Trust as well.

## To Protect the Security of This Deed of Trust, Trustor Agrees:

  (1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.
  (2)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.
  (3)  To provide and maintain in force at Trustor expense fire and extended coverage insurance in any amount of not less that the full replacement value of any building which may be exist on the subject property. Trustor shall within the same policy provide fire insurance protection on Trustor's furniture, fixtures and personal property on the subject real property in an amount equal to the full replacement value thereof, and promises that any insurance coverage in this regard will contain a waiver of the insurers' right of subrogation against Beneficiary. All insurance policies shall contain a standard non-contributory mortgage clause naming Beneficiary as first mortgagee and loss payee. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default herein under or invalidate any act done pursuant to such notice.
  (4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.
  (5)  To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.
  Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein.  Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the

Order: 8686261
Doc: CA;LA;DYI;2015.627930
- 2 of 5 -
Exhibit 5
*Document Retrieval :  FASTSearch*
Page 67

rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may; reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement therein; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder.  The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "The person or persons legally entitled thereto".  Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined.  The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law having the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale.  Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to. insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein.  In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(16) Trustor shall, at Trustor's expense, maintain in force policies of liability insurance and, if applicable, flood insurance, with Beneficiary as an additional insured thereunder, insuring Trustor against all claims resulting from the injury to or the death of any person or the damage to or the destruction of any property belonging to any person by reason of Beneficiary's interest hereunder or the use and occupancy of the subject real property by Trustor.  Such insurance shall be in the following amounts: (1) $300,000 combined single limit liability insurance covering property damage and bodily injury; (2) flood insurance is required if the collateral is located in a flood zone equal to the replacement cost of the subject real property or up to $250,000, whichever is less. All insurance policies shall contain a standard non-contributory mortgage clause naming Beneficiary as first mortgagee and loss payee.

(17) If all or any part of the subject property or any interest in it is sold or transferred (or if a beneficial interest in Trustor is sold or transferred and Trustor is not a natural person), or  a lien or encumbrance is created upon such property, voluntarily or involuntarily, or if Trustor shall file or have filed against it and/or the property any proceeding for relief of debtors under the United States Bankruptcy Code, without Beneficiary's prior written consent, Beneficiary may, at its option, require immediate payment in full of all sums secured by this Deed of Trust.  However, this option shall not be exercised by Beneficiary if exercise is prohibited by federal law as of the date of this Deed of Trust.  If Beneficiary exercises this option, Beneficiary shall give Trustor notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which borrower must pay all sums secured by this Deed of Trust.  If Trustor fails to pay these sums prior to the expiration of this period, Beneficiary may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

(18)  Any default under this Deed of Trust shall constitute a default under all promissory notes and deeds of trust Trustor has executed in favor of Beneficiary.

(19)  California law shall exclusively govern the enforcement and interpretation of this Deed of Trust.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Dated: _____5/26/15_____

Trustor: MT Yohai, LLC, a Delaware Limited Liability Company

X          By: _____

Jeff Yohai, Managing Member

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of ~~California~~ New York       )
County of New York       )

On May 26 2015 before me, _____Jason Barth_____ (here insert name and title of officer),  personally appeared _____Jeffry Yohai:_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

*Jason Barth, Esq.*
*Notary Public, State of New York*
*Registration No.: 02BA6319320*
*Commission Expires: 2/17/2019*

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

ORDER NO. 10376177-PS

## EXHIBIT "A"

PARCEL A OF PARCEL MAP NO. 1657, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE 14 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALTA COMMITMENT                  PAGE 2



**This page is part of your document - DO NOT DISCARD**

## 20160376381





**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/06/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201604060180041

**00011919931**



007475321

**SEQ:**
**19**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

T24

PROVIDENT TITLE COMPANY

RECORDING REQUESTED BY

Order #:    10376177-PS

APN    :    5588-002-044

WHEN RECORDED MAIL TO

Genesis Capital
21650 Oxnard Street, Suite 1700
Woodland Hills, CA 91367

04/06/2016

*20160376381*

A16    **NOTE – This Assignment should be kept with the Note, Deed Of Trust & Assignment Of Rents hereby assigned.**

# ASSIGNMENT OF DEED OF TRUST & ASSIGNMENT OF RENTS

FOR VALUABLE CONSIDERATION, the undersigned hereby grants, assign, and transfers to

**Genesis Capital Master Fund III A, LLC, a Delaware Limited Liability Company (Assignee)**

all beneficial interest under that certain Deed of Trust dated 5/22/2015
by MT Yohai, LLC, a Delaware Limited Liability Company
to Provident Title Company as Trustee,
and recorded on ___05/29/15___, in Book/Reel _____, at Page/Image _____
of Official Records Series Number 2015-627930 _____ of Los Angeles County, California,
together with the Promissory Note secured by said Deed Of Trust and also all rights accrued or to accrue
under said Deed Of Trust. The property covered by said Deed Of Trust is briefly described as follows:

2521 Nottingham Avenue, Los Angeles, CA 90027

See legal description attached hereto and made a part hereof as "Exhibit A"

APN: 5588-002-044

Date: 1/7/2016

Loan No. 15230

Trixy Weiss, President
Genesis Capital Master Fund II, LLC
(Assignor)

**PROVIDENT TITLE COMPANY has recorded this
document as an accomodation only. It has not
been examined for regularity, sufficiency or effect
on the title to the property therein described.**

19

**EXHIBIT 'A'**

**LEGAL DESCRIPTION**

PARCEL A OF PARCEL MAP NO. 1657, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE 14 OF PARCEL
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**PROPERTY ADDRESS:** 2521 NOTTINGHAM AVENUE, LOS ANGELES, CALIFORNIA

**LOAN NO.:** 15-230

Order: 8686261
Doc: CA;LA;DYI;2016.376381

- 3 of 4 -
Exhibit 5

*Document Retrieval :  FASTSearch* ®
Page 73

## ACKNOWLEDGMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_ )

On _January 7, 2016_, before me, _Elana Rain Dunbar_
_(Insert Name of Notary)_
Notary Public, personally appeared _Trixy Weiss_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _[signature]_

(Seal)

ELANA RAIN DUNBAR
Commission # 2012871
Notary Public - California
Los Angeles County
My Comm. Expires Mar 17, 2017

# RECORDED PETITION

Exhibit 5                                                                Page 75



This page is part of your document - DO NOT DISCARD



## 20161650934



**Pages:**
**0015**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/28/16 AT 02:07PM**

| | | |
|---|---|---|
| FEES: | | 57.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 57.00 |



L E A D S H E E T



201612283320059

00013170682



008045898

SEQ:
02

DAR - Courier (Upfront Scan)



THIS FORM IS NOT TO BE DUPLICATED

E535900

Exhibit 5

Page 76



**When Recorded Mail To:**

**Goe & Forsythe**
18101 Von Karmen, Suite 1200
Irvine, CA 92605

12/28/2016

*20161650934*

---

## Title(s)

---

## Voluntary Petition

Exhibit 5                                                      Page 77



## UNITED STATES BANKRUPTCY COURT
### Central District of California

I hereby attest and certify that on _12·27·16_ the attached reproduction(s),

containing _10+ 2_ pages, is a full, true and correct copy of the complete document

entitled: _Voluntary Petition (10 pages) & Notice(s)_
_of Deficiencies (2 pages) RE: Mt Yohai LLC_

Case #: _8:16-BK-15157-CB_   Doc #: _1_

which includes: ☐ Exhibits   ☐ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 940
   Los Angeles, CA 90012

☐ 3420 Twelfth Street, Suite 125
   Riverside, CA 92501-3819

☒ 411 West 4th Street, Suite 2074
   Santa Ana, CA 92701-4593

☐ 1415 State Street
   Santa Barbara, CA 93101-2511

☐ 21041 Burbank Boulevard
   Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
          Deputy Clerk

**THIS _CERTIFICATION_ IS VALID ONLY WITH THE
UNITED STATES BANKRUPTCY COURT SEAL.**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Mt Yohai LLC, a Delaware Limited Liability Company** | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 47-1397541 | |

| | | | |
|---|---|---|---|
| 4. | Debtor's address | Principal place of business | Mailing address, if different from principal place of business |
| | | 3991 MacArthur Blvd.<br>Suite 125<br>Newport Beach, CA 92660<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | Orange<br>County | Location of principal assets, if different from principal place of business<br>2521 Nottingham Ave Los Angeles, CA 90027<br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | Debtor's website (URL) | _____ |

| | | |
|---|---|---|
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Exhibit 5                                    Page 79

Debtor   **Mt Yohai LLC, a Delaware Limited Liability Company**                     Case number (if known)
         Name

**7.  Describe debtor's business**    A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. Check all that apply

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    Check one:

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. Check all that apply.

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| | District _____ | When _____ | Case number _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☑ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | SEE ATTACHED | | Relationship _____ |
| District _____ | | When _____ | Case number, if known _____ |

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                  page 2

Exhibit 5                                                          Page 80

Debtor   __Mt Yohai LLC, a Delaware Limited Liability Company__    Case number (if known) _____
                 Name

---

**11. Why is the case filed in this district?**    Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
                        Number, Street, City, State & ZIP Code

Is the property insured?

☐ No

☐ Yes.   Insurance agency _____
          Contact name _____
          Phone _____

---

█████ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Exhibit 5       Page 81

Debtor    Mt Yohai LLC, a Delaware Limited Liability Company                                Case number (if known) _____
          Name

**Request for Relief, Declaration, and Signatures**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or
imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. Declaration and signature
    of authorized
    representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 21, 2016
               MM / DD / YYYY

X /s/ Jeffrey Yohai                                          Jeffrey Yohai
Signature of authorized representative of debtor            Printed name

Title    Managing Member

18. Signature of attorney    X /s/ Marc C. Forsythe                          Date    December 21, 2016
                             Signature of attorney for debtor                        MM / DD / YYYY

                             Marc C. Forsythe
                             Printed name

                             GOE & FORSYTHE, LLP
                             Firm name

                             18101 Von Karman Avenue
                             Suite 1200
                             Irvine, CA 92612-7127
                             Number, Street, City, State & ZIP Code

                             Contact phone    (949) 798-2460        Email address

                             153854
                             Bar number and State

Official Form 201                    Voluntary Petition for Non-individuals Filing for Bankruptcy                    page 4

Exhibit 5                                                                                           Page 82

## Mt Yohai, LLC – related bankrupty
## Petitions to be filed

**Debtor: 779 Stradella, a Delaware**
**limited liability company**

Relationship: common ownership

District:      Central District of California,      Date to be filed: 12/21/2016
               Santa Ana Division

Case Number: Unknown

**Debtor: 1550 Blue Jay Way, LLC, a**
**Delaware limited liability company**

Relationship: common ownership

District:      Central District of California,      Date to be filed: 12/23/2016
               Santa Ana Division

Case Number: Unknown

**Debtor: 2401 Nottingham, LLC,  a**
**California limited liability company**

Relationship: common ownership

District:      Central District of California,      Date to be filed: 12/30/2016
               Santa Ana Division

Case Number: Unknown

Exhibit 5                                              Page 83

**Fill in this information to identify the case:**

Debtor name   __Mt Yohai LLC, a Delaware Limited Liability Company__

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
   amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   *Amended Schedule*
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __December 21, 2016__         X /s/ Jeffrey Yohai
                                            Signature of individual signing on behalf of debtor

                                            Jeffrey Yohai
                                            Printed name

                                            Managing Member
                                            Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Exhibit 5                                                    Page 84

**Fill in this information to identify the case:**

Debtor name | Mt Yohai LLC, a Delaware Limited Liability Company

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Bowery Design and Development 8581 Santa Monica BLVD #204 West Hollywood, CA 90069 | | | | | | $566,211.76 |
| Crest Real Estate, LLC 11150 W. Olympic Blvd., Suite 700 Los Angeles, CA 90064 | | | | | | $13,216.33 |
| Samara Engineering 9100 S Sepulveda Blvd. Suite 115 Los Angeles, CA 90045 | | | | | | $23,000.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

Exhibit 5                                                Page 85

Mt Yohai LLC, a Delaware Limited Liability Company
3991 MacArthur Blvd.
Suite 125
Newport Beach, CA 92660


Marc C. Forsythe
GOE & FORSYTHE, LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612-7127


Bowery Design and Development
8581 Santa Monica BLVD #204
West Hollywood, CA 90069


California TD Specialists
8190 East Kaiser Blvd
Anaheim, CA 92808


Crest Real  Estate, LLC
11150 W. Olympic Blvd., Suite 700
Los Angeles, CA 90064


Genesis Capital Master Fund II, LLC
Attn Lending Department
21650 Oxnard Street
Suite 1700
Woodland Hills, CA 91367


Jessica Manafort
703 Greenleaf
Topanga, CA 90290


Kathleen Manafort
721 Fifth Avenue #43G
New York, NY 10002

Exhibit 5                                                Page 86

Paul Manafort
721 Fifth Avenue #43G
New York, NY 10002


Samara Engineering
9100 S Sepulveda Blvd.
Suite 115
Los Angeles, CA 90045

Exhibit 5                                                    Page 87

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | CASE NO.: |
|---|---|
| **Marc C. Forsythe, SBN 153854**<br>**GOE & FORSYTHE, LLP**<br>**18101 Von Karman Avenue**<br>**Suite 1200**<br>**Irvine, CA 92612-7127**<br>**(949) 798-2460 Fax: (949) 955-9437**<br><br>*Attorney for:* Debtor | CHAPTER: **11**<br>ADVERSARY NO.:<br>(if applicable) |
| In re:<br><br>    **Mt Yohai LLC, a Delaware Limited Liability Company**<br>                                 Debtor(s). | **ELECTRONIC FILING DECLARATION**<br>**(CORPORATION/PARTNERSHIP)**<br><br>**[LBR 1002-1(f)]** |

☐    Petition, statement of affairs, schedules or lists                          Date Filed: _____
☐    Amendments to the petition, statement of affairs, schedules or lists        Date Filed: _____
☐    Other *(specify):* _____             Date Filed: _____

## PART I - DECLARATION OF SIGNATORY OF DEBTOR OR OTHER PARTY

    I, the undersigned, declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct printed copy of the Filed Document in such places on behalf of the Filing Party and provided the executed printed copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

Date: _____      _____
                                               Signature (handwritten) of authorized signatory of Filing Party

                                               **Jeffrey Yohai**
                                               Printed name of authorized signatory of Filing Party

                                               **Managing Member**
                                               Title of authorized signatory of Filing Party

## PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

    I, the undersigned Attorney for the Filing Party, declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed Part I - *Declaration of Authorized Signatory of Debtor or Other Party of this Declaration* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct printed copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration* and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this Declaration and the Filed Document available for review upon request of the court or other parties.

Date: _____      _____
                                               Signature (handwritten) of attorney for Filing Party

                                               **Marc C. Forsythe, SBN 153854**
                                               Printed Name of attorney for Filing Party

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2015                                           F 1002-1.DEC.ELEC.FILING.NONINDIVIDUAL

## United States Bankruptcy Court
## Central District of California

| | |
|---|---|
| In re:<br>Mt Yohai, LLC, a Delaware Limited Liability Company | CHAPTER NO.:  11 |
| | CASE NO.: 8:16–bk–15157–CB |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☑ Corporate Resolution Authorizing Filing of Petition required for Chapter 7 and 11. [Court Manual, section 2.1]
☑ Corporate Ownership Statement as specified by LBR 1007–4
☑ Statement of Related Cases (LBR Form 1015–2) [Information required by LBR 1015–2]
☑ Disclosure of Compensation of Attorney for Debtor (Official Form 2030). [11 U.S.C. § 329; FRBP 2016(b)]
☑ Verification of Master Mailing List of Creditors [LBR 1007–1(a)] (LBR Form F1007–1)

**B.** If you are a Small Business Debtor in a Chapter 11 case, within 7 days after the date of the filing of the petition, you must file the most recent:

1. Balance sheet
2. Statement of operations
3. Cash–flow statement
4. Federal tax return

OR

5. Statement made under penalty of perjury that no balance sheet, statement of operations, or cash–flow statement has been prepared and no Federal tax return has been filed. [11 U.S.C.§1116]

**The 2015 Revised Official Bankruptcy Forms are effective and mandatory December 1, 2015. Forms are available at www.cacb.uscourts.gov/forms**

For all items above that are not electronically filed, you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002–1(c) and 5005–2, and Court Manual, section 2.5(a)(2).

Chapter 11    Original and 2 Copies. 1 copy marked as "Judge's Copy."

**Please return the original or copy of this form with all required items to the following location:**

411 West Fourth Street, Suite 2030, Santa Ana, CA 92701–4593

If you have any questions, please contact the Court's Call Center at the toll free number (855) 460–9641.

Dated: <u>December 21, 2016</u>

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form ccdn – Rev 12/2015)

1 /

Exhibit 5                                    Page 89

## United States Bankruptcy Court
## Central District of California

| In re:<br>Mt Yohai, LLC, a Delaware Limited Liability Company | CHAPTER NO.:  11 |
|---|---|
| | CASE NO.: 8:16–bk–15157–CB |

# NOTICE OF CASE DEFICIENCY
## UNDER 11 U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

To Debtor and Debtor's Attorney of Record,

Pursuant to F.R.B.P. 1007, you must file the following documents within 14 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.

**Schd A/B(Form106A/B or 206A/B)**
**Schedule D (Form 106D or 206D)**
**Summary(Form 106Sum or 206Sum)**
**Schd E/F(Form106E/F or 206E/F)**
**StmtFinAffairs(Form107 or 207)**
**Schedule G (Form 106G or 206G)**
**Schedule H (Form 106H or 206H)**
**Decl Re Sched (Form 106Dec)**

The 2015 Revised Official Bankruptcy Forms are effective and mandatory December 1, 2015. Forms are available at www.cacb.uscourts.gov/forms

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)   File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005–2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)   File and serve a motion for an order extending the time to file the required document(s).

**IF YOU DO NOT COMPLY**, in a timely manner with either of the above alternatives, your case may be the subject of an order to show cause to dismiss the case. Motion for extension of time to file schedules and other papers shall comply with Local Bankruptcy Rule 1007–1, and shall be supported by admissible evidence demonstrating cause for the requested extension.

Dated: <u>December 21, 2016</u>

For the Court
**Kathleen J. Campbell**
Clerk of Court

DEF – Revised 12/2015

1 /

Exhibit 5                                                  Page 90

**usbank**

All of **us** serving you®

Commercial Real Estate
633 W Fifth Street, 29th Floor
Los Angeles, CA 90071

January 12, 2017

Re: Account Closures

To Whom It May Concern:

This letter serves to inform you that the following accounts have been closed as of January 4, 2017:

2401 Nottingham LLC ▮▮▮▮▮7240  0.00 balance
MT Yohai LLC ▮▮▮▮2045 0.00 balance
1550 Blue Jay Way LLC ▮▮▮▮7232 0.00 Balance
779 Stradella LLC ▮▮▮▮▮2011 0.00 balance

Regards,

Carla Johnson

AVP/DPS Relationship Manager
U.S. Bank Commercial Real Estate



**TD Bank**

America's Most Convenient Bank®

T    **STATEMENT OF ACCOUNT**

1532-MTD0104t110216079560-000000

MT YOHAI LLC
779 STRADELLA RD
LOS ANGELES CA  90077-3307

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Oct 01 2016-Oct 31 2016 |
| Cust Ref #: | ████████T-### |
| Primary Account #: | ████████4523 |

## TD Business Premier Checking
MT YOHAI LLC

Account #████████4523

### WE'RE CHANGING OUR BUSINESS CHECKING CASH DEPOSIT FEE

BEGINNING NOVEMBER 1, 2016, WE'RE INCREASING OUR CASH DEPOSIT FEE FOR ALL BUSINESS DEPOSIT
ACCOUNTS FROM $0.15 TO $0.20 PER $100 CASH DEPOSITED IN EXCESS OF YOUR MONTHLY THRESHOLD.
QUESTIONS? CALL 1-888-751-9000 OR VISIT A LOCAL TD BANK.

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 0.00 | | |
| Electronic Deposits | 50.00 | Average Collected Balance | -20.80 |
| Other Credits | 35.00 | Annual Percentage Yield Earned | 0.00% |
| | | Days in Period | 31 |
| Electronic Payments | 50.00 | | |
| Other Withdrawals | 35.00 | | |
| Ending Balance | 0.00 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/19 | eTransfer Credit, Online Xfer | 50.00 |
| | Transfer from CK ████ | |
| | Subtotal: | 50.00 |

**Other Credits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/19 | HANDLING CHG REVERSAL | 35.00 |
| | Subtotal: | 35.00 |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/11 | eTransfer Debit, Online Xfer | -50.00 |
| | Transfer to CK ████ | |
| | Subtotal: | 50.00 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/12 | OVERDRAFT PD | 35.00 |
| | Subtotal: | 35.00 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 9/30 | 0.00 | 10/12 | -85.00 |
| 10/11 | -50.00 | 10/19 | 0.00 |



**Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com**

Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender  

Exhibit 5                                   Page 92

lls Fargo Store Vision Platform

## Customer Record

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELL... | MT YOHAI LLC | 2401 NOTTING... | ADD (/SVP/MOD/... |

≡

### Checking/Savings Account Detail

CUSTOMER RECORD (/SVP/MOD/CUSTOMERRECORD/63869862223611)

## Wells Fargo Simple Business Checking
CALIFORNIA 114

*Balance*    View History (/svp/mod/account/DDA/114     679/history)

**5679**  |  OPENED 02/02/2017  |  First Year  |  NEW

Ledger Balance: $0.00
Available Balance: $25.00

(Other Services ount/DDA/114/1675195679/63869862223611)

Months:
Negative Average Balance Last 12 $0.00

| | | Stop Pay - No | | Insufficient Funds/Overdraft No |
| None | | Holds - No | | Today: |
| DCOS - Yes | Click for detail | Pledges - No | Paper | Balance Sweep: None |
| | | | | Last ACH Direct Deposit: None |

*Account Relationships*

Tax Responsible Customer:  MT YOHAI LLC
(/svp/mod/customerRecord/63869862223611)

*Linked Debit/ATM Cards*

None

*Additional Relationships*

MT YOHAI LLC
(/svp/mod/customerRecord/63869862223611) Sole Owner
JEFFREY YOHAI
(/svp/mod/customerRecord/267890991822318) Signer

*Other Related Accounts*

Brokerage Settlement Relationships
None

*Account Title*

Statement/Mailing Name: MT YOHAI LLC
DEBTOR IN POSSESSION
CH 11 CASE #16-15157 (CCA)

*Other*

| PMA Relationship | No |
| Relationship Pricing | No |

*Basic Information*

Account TIN:  EIN | xx-xxx7541  View
Certification:  Not Certified, Withholding
Check Routing Transit  122000247
Number:
Line of Business:  RETAIL BUSINESS
Money Services Business:  No

*Location Information*

AU:  65825
Officer/Portfolio:  CF281  BALL, EVAN S  310-454-0159
Location:  4738 PACIFIC PALISADES
PACIFIC PALISADES OFFICE
15240 W SUNSET BLVD
PACIFIC PALISADES, CA 90272

| JEFFREY YOHAI | 1550 BLUEJAY... | 779 STRADELL... | MT YOHAI LLC | 2401 NOTTINGH... | ADD (/SVP/MOD/... |

Exhibit 5

# Business Account Application



| | |
|---|---|
| **Bank Name:** WELLS FARGO BANK, N.A. | **Store Name:** PACIFIC PALISADES |
| **Banker Name:** EVAN BALL | **Officer/Portfolio Number:** CF281 | **Date:** 02/02/2017 |
| **Banker Phone:** 310/454-0159 | **Store Number:** 04738 | **Banker AU:** 0065825 | **Banker MAC:** E3102-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

☒ New Deposit Account(s) Only        ☐ New Deposit Account(s) and Business Credit Card

**Account 1 Product Name:** Wells Fargo Simple Business Checking

**Purpose of Account 1:** General Operating Account

| **COID:** 114 | **Product:** DDA | **Account Number:** ████5679 | **Opening Deposit:** $25.00 | **Type of Funds:** CACK |

**New Account Kit:** yohai481@gmail.com

**Checking/Savings Bonus Offer Available:** NO

## Related Customer Information

**Customer 1 Name:** MT YOHAI LLC

**Enterprise Customer Number (ECN):** 63869862223611

**Account Relationship:** Sole Owner

**Customer 2 Name:** JEFFREY YOHAI

**Enterprise Customer Number (ECN):** 267890991822318

**Account Relationship:** Signer

## Checking/Savings Statement Mailing Information

**Name(s) and Information Listed on Statement:** MT YOHAI LLC

**Statement Mailing Address:** 779 STRADELLA RD

**Address Line 2:**

**City:** LOS ANGELES

**State:** CA

**ZIP/Postal Code:** 90077-3307

**Country:** US



2W02-000878869788-01

Business Account Application

## Customer 1 Information

**Customer Name:**
MT YOHAI LLC

| Enterprise Customer Number (ECN):<br>63869862223611 | Street Address:<br>779 STRADELLA RD |
|---|---|
| Account Relationship:<br>Sole Owner | Address Line 2: |
| Taxpayer Identification Number (TIN): | TIN Type: | Address Line 3: |

**Account Relationship:**
Sole Owner

**Taxpayer Identification Number (TIN):** 47-1397541  **TIN Type:** EIN

**Business Type:** Limited Liability Company

**City:** LOS ANGELES  **State:** CA

**Business Sub-Type/Tax Classification:**  **Non-Profit:** No

**ZIP/Postal Code:** 90077-3307  **Country:** US

**Date Originally Established:** 05/10/2016  **Current Ownership Since:**  **Number of Employees:** 1

**Business Phone:** 917/946-3469  **Fax:**

**Annual Gross Sales:** $100,000.00  **Year Sales Reported:** 05/10/2016  **Fiscal Year End:**

**Cellular Phone:**  **Pager:**

**Primary Financial Institution:**  **Number of Locations:** 1

**e-Mail Address:**

**Primary State 1:**  **Primary State 2:**  **Primary State 3:**  **Website:**

**Primary Country 1:**  **Primary Country 2:**  **Primary Country 3:**  **Sales Market:** LOCAL

**Industry:** Real Estate, Rental and Leasing

**Description of Business:** Real Estate

**Major Suppliers/Customers:**

## Bank Use Only

**Name/Entity Verification:** Articles of Organization  **Address Verification:** NONE

**BACC Reference Number:** 6170330000676

**Document Filing Number/Description:** 201613210040  **Filing Country:** US  **Filing State:** DE  **Filing Date:** 05/10/2016  **Expiration Date:**

**Country of Registration:** US  **State of Registration:** CA  **International Transactions:**  **Check Reporting:** NEG RECORD-APPROVED

**Customer 1 Name:** MT YOHAI LLC  **Internet Gambling Business?:** No



BBG2307 (5-16 SVP)

2W02-000878869788-02

Exhibit 5

Page 2 of 4
Wells Fargo Confidential

Page 95

Business Account Application

## Owner/Key Individual 1 Information

| Customer Name: | Residence Address: | |
|---|---|---|
| JEFFREY YOHAI | 30254 MORNING VIEW DR | |
| **Business Relationship:** | Address Line 2: | |
| Owner with Control of the Entity | | |
| **Position/Title:** Date of Birth: Percent of Ownership: | Address Line 3: | |
| 12/04/1981 100.0 | | |
| **Enterprise Customer Number (ECN):** | City: | State: |
| 267890991822318 | MALIBU | CA |
| **Taxpayer Identification Number (TIN):** TIN Type: | ZIP/Postal Code: | Country: |
| ▮▮▮▮▮ SSN | 90265-3617 | US |
| **Primary ID Type:** Primary ID Description: | Country of Citizenship: Permanently Resides in US: | |
| DLIC 481 142 800 | US | |
| **Primary ID St/Ctry/Prov:** Primary ID Issue Date: Primary ID Expiration Date: | Check Reporting: | |
| NY 09/22/2010 12/04/2018 | RECORD | |
| **Secondary ID Type:** Secondary ID Description: | | |
| OTHR CC CHASE | | |
| **Secondary ID State/Country:** Secondary ID Issue Date: Secondary ID Expiration Date: | | |
| 03/01/2019 | | |



2W02-000878869788-03

Exhibit 5

Page 3 of 4
Wells Fargo Confidential

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

**A. The Customer's use of any Wells Fargo Bank, N.A. ("Bank") deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application or whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

  (1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

  (2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

  (3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

  (4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

  (1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

  (2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

  (3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name
JEFFREY YOHAI

Position/Title:

Owner/Key Individual 1 Signature
JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017

## Authorized Signers - Signature Capture

Authorized Signer 1 Name
JEFFREY YOHAI

Position/Title:

Authorized Signer 1 Signature
JEFFREY YOHAI

☐ Submit manually
☐ Signature not required

Date:
02/02/2017



BBG2307 (5-16 SVP)

2W02-000878869788-04

Exhibit 5

**INSURMARK**

4 West Main Street, Suite 600
Springfield, OH 45502

**RMS Mortgage Asset Trust 2012-1 &**
**Santa Monica, CA 90405**

File No: 1322853
Status: I Inforce

| Loan No: | 2017-02 | Last Chg Dt: | 01/09/2017 | Entry Dt: | 01/09/2017 |
|---|---|---|---|---|---|
| Name: | RMS, LLC | Last Chg By: | INSMRK | Entry By: | 19983 |
| Address: | 2521 Nottingham Avenue | Dept: | 79701 | RMS Mortgage Asset Trust 2012- | |
| | Los Angeles CA 90027 | | | | |

---

**Cov Cd :** **GAESLIA** **Liability Coverage**                                        Status:    I    Inforce

**Coverage :** **Liability Coverage**

|  |  |  |  |  |
|---|---|---|---|---|
| Eff Dt: | 01/09/2017 | | Entry By: | 19983 |
| Bill Cycle: | M  Monthly | | Entry Dt: | 01/09/2017 |
| Billed Through: | | | | |
| | | | Pro Cov Nbr: | 975544 |
| Initial | Class Code: | 16  Residential - VAC - Liability | Primary PCN: | |
| | Rate Base: | | Car Pol No | Effective Date |
| | Insurance Amt: | | | |
| | Submit Prem: | | | |

Exhibit 5                                                                 Page 98

# List of Insiders/Equity Security Holders

# Mt Yohai

| **Insiders/Members** | **Percentage** |
|---|---|
| **Baylor Holding LLC**<br>3991 MacArthur Blvd #125<br>Newport Beach, CA 92660 | 70% |
| **Thomas Fanning**<br>8581 Santa Monica Blvd. #204<br>Los Angeles, CA 90069 | 10% |
| **Robert L. Gerner III**<br>c/o Sotheby's International Realty<br>9255 Sunset Blvd., Mezzanine<br>Los Angeles, CA 90069 | 20% |

Exhibit 5                                                      Page 99

1  Marc C. Forsythe - State Bar No. 153854
   Donald W. Reid – State Bar No. 281743
2  Charity J. Miller – State Bar No. 286481
   **GOE & FORSYTHE, LLP**
3  18101 Von Karman Avenue, Suite 1200
   Irvine, CA 92612
4  mforsythe@goeforlaw.com
   dreid@goeforlaw.com
5  cmiller@goeforlaw.com

6  Telephone:  (949) 798-2460
   Facsimile:   (949) 955-9437
7
   Proposed Attorneys for Mt Yohai, LLC
8  Debtor and Debtor in Possession

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                    **SANTA ANA DIVISION**

13

14  In re:                                    Case No. 8:16-BK-15157-CB

15  MT YOHAI, LLC, a Delaware limited liability   Chapter 11
    company
16                                              **STATEMENT OF MAJOR ISSUES**

17            Debtor and Debtor in
              Possession.                       Hearing Date: February 22, 2017
18                                              Time:          10:00 a.m.
                                                Courtroom:     5D
19

20

21      **TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY**

22  **JUDGE, AND THE UNITED STATES TRUSTEE:**

23      1.    This case was commenced on December 21, 2016, by the filing of a voluntary Chapter

24  11 petition.

25      2.    One of the requirements of the Office of the United States Trustee ("OUST") in a

26  Chapter 11 case is that Debtor provide a statement of the major issues in the Chapter 11

27  proceeding.

28      3.    The major issue confronting Debtor concerns funding the development of the Debtor's

Exhibit 5
1                                                                          Page 100

only property, obtaining Court approval of such funding and either (a) entering into an agreement

with Genesis Capital (the secured lender who had noticed a foreclosure sale that precipitated the

filing of this bankruptcy case) and then dismissing this bankruptcy case or (b) propose a plan of

reorganization to address Genesis debt.

     4.   Debtor will likely have a funding commitment no later than February 28, 2017, a

motion to approve such funding on file shortly after obtaining the funding commitment, and, if

necessary, a disclosure statement and plan of reorganization on file no later than March 31, 2017.

Dated:  February 8, 2017               Respectfully Submitted by

**GOE & FORSYTHE, LLP**

By:  /s/Marc C. Forsythe_____
        Marc C. Forsythe
        Proposed attorneys for Debtor
        and Debtor in Possession

Exhibit 5

2

Page 101

# EXHIBIT 6

# EXHIBIT 6

Attorney or Party Name, Address, Telephone and FAX

Marc C. Forsythe - State Bar No. 153854
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

☐ Pro Se Debtor

| OFFICE OF THE UNITED STATES TRUSTEE LOS ANGELES DIVISION | SUBMIT TO UNITED STATES TRUSTEE – DO NOT FILE WITH COURT |
|---|---|
| In Re:<br><br>**1550 BLUE JAY WAY, LLC**<br><br>Debtor-In-Possession. | Case Number:<br>8:16-bk-15171-CB |
| | **DECLARATION OF DEBTOR REGARDING COMPLIANCE WITH UNITED STATES TRUSTEE GUIDELINES AND REQUIREMENTS FOR CHAPTER 11 DEBTORS IN POSSESSION** |

**Privacy Policy [Privacy Act of 1974, as amended (5 U.S.C 552a) and LBR 1002-1(e)].**

*Declarant acknowledges that they have redacted all personally identifiable information contained in this declaration and its attachments and further acknowledges that is the responsibility of the filing party, not the United States Trustee Program, to ensure compliance with this policy.*

*(1)    All "personal identifiers" must be redacted from documents filed with the USTP, including attachments. "Personal identifiers" are considered to be the following:*

    *(A)    Social Security Numbers. If an individual's Social Security number (SSN), or Individual Tax Payer Identification Numbers (ITIN) must be included in the document, only the last four digits of that number should be used.*

    *(B)    Financial Account Numbers. Only the last four digits of these numbers should be used;*

    *(C)    Dates of Birth. If an individual's date of birth must be included in the document, only the year should be used; and*

    *(D)    Names of Minor Children. If the name of a minor child must be mentioned, only the initials of that child should be used.*

## 1.  **REAL PROPERTY**

1.1.    For each property that debtor owns, leases, has an interest in, or is in the process of purchasing, including debtor's personal residence, declarant has attached the following documentation:

**Check All That Apply:**

☐    1.1.1.    Debtor owns a personal residence.  A Real Property Questionnaire for Principal Residence (USTLA-5.1) is attached hereto.

☑    1.1.2.    Debtor owns, leases, has an interest in, or is in the process of purchasing a total of **four (4) or less** parcels of real property.  For each such property, declarant has attached a Real Property Questionnaire (USTLA-5.2).

☐    1.1.3.    Debtor owns, has an interest in, or is in the process of purchasing a total of **five (5) or more** parcels of real property.  Attached is an Owned Property Summary Sheet (USTLA-5.3) which identifies all such parcels of real property.

☐    1.1.4.    Debtor leases **five (5) or more** parcels of real property.  Attached is a Leased Properties Summary Sheet (USTLA-5.4)

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

## 2. **BANK ACCOUNT INFORMATION**

2.1.  Debtor has closed all pre-petition bank accounts indicated below.  For each account that is closed, Debtor has attached a copy of a bank statement evidencing that the account has been closed.  For each account that has not been closed, debtor has provided a detailed explanation as to why each account has not been closed.

    2.1.1.  Account Name: _1550 Blue Jay Way, LLC_
        Depository: _USBank_
        Last 4 digits of Account Number: _7232_
        Date of Closure: _01/04/2017_
        Closing Balance: _$0.00_
        Explanation if account has not been closed:

    2.1.2.  Account Name: _1550 Blue Jay Way, LLC_
        Depository: _TD Bank_
        Last 4 digits of Account Number: _0389_
        Date of Closure: _in process_
        Closing Balance: _$0.00_
        Explanation if account has not been closed:

    2.1.3.  Account Name:
        Depository:
        Last 4 digits of Account Number:
        Date of Closure:
        Closing Balance:
        Explanation if account has not been closed:

☐  Additional sheets are attached hereto, marked Attachment 2.1, and incorporated herein by reference.

2.2.  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX debtor in possession bank accounts:

    2.2.1.  Account Name: _1550 Blue Jay Way, LLC Debtor in Possession_
        Depository: _Wells Fargo Bank_
        Last 4 digits of Account Number: _5653_
        Opening Date: _02/02/2017_
        Initial Deposit: _$50.00_
        The beginning balance of this account differs from the ending balance of the pre-petition account because:

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: 8:16-bk-15171-CB |
|---|---|
| Debtor. | |

2.2.2.   Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____

2.2.3.   Account Name: _____
Depository: _____
Last 4 digits of Account Number: _____
Opening Date: _____
Initial Deposit: _____
The beginning balance of this account differs from the ending balance of the pre-petition account because: _____

☐   Additional sheets are attached hereto, marked Attachment 2.2, and incorporated herein by reference.

## 3.   INSURANCE COVERAGE

3.1.   Debtor will maintain appropriate insurance coverage for all estate property, including vacant land, throughout the pendency of this proceeding.

3.2.   Debtor has named the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017, as an *additional interest party* on each and every insurance policy listed herein and any other policies, throughout the pendency of this proceeding.

3.3.   If, for any reason, an insurance policy shall lapse, not be renewed, or fails to be in full force and effect, debtor will *immediately* provide updated proof of insurance to the United States Trustee.

3.4.   The following policies are in effect as of the date of this declaration.

| | Name of Insurance Carrier | Type of Insurance | Policy Number |
|---|---|---|---|
| 3.4.1. | Insurmark | Property/Liability | 1322852 |
| 3.4.2. | | | |
| 3.4.3. | | | |
| 3.4.4. | | | |

3.5.   *COPIES OF THE DECLARATION PAGE(S) for each policy listed herein are attached hereto as Attachment 3.5. Each declaration page(s) reflects (1) the name of insured, the additional interest party(ies), type and extent of coverage; policy expiration date; and the account or policy number (or other identifying information).*

Exhibit 6                                                                 Page 104
Effective September 1, 2011                                                                USTLA-3

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: 8:16-bk-15171-CB |
|---|---|
| Debtor. | |

## 4. PROOF OF REQUIRED CERTIFICATES AND LICENSES

4.1.    Debtor will maintain all appropriate certificates and licenses required by federal, state and local law for the lawful operation of debtor's business.

4.2.    The following certificates and licenses are in effect as of the date of this declaration:

| | Type of Certificate or License | Issuing Authority |
|---|---|---|
| 4.2.1. | N/A | |
| 4.2.2. | | |
| 4.2.3. | | |
| 4.2.4. | | |

4.3.    ***Attached hereto as Attachment 4 is a copy, or other proof, of each license or certificate listed above.***

## 5. LIST OF INSIDERS

The following constitutes a complete list of all insiders of the debtors, as that term is defined by 11 U.S.C. Section 101(31):

| | Name of Person | Relationship to Debtor |
|---|---|---|
| 5.1.1. | Baylor Holding, LLC | 100% member |
| 5.1.2. | DJ Blue Jay Way | preferred equity |
| 5.1.3. | | |

☐    Additional sheets are attached hereto, marked Attachment 5, and incorporated herein by reference.

## 6. FINANCIAL STATEMENTS

Debtor has the following financial statements that were issued in the two year period prior to the filing of this bankruptcy:

| | Audited | Unaudited |
|---|---|---|
| 6.1.1. | | |
| 6.1.2. | | |
| 6.1.3. | | |
| 6.1.4. | | |
| 6.1.5. | | |
| 6.1.6. | | |
| 6.1.7. | | |

☑    Debtor **HAS NOT** issued any financial statements in the two year period prior to the filing of this bankruptcy.

## 7. HEALTH CARE BUSINESS

☑    Debtor **IS NOT** a health care business as defined by 11 U.S.C. Section 101(27A).

☐    Debtor **IS** a health care business as defined by 11 U.S.C. Section 101(27A).

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: 8:16-bk-15171-CB |
|---|---|
| Debtor. | |

8. **TRUST AGREEMENTS**

☑ Debtor **IS NOT** a party to a trust agreement or a beneficiary under a trust agreement that holds property.

☐ Debtor **IS** a party to a trust agreement, or is a beneficiary under a trust agreement that holds property. Copies of all such trust agreements are attached hereto as Attachment 8.

9. **RECORDATION OF CHAPTER 11 PETITION**

☐ Debtor **DOES NOT** hold an interest in real property.

☑ Debtor **HAS** recorded a copy of the Chapter 11 petition in all counties in which it holds an interest in real property. Copies (or conformed copies) of each recorded petition are attached hereto as Attachment 9.

☐ Debtor has not been able to fulfill this requirement because:

_____

_____

10. **FEDERAL AND STATE TAX RETURNS**

Debtor has filed the following tax returns (list last two years for which returns have been filed). *Copies will be provided at the Initial Debtor Interview.*

| Tax Year | Form Number and Name of Return *(i.e., 1040, Individual Income Tax Return)* | Taxing Agency's Name *(i.e., IRS)* |
|---|---|---|
| | NO TAX RETURNS HAVE BEEN FILED | |
| | | |
| | | |
| | | |

☐ Current tax returns have not been filed because:

_____

_____

_____

11. **EMPLOYEE BENEFIT PLANS**

Attached hereto and marked Attachment 11 is a fully executed Employee Benefit Plan Questionnaire.

☑ **BUSINESS ENTITIES:** I, am the authorized agent of the debtor named in this case, declare under penalty of perjury that I have read the foregoing Declaration, and the information provided is true and correct to the best of my knowledge, information, and belief. I further declare that I have been authorized to file this declaration on behalf of the debtor.

DATED: ____2/8/17____

_____
Signature of Authorized Individual

__Jeffrey Yohai__
Printed Name of Authorized Individual

Exhibit 6                                          Page 106

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

Manager of Baylor Holding, LLC, managing
member of 1550 Blue Jay Way, LLC
Title of Authorized Individual

☐ **INDIVIDUAL DEBTORS**:  I declare under penalty of perjury that the information provided in the foregoing Declaration is true and correct to the best of my knowledge, information and belief.

DATED: _____    _____
Signature of Individual Debtor

_____
Printed Name of Individual Debtor

DATED: _____    _____
Signature of Joint Debtor

_____
Printed Name of Joint Debtor

| Attorney or Party Name, Address, Telephone and FAX | |
|---|---|
| Marc C. Forsythe - State Bar No. 153854<br>GOE & FORSYTHE, LLP<br>18101 Von Karman Avenue, Suite 1200<br>Irvine, CA 92612<br>mforsythe@goeforlaw.com<br><br>Telephone: (949) 798-2460<br>Facsimile:  (949) 955-9437<br><br>☐  Pro Se Debtor | |
| **OFFICE OF THE UNITED STATES TRUSTEE<br>LOS ANGELES DIVISION** | **SUBMIT TO UNITED STATES TRUSTEE<br>– DO NOT FILE WITH COURT** |
| In Re:<br><br>1550 BLUE JAY WAY, LLC<br><br><div align="right">Debtor-In-Possession.</div> | Case Number:<br>8:16-bk-15171-CB<br><br>**REAL PROPERTY QUESTIONNAIRE**<br><br>CHECK ONE BOX:<br><br>✓ Owned   ☐ Being Purchased   ☐ |

Within seven (7) days after the filing of the petition, every chapter 11 Debtor in Possession which holds any interest in any parcel of real property shall provide the United States Trustee with a completed Real Property Questionnaire (form UST-5).  Included within the meaning of the phrase "any interest in any parcel of real property" are real property leases, land sales contracts, open escrows and other transactions under with the Debtor presently may not be a titleholder of record.

The United States Trustee deems the requested information necessary to carry out his statutory responsibilities to monitor and evaluate all pending Chapter 11 cases in this District.  Therefore, failure to timely and fully submit this form for each parcel of real property may result in the filing of a motion to dismiss this case, convert this case to one under Chapter 7 or for appointment of a Trustee.  Consequently, the Debtor is required to fully answer each question contained in each section of this Questionnaire that applies to the particular parcel of real property involved.  A separate Questionnaire is to be filed for each parcel of real property.  If additional space is required for any answer, and continuation sheet specifying the Section and Question involved should be attached.

| **SECTION ONE:  PROPERTY OWNED OR BEING PURCHASED BY DEBTOR** |
|---|
| A.    Address of property including county and state in which it is located:<br><br>1550 BLUE JAY WAY, WEST HOLLYWOOD, CA 90069 |
| B.    Legal Description of Property (i.e. Lot and Tract Number, including Tax Assessor's I.D. Number)<br><br>LOT 45 OF TRACT NO.19229, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 652, PAGE 34 TO 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.<br>APN 5561-011-013 |
| C.    Percentage interest in the property owned by the Debtor: **100%** |
| D.    Date of Debtor's Acquisition of the Property: 6/29/15<br><br>Purchase Price: $  4,850,000.00 |

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

E.   Type of real property (i.e. single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved.)

SINGLE FAMILY RESIDENCE

F.   Description of property (i.e.  square footage, number of units, number of offices, amenities, condition):

3 beds· 3 baths· 3,056 sqft

G.   Development status of property:
(1) Permits (type, date issued, expiration date):



(2) In construction (date of commencement, estimated date and cost of completion, name of construction lender):



(3) Rehabilitation (specify nature, cost and status of rehabilitation effort):



H.   Present Fair Market Value: $  8,322,048.00

I.   State source and basis of the above fair market value: (attach a copy of latest appraisal)

Zillow

J.   Does the property meet all federal, state, and local requirements including, but not limited to; health, building, safety, OSHA, earthquake and fire regulations? ☑ YES ☐ NO (If the answer is "NO," briefly explain and attach copies of any complaints, citations and/or recorded documents which specify the substance of the alleged violations)



K.   State the name of the titleholder of records as of the date of the filing of the Petition:
1550 BLUE JAY WAY, LLC,  a Delaware limited liability company

L.   State the name of the Grantor of the property to the titleholder set forth in "K" above:
GB Bluejay, LLC, a California Limited Liability Company

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

| M. | Is the titleholder, specified in "K" above, the Debtor in this Chapter 11 proceeding? ☑ YES ☐ NO (If "NO," explain why the titleholder and the Debtor are different persons/entities) |
|---|---|

| N. | State the date of the last transfer of any interest in the property and the name of the transferor and transferee: JUNE 1, 2015 from GB Bluejay, LLC, a California Limited Liability Company to Debtor |
|---|---|

| O. | Was title to the property transferred to the Debtor within ninety (90) days prior to the filing of the Chapter 11 Petition? ☐ YES ☑ NO (If "YES," state the reason for the transfer) |
|---|---|

| P. | If the Debtor is a partnership, did all of the general partners consent to the filing of the Chapter 11 Petition? ☐ YES ☐ NO (If "YES," attach documentation to indicate such consent was given by all partners, if "NO," explain why all did not consent and identify each non-consenting partner). N/A |
|---|---|

| Q. | Is the property currently occupied? ☐ YES ☑ NO |
|---|---|

| R. | Does the Debtor, its principals or any other person or entity related to the Debtor or its principals occupy or use any portion of the property? ☐ YES ☑ NO (If "YES," state the name of the tenant, nature of the relationship to the Debtor and terms of the agreement, if any) |
|---|---|

| S. | Does any other person/entity other than the Debtor use, lease or occupy any portion of the property? ☐ YES ☑ NO (If 'YES", state name of each person/entity, whether it is relation, affiliated or doing business with the Debtor or any principal of the Debtor, and state the terms of such use, lease or occupancy) |
|---|---|

| T. | Has the Bankruptcy Petition been recorded in the Office of the Recorder of the county in which this property is located? ☑ YES ☐ NO (If "YES," state the Date of Recordation and Instrument Number or Book and Page Number) Petition recorded on December 28, 2016 as 20161650936 in Los Angeles County |
|---|---|

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: 8:16-bk-15171-CB |
|---|---|
| Debtor. | |

| SECTION TWO: FINANCIAL STATUS OF OWNED PROPERTY |
|---|

A.    List Voluntary encumbrances of record against the property (e.g. mortgages, stipulated judgments):

| Lender Name | Current Principal Balance | Installment Amount | Frequency (Mo/Qtr/Yr) |
|---|---|---|---|
| 1st: Genesis Capital | $5,505,296.83 | | |
| 2nd: RS Lending, Inc. | $884,000.00 | | |
| 3rd: | | | |
| 4th: | | | |

| | Maturity Date | Date of Last Payment | Number of Delinquent Installments |
|---|---|---|---|
| 1st: | | | |
| 2nd: | April 2017 | | |
| 3rd: | | | |
| 4th: | | | |

B.    List involuntary encumbrances of record against the property (tax, mechanics's and other liens, judgments, lis pendens):

| Type of lien | Amount Claimed | Date of recordation |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

C.    Was a Notice of Default and/or a Notice of Sale recorded prior to the filing of the bankruptcy petition? ✓ YES ☐ NO
(If "YES," state which document was recorded, the name of the lender, and the date of recordation)

Genesis Master Fund III, LLC's NOD recorded 8/18/16 as 20160983203 in Los Angeles County;
NOS recorded 11/29/16 as 20161490079 in Los Angeles County

D.    Property Taxes:

    (1) Assessed value of property per latest real property Tax Bill $ 7,500,000.00

    (2) Annual taxes and installment due dates: 12/12/16 & 4/10/17

    (3) Indicate the due dates and amounts of any Tax Bills which have not been paid: 12/12/16 & 4/10/17

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

| **SECTION THREE: SALE OF PROPERTY** |
|---|

A.  Has a real estate broker been employed? ☐ YES ☑ NO (If "YES," state the name of the broker, name of the salesperson, date employed, company name, address and telephone number and the listing agreement expiration date)

B.  Has an application to employ the broker been filed with the court? ☐ YES ☑ NO

C.  How long as the property been listed or advertised for sale with the current broker? N/A

D.  Has any written offer been received? ☐ YES ☑ NO (If "YES," state the terms of each such written offer)

E.  What is the date the property was first listed for sale with any broker? N/A

F.  What is the current listing price? (attach a copy of the listing agreement) $

G.  Have other attempts been made to sell the property? ☐ YES ☑ NO (If "YES," for each such attempt, state the date, asking price and result)

H.  Explain other alternatives considered as to the disposition of the property (i.e. refinancing, capital infusion, stipulation with lender):

N/A

| **SECTION FOUR: PURCHASE OF PROPERTY** |
|---|

A.  Is the Debtor currently purchasing this parcel of real property? ☐ YES ☐ NO (If "YES," state the name, address and telephone number of the seller)

N/A

B.  Is the Debtor a party to a land Sales Contract or other arrangement by which actual title is to be taken at some point in the future? ☐ YES ☑ NO (If "YES," attach a copy of any written documents which state the terms of such transaction).

C.  If an escrow has been opened, state the escrow company name, name of escrow officer, address, and telephone number: (attach a copy of the purchase agreement and Escrow Instruction

N/A

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

| | |
|---|---|
| D. | What is the purchase price? $ |

| **SECTION FIVE: PROPERTY LEASED BY DEBTOR AS LESSEE** |
|---|

| | |
|---|---|
| A. | Address of property including county and state in which it is located: <br> N/A |
| B. | Type of real property (i.e., single family residence, condominium, apartment bldg., office bldg., commercial, industrial, unimproved): <br> N/A |
| C. | Description of property (i.e. square footage, number of units, number of offices, amenities, condition)? <br> N/A |
| D. | Is the Debtor or any principal of the Debtor affiliated with or related to the lessor? ☐ YES ☑ NO (If "YES," explain the relationship) |
| E. | Does a written lease exist? ☐ YES ☑ NO (If "YES," attach a copy of the lease). |
| F. | Lease payment amount: $ N/A       per ☐ Month ☐ Quarter ☐ Year |
| G. | Number of pre-petition delinquent payments:  N/A |
| H: | Total dollar amount of pre-petition delinquent lease and related payments: $ N/A |
| I. | Specify the type, amount and date of any deposits paid to the lessor (i.e., security deposits, first and last months'' rent) <br> N/A |
| J. | Describe provisions in the lease for increases in the lease payments: <br> N/A |
| K. | Describe type of lease (i.e. triple net, minimum plus percentage of sales, gross lease) and state basic lease terms: <br> N/A |
| L. | When did the lease commence? When is the lease termination date? N/A |

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

M.     Does the lease provide any options to extend the term of the lease? ☐ YES ☐ NO (If "YES," describe each option)

N/A

N.     List the improvements made and fixtures installed by the Debtor (i.e., items so attached or integrated with the property so as to render them legally non-removable) and state the cost:

N/A

### SECTION SIX: INSURANCE

A.     State the following as to each policy of insurance (attach a copy of the underlined declaration page of each current policy):

| Type of Insurance | Name of Ins Agent | Ins Company | Policy Number | Amt. of Coverage | Exp. Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

B.     If any policy payments are delinquent, so state and provide the amount and number of installments that are past due:

### SECTION SEVEN: INCOME FROM RENTAL OF PROPERTY

A.     What is the actual gross monthly income being received from rental of the property? $ N/A

B.     What is the current occupancy rate and the square footage presently being leased?

N/A

C.     If the property were fully leased, state the anticipated gross monthly income: $ N/A

D.     Itemize the total monthly expenses *excluding* debt service:

N/A

| In Re: 1550 BLUE JAY WAY, LLC | Case No.: |
|---|---|
| Debtor. | 8:16-bk-15171-CB |

E.      Is there any person or entity managing the property? ☐ YES ☑ NO (If "YES," state the name, address, and telephone number of the managing person/company and attach a copy of the management company's fidelity bond)

F.      What are the terms of the management agreement?  (If written, attach a copy of the agreement)

N/A

G.      Is the manager of the property related to or affiliated with the Debtor in any way? ☐ YES ☑ NO (If "YES," explain the relationship or affiliation)

H.      Is any person and/or entity occupying any portion of the property at a reduced rental rate or at no rental charge? ☐ YES ☑ NO (If "YES," explain fully)

I declare under penalty of perjury that the answers contained in the foregoing Real Property Questionnaire are true and correct to the best of my knowledge, information and belief. I have full authority to make the above answers on behalf of the debtor in possession.

Dated: 1/9/17

JEFFREY YOHAI

Print Name and Title of Authorized Agent for Debtor in Possession

Signature of Authorized Agent for Debtor in Possession

# TRUST DEEDS/ MORTGAGES

Exhibit 6                                         Page 116

**RECORDING REQUESTED BY:**
Fidelity National Title Co.


07/10/2015

*20150830112*

**AND WHEN RECORDED MAIL TO:**

1550 BlueJay Way, LLC
3991 MacArthur Blvd, Ste 125
Newport Beach, CA 92660

THIS SPACE FOR RECORDER'S USE ONLY:

| Title Order No.: 95955 | Escrow No.: 01-951543-CY |

**GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is** $8,250.00  **CITY TRANSFER TAX** $33,750.00
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Los Angeles **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**GB Bluejay, LLC, a California Limited Liability Company**

hereby GRANT(s) to:  1550 BlueJay Way, LLC, a Delaware Limited Liability Company

the real property in the City of Los Angeles, County of Los Angeles, State of California, described as:
Lot 45 of Tract No.19229, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in
Book 652, Page 34 to 36 Inclusive of Maps, in the Office of the County Recorder of said County.
Also Known as:  1550 Blue Jay Way, Los Angeles, CA  90069
**AP#: 5561-011-013**

SEE ATTACHED EXHIBIT A

Dated June 1, 2015

GB Bluejay, LLC, a California Limited Liability Company

By: _____

Graham Bourne

Title   Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which
this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Los Angeles_

On _June 1, 2015_ before me, _Ellie Younani_ _____ A Notary Public

personally appeared _Graham Bourne_ _____ who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature _____ (Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE:

ELLIE YOUNANI
Commission # 2040141
Notary Public - California
Los Angeles County
My Comm. Expires Sep 29, 2017

---

PRELIMINARY REPORT
YOUR REFERENCE: 01-951543-CY

Fidelity National Title Company
ORDER NO.: 00095955-994-VNO-SI

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 45 OF TRACT NO. 19229, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 652, PAGES 34 TO 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: **5561-011-013**

Plotted Map

CLTA Preliminary Report Form – Modified (11/17/06)



**This page is part of your document - DO NOT DISCARD**



## 20150830113



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/10/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 52.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 52.00 |



**L E A D S H E E T**



201507100190017

**00010844723**



006952586

**SEQ:**
**02**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T21

Fidelity-Sherman Oaks

95955

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Genesis Capital Master Fund III, LLC
21650 Oxnard Street Suite 1700
Woodland Hills, CA 91367
Loan Number: 15-648



07/10/2015

*20150830113*

## DEED OF TRUST AND ASSIGNMENT OF RENTS

**This Deed of Trust**, made **6/29/2015**, between **1550 BlueJay Way, LLC, a Delaware Limited Liability Company** herein called **Trustor**, whose address is c/o Czik Law PLLC, 401 Greenwich Street, 4th Floor, New York, New York 10013 and **Genesis Capital Master Fund III, LLC, a Delaware limited liability company, a California Finance Lender ( 60DBO-35928)** herein called **Beneficiary**, whose address is 21650 Oxnard Street, Suite 1700, Woodland Hills, CA 91367 and Fidelity National Title, herein called **Trustee**,

**Witnesseth: THAT TRUSTOR IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF SALE**, that property in Los Angeles County, California, described as:

Please See Legal Description 'Exhibit A'

APN: 5561-011-013
Street Address: 1550 Bluejay Way, West Hollywood Area, Los Angeles, CA 90069

TOGETHER WITH the rents, issues and profits thereof, SUBJECT HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions set forth below to collect and apply such rents, issues and profits.
**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension of renewal thereof, in the principal sum of $4,850,000.00 executed by Trustor in favor of Beneficiary or order.  3.  Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured. 4. All obligations under a Loan Agreement dated 6/29/2015 between 1550 BlueJay Way, LLC, a Delaware Limited Liability Company and Beneficiary.

A default under any other deed of trust securing the above-referenced promissory note shall constitute a default under this Deed of Trust as well.

## To Protect the Security of This Deed of Trust, Trustor Agrees:

(1)  That Trustor will observe and perform said provisions; and that the referenced to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations and parties set forth in this Deed of Trust.

(2)  To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violations of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumeration's herein not excluding the general.

(3)  To provide and maintain in force at Trustor expense fire and extended coverage insurance in any amount of not less that the full replacement value of any building which may be exist on the subject property. Trustor shall within the same policy provide fire insurance protection on Trustor's furniture, fixtures and personal property on the subject real property in an amount equal to the full replacement value thereof, and promises that any insurance coverage in this regard will contain a waiver of the insurers' right of subrogation against Beneficiary. All insurance policies shall contain a standard non-contributory mortgage clause naming Beneficiary as first mortgagee and loss payee. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured herein and in such order as beneficiary may determined or at option of Beneficiary the entire amount so collected or any part hereof may be released to Trustor.  Such application or release shall not cure or waive any default or notice of default herein under or invalidate any act done pursuant to such notice.

(4)  To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of the Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to record this Deed.

(5)  To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or a part thereof, which appear to be prior to superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may be deemed necessary to protect the security herein. Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or preceding purporting to affect the security hereof or the

rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(6)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereon, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(7)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(8)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(9)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(10) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property held hereunder.  The recitals in such RECONVEYANCE of any matters or facts shall be conclusive proof of the truthfulness thereof.  The grantee in such reconveyance may be described as "The person or persons legally entitled thereto".  Five years after issuance of such full RECONVEYANCE, Trustee may destroy said Note and this Deed (unless directed in such request to retain them).

(11) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving until Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collected and retain such rents, issues and profits as they become due and payable.  Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents issues and profits, including those past due and unpaid, and apply the same, less costs and expense of operation and collection, including reasonably attorney's fees, upon indebtedness secured hereby, and in such order as Beneficiary may determined. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(12) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record.  Beneficiary also shall post it with Trustee this Deed said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required y law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determined, a public auction to the highest bidder for cash in lawful money of the United States, payable at the time of sale.  Trustee may postpone sale of all or a portion of said property by public announcement of such time and place of sale, and from time to time thereafter may postpone sale by public announcement at the time fixed by the preceding postponement.  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied.  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

(13) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in wiring, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the County or Counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(14) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledges of the note secured hereby whether or not named as Beneficiary herein.  In this Deed, whenever the contest so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(15) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(16) Trustor shall, at Trustor's expense, maintain in force policies of liability insurance and, if applicable, flood insurance, with Beneficiary as an additional insured thereunder, insuring Trustor against all claims resulting from the injury to or the death of any person or the damage to or the destruction of any property belonging to any person by reason of Beneficiary's interest hereunder or the use and occupancy of the subject real property by Trustor.  Such insurance shall be in the following amounts: (1) \$300,000 combined single limit liability insurance covering property damage and bodily injury; (2) flood insurance is required if the collateral is located in a flood zone equal to the replacement cost of the subject real property or up to \$250,000, whichever is less. All insurance policies shall contain a standard non-contributory mortgage clause naming Beneficiary as first mortgagee and loss payee.

(17) If all or any part of the subject property or any interest in it is sold or transferred (or if a beneficial interest in Trustor is sold or transferred and Trustor is not a natural person), or a lien or encumbrance is created upon such property, voluntarily or involuntarily, or if Trustor shall file or have filed against it and/or the property any proceeding for relief of debtors under the United States Bankruptcy Code, without Beneficiary's prior written consent, Beneficiary may, at its option, require immediate payment in full of all sums secured by this Deed of Trust.  However, this option shall not be exercised by Beneficiary if exercise is prohibited by federal law as of the date of this Deed of Trust. If Beneficiary exercises this option, Beneficiary shall give Trustor notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which borrower must pay all sums secured by this Deed of Trust.  If Trustor fails to pay these sums prior to the expiration of this period, Beneficiary may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

(18)  Any default under this Deed of Trust shall constitute a default under all promissory notes and deeds of trust Trustor has executed in favor of Beneficiary.

(19)  California law shall exclusively govern the enforcement and interpretation of this Deed of Trust.

The undersigned Trustor request that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

Dated: _6/30/15_

Trustor: 1550 BlueJay Way, LLC, a Delaware Limited Liability Company

By: _____

Jeffrey Yohai, Manager

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of ~~California~~ _New York, SS_

County of _New York_ )

On _June 30 2015_ before me, _STEVEN J. Czik_ A Notary Public _____ (here insert name and title of officer),  personally appeared _JEFFREY YOHAI_ _____ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

_NY. SS_

I certify under PENALTY OF PERJURY under the laws of the State of ~~California~~ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

STEVEN J. CZIK, ESQ.
NOTARY PUBLIC, State of New York
Registration No. 02CZ6006914
Qualified in New York County
Commission Expires on May 11, 2018

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

*5*

PRELIMINARY REPORT
YOUR REFERENCE: 01-951543-CY

Fidelity National Title Company
ORDER NO.: 00095955-994-VNO-SI

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 45 OF TRACT NO. 19229, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 652, PAGES 34 TO 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: **5561-011-013**

Plotted Map

CLTA Preliminary Report Form – Modified (11/17/06)

**This page is part of your document - DO NOT DISCARD**



# 20150886885



**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/22/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201507220130013

**00010898256**



006976501

**SEQ:**
**18**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

T21

RECORDING REQUESTED BY

Order #: 00095955-994-VNO-SI

APN  5561-011-013

WHEN RECORDED MAIL TO



07/22/2015

*20150886885*

**Genesis Capital**
**21650 Oxnard Street, Suite 1700**
**Woodland Hills, CA 91367**

**NOTE – This Assignment should be kept with the Note and Deed of Trust hereby assigned.**
# ASSIGNMENT OF DEED OF TRUST

FOR VALUABLE CONSIDERATION, the undersigned hereby grants, assign, and transfers to
**Genesis Capital Master Fund III A, LLC, a Delaware Limited Liability Company**
**(A s s i g n e e)**
all beneficial interest under that certain Deed of Trust
dated  June 29, 2015
by   BlueJay Way, LLC, a Delaware Limited Liability Company

to   Fidelity  Title Company
as Trustee, and recorded on  7-10-15 , in Book/Reel  N/A , at Page/Image  N/A
of Official Records Series Number  2015083011 3  of Los Angeles County,
California, together with the  Promissory Note secured by said Deed of Trust and also all
rights accrued or to accrued under said Deed of Trust. The  property covered by said

Deed of Trust is briefly described as follows:

See legal description attached hereto and made a part here of as "Exhibit A"
APN: 5561-011-013

Date  7-10-15

*Genesis capital Master fund II,*
*LLC*

15648

Trixy Weiss, President
Genesis Capital Master Fund II, LLC
(Assignor)

*3*

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                    )
County of ___Los Angeles___ )

On ___7.16.2015___, before me, ___Janet Quesada___,
(insert name of notary)
Notary Public, personally appeared ___Trixy Weiss___,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JANET QUESADA
Commission # 2063358
Notary Public - California
Los Angeles County
My Comm. Expires Apr 5, 2018

Signature___Janet Quesada___

(Seal)

-4-

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.



PRELIMINARY REPORT
YOUR REFERENCE: 01-951543-CY

Fidelity National Title Company
ORDER NO.: 00095955-994-VNO-SI

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 45 OF TRACT NO. 19229, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 652, PAGES 34 TO 36 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 5561-011-013

Plotted Map

CLTA Preliminary Report Form – Modified (11/17/06)

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.



**This page is part of your document - DO NOT DISCARD**



## 20150986307



**Pages:**
**0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/12/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |



**L E A D S H E E T**



201508120170014

00010991028



007017486

**SEQ:**
**22**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T21

RECORDING REQUESTED BY

Order #: 00095955-994-VNO-SI

APN    5561-011-013

WHEN RECORDED MAIL TO

**Genesis Capital**
**21650 Oxnard Street, Suite 1700**
**Woodland Hills, CA 91367**
95955



2

**NOTE — This Assignment should be kept with the Note and Deed of Trust hereby assigned.**

# ASSIGNMENT OF DEED OF TRUST

3

FOR VALUABLE CONSIDERATION, the undersigned hereby grants, assign, and transfers to

**Genesis Capital Master Fund III A, LLC, a Delaware Limited Liability Company**
**(Assignee)**

all beneficial interest under that certain Deed of Trust
dated  June 29, 2015
by   BlueJay Way, LLC, a Delaware Limited Liability Company

to  Fidelity Title Company
as Trustee, and recorded on  7-10-15 , in Book/Reel ____ , at Page/Image ____
of Official Records Series Number  2015-0830113  of Los Angeles County,
California, together with the  Promissory Note secured by said Deed of Trust and also all
rights accrued or to accrued under said Deed of Trust. The   property covered by said

Deed of Trust is briefly described as follows:

See legal description attached hereto and made a part here of as "Exhibit A"
APN: 5561-011-013

Date _____ 7-22-15 _____

15648

Tracy Weiss, President
Genesis Capital Master Fund III, LLC
(Assignor)

22

PRELIMINARY REPORT
YOUR REFERENCE: 01-951543-CY

Fidelity National Title Company
ORDER NO.: 00095955-994-VNO-SI

*3*

## EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 45 OF TRACT NO. 19229, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN <u>BOOK 652, PAGES 34 TO 36</u> INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

<u>APN: 5561-011-013</u>

<u>Plotted Map</u>

CLTA Preliminary Report Form – Modified (11/17/06)

Page 3

Order: 8686251
Doc: CA;LA;DYI;2015.986307

- 3 of 4 -

*Document Retrieval :  FASTSearch ®*

Exhibit 6

Page 130

4

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _CuS Angeles_ )

On _July 22nd 2015_ before me, _Janet Quesada_
(insert name and title of the officer)

personally appeared _Trixy Weiss_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

JANET QUESADA
Commission # 2063358
Notary Public - California
Los Angeles County
My Comm. Expires Apr 5, 2018

(Seal)

**This page is part of your document - DO NOT DISCARD**



## 20160983202



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/18/16 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201608180220036

00012508667

007746066

**SEQ:
06**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T96

2

# CHICAGO TITLE COMPANY

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

RS Lending, Inc.
501 2nd Street, Suite 700
San Francisco, CA 94107
Phone: (415) 295-6412
Loan number: RSL.201603.03



03/28/2016

*20160335959*

---

### DEED OF TRUST AND ASSIGNMENT OF RENTS
### (Commercial Purposes)

**ESCROW NO.**  U0051799-007 - HK                 APN 5588003012

**This Deed of Trust** (this "**Deed**"), is made this March 24, 2016, by and from 2401 Nottingham LLC, a California limited liability company, ("**Trustor**"), whose address is 6446 Rodgerton Drive, Los Angeles, CA 90068, for the benefit of Chicago Title ("**Trustee**"), and RS Lending, Inc., a Delaware corporation ("**Beneficiary**").

**Witnesseth:** That Trustor **IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH GENERAL WARRANTY OF TITLE AND WITH POWER OF SALE,** the following described property, all accessions and additions thereto, all substitutions therefor and replacements and proceeds thereof, and all reversions and remainders of such property now owned or held or hereafter acquired (collectively, the "**Premises**"): (a) the fee simple interest in those tracts, pieces or parcels of land (and any easements or other rights in land) commonly known as 2401 Nottingham Avenue, Los Angeles, CA 90027, with A.P.N. 5588003012, more particularly described in Exhibit A hereto, (b) all buildings, structures and improvements of every nature now or hereafter situated on such land, (c) all easements, rights-of-way, sewers, water and mineral rights, and all other right, title, and interest relating to the Premises, whether now or hereafter acquired, (d) all leases or other occupancy agreements that grant to any person a possessory interest in (or right to use) the Premises, (d) all of the rents, revenues, income or other paid or payable by third parties for possessing, using or otherwise enjoying the Premises, and (e) all other agreements relating to the construction, use or operation of the Premises (such as construction contracts, permits and licenses), and (f) all insurance policies and proceeds (including condemnation proceeds) therefrom covering any of the premises, now or hereafter acquired by Trustor, and (g) all rights to control any property owner's association affecting the Premises, whether as "declarant," "originator" or any other positions; SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by the provisions herein to collect and apply such rents, revenues, issues and profits.

**For the Purpose of Securing:** (1) performance of each agreement of Trustor incorporated by reference or contained herein and (2) payment of the indebtedness evidenced by a promissory

51799-X23

---

note of even date herewith in the principal sum of $1,000,000 executed by Trustor in favor of Beneficiary (the "*Note*"), together with any and all other indebtedness now owing or which may be owing by Trustor to Beneficiary, however incurred (including advances to pay taxes, assessments, and insurance premiums on the premises, the costs of repairing, maintaining, and preserving the premises, and the cost of completing any improvements on the premises), and all renewals, modifications, amendments and extensions of the Note or other indebtedness, including any default interest (collectively, the "*Indebtedness*"). Trustor has promised to pay this debt with interest-only payments until the principal amount of the debt is repaid in full on or before twelve (12) months after execution of the Note, unless such due date is extended pursuant to the Note.

**THIS DEED IS ASSOCIATED WITH A BALLOON NOTE AND THE FINAL PRINCIPAL PAYMENT OR PRINCIPAL BALANCE DUE UPON MATURITY (EXCEPT TO THE EXTENT PREPAID) IS $1,000,000, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE BENEFICIARY UNDER THE TERMS OF THE NOTE.**

*Covenants of Title.* Trustor hereby covenants that Trustor is lawfully seized and possessed of the Premises, and has good right to convey it, and it is unencumbered; and Trustor does WARRANT AND FOREVER DEFEND the title thereto against the claims of all other persons, to appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

*Commercial Purpose.* Trustor represents and warrants to Trustee and Beneficiary that Trustor has acquired the Premises for commercial purposes, and hereby grants to Trustee and Beneficiary the right to periodically inspect the Premises to determine that the Premises is being used for business purposes.

*Assignment of Rents.* As further security for the Indebtedness, Trustor hereby sells, assigns, sets over and transfers to Beneficiary all its right, title and interest in all rents (and revenues of any kind, including, without limitation, any liquidated damages following default under any related leases) that shall hereafter become due or be paid for the use of the Premises; but Beneficiary agrees that this rent assignment will not be enforced so long as no default on the part of Trustor exists under the terms and conditions of this Deed or of the Note, and while no such default exists, Beneficiary waives its rights to and its interest in said rents. Upon any default by Trustor under this Deed or the Note, Trustor (i) agrees that Beneficiary or its representative may enter upon said property and collect the rents therefrom, (ii) constitutes and appoints Beneficiary as Trustor's agent and attorney-in-fact to collect such rents by any appropriate proceedings, (iii) agrees that any tenant in said property or any renting agent in charge thereof shall be authorized to pay any such rents to Beneficiary, and (iv) Beneficiary is authorized to pay a rental or real estate agent a commission of five percent (5%) for collecting such rents. The net amount of rent so collected shall be applied towards the debt hereby secured or as provided by law. In

*4*

exercising Beneficiary's rights, Beneficiary is not required to pay any costs associated with the Premises except as Beneficiary may elect in its sole and absolute discretion.

*Bankruptcy; Beneficiary as Secured Creditor.* Trustor acknowledges that Beneficiary has taken all actions necessary to obtain, and that, upon recordation of this Deed, Beneficiary shall have (to the extent permitted under applicable law) a valid and fully perfected first priority present assignment of such rents and all security for the related leases, and that Beneficiary's interest in the rents shall be deemed to be fully perfected, "choate" and enforced as to Trustor and all third parties, including, without limitation, any subsequently appointed trustee in any case under Title 11 of the United States Code (the ***"Bankruptcy Code"***), without the necessity of commencing a foreclosure action with respect to this Deed, making formal demand for the rents, obtaining the appointment of a receiver or taking any other affirmative action. Trustor agrees that (a) this Deed shall constitute a "security agreement" for purposes of Section 552(b) of the Bankruptcy Code, (b) the security interest created by this Deed extends to property of Trustor acquired before the commencement of a case in bankruptcy and to all amounts paid as rents and (c) such security interest shall extend to all rents acquired by the estate after the commencement of any case in bankruptcy. So long as part of the Indebtedness remains unpaid and undischarged, the fee and leasehold estates to the Premises shall not merge, but shall remain separate and distinct, notwithstanding the union of such estates either in Trustor, Beneficiary, any tenant or any third party, by purchase or otherwise.

*Due on Sale.* If all or any part of the Premises or an interest therein is, or the Trustor itself, is without Beneficiary's prior written consent sold, transferred, or used as security by Trustor for an indebtedness other than the Indebtedness, then any such sale, transfer or use as security shall constitute a default hereunder and Beneficiary may, at its option, declare all the sums secured by this Deed to be immediately due and payable. Such right to accelerate shall not be waived merely by Beneficiary's acceptance of installment payments on the Indebtedness subsequent to any such sale, transfer or use as security, which right to accelerate may be exercised at any time.

**THE INDEBTEDNESS SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED UPON SALE OR CONVEYANCE OF THE PREMISES HEREIN CONVEYED, OR UPON THE SALE OR CONVEYANCE OF ANY OF THE PREMISES DESCRIBED IN <u>EXHIBIT A</u> AND THIS DEED OF TRUST.**

*Subrogation.* It is agreed that Beneficiary shall be subrogated to all right, title, lien, or equity of all persons to whom it may have paid moneys in settlement of liens, charges, or in acquisition of title for its benefit under this Deed or for the benefit and account of Trustor at any time as may related to the terms of the Indebtedness.

*Preservation and Maintenance of the Premises.* Trustor hereby covenants, for so long as any part of the Indebtedness remains unpaid, to keep the Premises in as good condition as it now exists and in good condition and repair, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to not remove or demolish any building on said property, to comply with all laws affecting said property or

requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violations of law, and to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary. Trustor shall not demolish, destroy, or remove any permanent structure now existing on the premises or make any alteration thereon that would constitute a structural change without the written consent of the Beneficiary;

*Payment of Taxes and Insurance.* Trustor hereby covenants, for so long as any part of the Indebtedness remains unpaid, to pay all taxes and assessments that may be liens, encumbrances, and charges upon said premises, as they become due, and with interest where applicable; to keep the improvements on the Premises fully insured against loss or damage by fire and similar hazards, with loss, if any, to be payable to Beneficiary, and shall deliver such policies of insurance to Beneficiary; and that any tax, assessment, or premium of insurance, not paid when due by Trustor, may, without notice to or demand upon Trustor, be paid by Trustee or Beneficiary, without releasing Trustor from any obligation thereof, and any sum so paid shall be added to the amount of said principal debt as part thereof, drawing interest from the time of said payment at the rate of eighteen percent (18%) per annum, and shall, together with such interest, be covered by the security of this Deed; to pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded. In the event that Beneficiary receives any money for damages covered by insurance, such money may be retained and applied toward the payment of the Indebtedness or may be paid over, either wholly or in part, to Trustor to enable Trustor to repair or replace improvements, or for any other purpose, without affecting the lien of this Deed for the full amount secured hereby before such damage or such payment took place. Any award of damages or proceeds received in connection with any condemnation for public use of or injury to all or part of the Premises is hereby assigned and shall be paid to Beneficiary, who may apply or release such monies in the same manner and with the same effect as above provided for disposition of proceeds of fire, property or other insurance. Beneficiary or Trustee are authorized to enter upon the Premises for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and in exercising any such powers, pay necessary expenses, employ counsel and pay counsel's reasonable fees.

*Hazardous Substances.* Trustor shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances (as defined below), or threaten to release any Hazardous Substances, on or in the Premises. Trustor shall not do, or allow anyone else to do, anything affecting the Premises that (a) is in violation of any environmental law, (b) creates a condition that could cause or otherwise trigger an environmental cleanup, or (c) due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Premises. Trustor shall give Beneficiary prompt notice of any such action or any investigation, claim, demand or other action involving the Premises and any Hazardous Substance. "Hazardous Substances" are those substances defined as toxic or hazardous substances,

4



pollutants, or wastes by laws relating to health, safety or environmental protection as well as gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. Trustor shall indemnify, defend and hold harmless Trustee and Beneficiary from and against any loss, damage, expense or liability arising from or attributable to (directly or indirectly) the use, generation, manufacture, production, storage, release, discharge, disposal or presence of a Hazardous Substance in violation of applicable law on, under, or about the Premises.

*Indemnification.*  In addition to the above environmental indemnity, Trustor shall indemnify, defend and hold Trustee and Beneficiary harmless from and against all liabilities, obligations, claims, damages, penalties, causes of action, costs and expenses (including reasonable attorneys' fees and expenses) imposed upon, incurred by, or asserted against Trustee or Beneficiary by reason of (i) any failure by Trustor to perform or comply with any of the covenants or conditions of this Deed or (ii) any accident, injury to or death of persons or loss of or damage to property occurring on or about the Premises or any part thereof.  If any action, suit or proceeding is brought against Trustee or Beneficiary by reason of any such occurrence, Trustor, upon the written request of Beneficiary, shall at Trustor's expense resist and defend such action, suit or will cause the same to be resisted and defended by counsel reasonably acceptable to Beneficiary.

*Trustor to Pay Expenses of Beneficiary and Trustee.*  Trustor agrees to pay all costs and expenses of Beneficiary and Trustee, including reasonable attorneys' fees, (i) if Beneficiary finds it necessary or desirable to secure advice of counsel with regard to collection of the Note or protection of its rights under the Note or this Deed, (ii) incurred by Beneficiary in having the Premises abandoned by or reclaimed from any estate in bankruptcy, or in attempting to have any stay or injunction against the enforcement or collection of the Note or against foreclosure of the Premises lifted by any bankruptcy or other court, (iii) incurred by Trustee and/or Beneficiary if either shall be made a party to or shall intervene in any action or proceeding, whether in court or before any governmental agency, affecting the Premises or the title thereto or the interest of the Trustee or Beneficiary under this Deed (including, without limitation, any form of condemnation or eminent domain proceeding).  All such sums shall be secured hereby, and are due and payable on demand.

*Status of Parties.*  The possession of the Premises, during the existence of the Indebtedness, by Trustor (or any persons claiming under Trustor) shall be that of tenant under Beneficiary during the due performance of all of the aforementioned obligations.  In the event of a sale by Beneficiary under the power hereinafter provided or by foreclosure by process of law, then Trustor (or any person in possession under Trustor) shall then become and be a tenant "holding over" and shall forthwith deliver possession to the purchaser at such sale, or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over.

Neither the enforcement of any of the remedies described herein, the assignment of rents, nor any other remedies afforded to Beneficiary under the Note or any related loan documents shall (i) cause Beneficiary to be deemed or construed to be a mortgagee in possession of the Premises, (ii) obligate Beneficiary to lease the Premises or attempt to do so, or (iii) take any action, incur any expense, or perform or discharge any obligation, duty or liability whatsoever under any of the leases of the Premises or otherwise.

*7*

*No Waiver.* By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its rights either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

*Event of Default.* The occurrence of any one or more of the following events shall be an event of default hereunder (an "***Event of Default***"):

    (a) *Monetary Default.* Failure to pay when due any sum due pursuant to the Note or this Deed within five (5) days of its due date.

    (b) *Breach of Covenants.* Failure to perform or comply with any of the non-monetary covenants, agreements, terms and conditions contained in this Deed and/or the Note, and such failure is not cured within ten (10) days of Trustor's receipt of notice of such non-performance or non-compliance.

    (c) *Attachment.* If there is an attachment or judicial seizure of any part of the Premises.

    (d) *Bankruptcy.* If Trustor shall file a voluntary petition in bankruptcy or be adjudicated insolvent or bankrupt, or shall file any petition or answer seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under any present or future federal, state or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, or if Trustor shall seek or consent to or acquiesce in the appointment of any trustee, receiver, or liquidator for it or of the Premises, or shall make any general assignment for the benefit of creditors; or if a petition shall be filed against Trustor seeking any of the foregoing and shall remain dismissed for sixty (60) days, or if the appointment of any trustee, receiver or liquidator of either Trustor or the Premises shall not be discharged within sixty (60) days.

    (e) *Liens.* If any mechanic's or materialmen's lien, or any other lien or encumbrance (including, without limitation, a homeowners' association lien) is filed against the Premises or any portion thereof and such lien is not released of record (by payment or bonding) within thirty (30) days after it is filed.

    (f) *Control or Dissolution of Trustor.* The death or legal incapacity of members of the Trustor and the estate or conservatorship, as applicable, of such member does not affirm its obligations within 180 days of the applicable death or incapacity; or if, without the prior written consent of Beneficiary, (i) beneficial ownership of Trustor shall change, (ii) Trustor shall cause or institute any proceeding for its dissolution, termination or merger, or (iii) any of the ownership interests of Trustor is transferred.

*Remedies of Beneficiary.* Upon any Event of Default, Beneficiary shall have the right to (i) accelerate the maturity of the Indebtedness by declaring the entire debt to be in default and immediately due and payable, together with accrued interest and all expenses and costs of collection shall be added to the amount of the Indebtedness and as such shall also be covered by the security of this Deed, (ii) have a receiver appointed for the Premises as a part of any proceeding to foreclose on this Deed or to enforce any of its terms, or relating to the collection of rents or of any part of the Indebtedness, and Trustor agrees to the appointment of such receiver without requiring proof of insolvency, value of the Premises or any other equitable defenses, and to the appointment of such receiver, (iii) enter the property and take exclusive possession thereof and of all books records and accounts relating thereto or located thereon, and if Trustor remains in possession, then Beneficiary may invoke legal remedies to dispossess Trustor, (iv) hold,

6

manage, develop, operate, or otherwise use the Premises as Beneficiary may deem reasonable (making such repairs, alternations, additions and improvements and taking other actions as Beneficiary may deem advisable), and apply all rents and other amounts collected by Beneficiary in connection therewith in accordance with this Deed and the Note, and (v) seek auction and sale of the Premises through court action or, in the event permitted under applicable law, sell the Premises at auction, at the local courthouse or otherwise pursuant to applicable law, to the highest bidder for cash free from any right of redemption, after advertising the time, terms and place of such sale all other notice being hereby waived by Trustor, and Beneficiary or any person on behalf of Beneficiary, or assigns, may bid and purchase at such sale and thereupon execute and deliver to the purchaser or purchasers at such sale a sufficient conveyance of said property in fee simple, which conveyance shall contain recitals as to the happenings of the default upon which the execution of the power of sale herein granted depends, and Trustor hereby constitutes and appoints Beneficiary and the agent and attorney-in-fact of Trustor to make such recitals, and hereby covenants and agrees that the recitals so to be made by Beneficiary, or assigns, shall be binding and conclusive upon Trustor.

Beneficiary shall collect the proceeds of any such sale, which shall be applied first to the costs and expenses of the sale (including any attorneys' fees and any increased servicing or related fees), then to the entire balance amount of principal and interest due under the Indebtedness, together with the amount of any taxes, assessments, premiums of insurance or other payments theretofore paid by Beneficiary, with eighteen percent (18%) per annum thereon (or the maximum rate permitted by law) from date of payment, and the remainder, if any, to Trustor. At any time or from time to time, without liability therefore and without notice, and without affecting the personal liability of any person for payment of the Indebtedness, Trustee may reconvey any part of said property; consent to the making of any map or plot thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

*Right to Make Advances.* Upon any Event of Default, Beneficiary may, at its option, advance or disburse funds for the performance of any term, warranty, covenant, condition, or obligation of Trustor hereunder. All sums so advanced or disbursed by Beneficiary for such performance shall be secured hereby and held to be a prior charge to the lien of this Deed upon foreclosure, and shall be payable on demand.

*Attorney-in-Fact.* Trustor hereby irrevocably appoints Beneficiary as its attorney-in-fact, which agency is coupled with an interest, with full authority in the place and stead of Trustor, to, in Beneficiary's discretion, (a) execute and/or record any notices of completion, cessation of labor or any other notices that Beneficiary deems appropriate to protect Beneficiary's interest, if Trustor shall fail to do so within ten (10) days after written request by Beneficiary, (b) upon the issuance of a deed pursuant to the foreclosure of this Deed or the delivery of a deed in lieu of foreclosure, to execute all instruments of assignment, conveyance or further assurance with respect to the leases, rents, and property agreements in favor of Beneficiary of any such deed and as may be necessary or desirable for such purpose, (c) prepare, execute and file or record financing statements, continuation statements, applications for registration and like papers necessary to create, perfect or preserve Beneficiary's security interests and rights in or to any of the Premises, and (d) while any event of default exists, to perform any obligation of Trustor

7

hereunder; *provided, however,* that (1) Beneficiary shall not under any circumstances be obligated to perform any obligation of Trustor, (2) any sums advanced by Beneficiary in such performance shall be added to and included in the Indebtedness and shall bear interest at the rate hereinabove described, (3) Beneficiary as such attorney-in-fact shall only be accountable for such funds as are actually received by Beneficiary, and (4) Beneficiary shall not be liable to Trustor or any other person or entity for any failure to take any action which it is empowered to take under this provision. Trustor hereby ratifies and approves all acts of said attorney, and so long as the attorney acts in good faith it shall have no liability to Trustor for any act or omission as such attorney.

*Full Payment.* That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof.

*Beneficiary Can Assign Successor Trustee.* Beneficiary, or any successor in ownership of the Indebtedness, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.

*Pledge of Loan Docs to Indenture Trustee.* Trustor acknowledges that Beneficiary has pledged this Deed, the Note, and any other loan documents reflecting the Indebtedness (the "***Loan Documents***") to UMB Bank, National Association, a national banking association incorporated and existing under the laws of the United States of America ("***UMB***"). Beneficiary has granted to UMB a security interest in the Loan Documents as security for Beneficiary's obligations under an indenture agreement dated September 10, 2015 between Beneficiary and UMB (the "***Indenture Agreement***"). Trustor shall not enter into any agreement to encumber the Loan Documents without UMB's prior written consent, which consent may be withheld in UMB's sole discretion. Upon notice from UMB, Trustor shall give copies of any notices or other communications that it sends to Beneficiary to UMB at the same time as such notices or other communications are sent to Beneficiary. Trustor acknowledges the powers and proxies granted to UMB, and agrees that UMB shall have the right to exercise any power available to Beneficiary in the event that Beneficiary defaults on its obligations under the Indenture Agreement and shall succeed to the rights of Beneficiary in such event.

*Binding on Successors.* This Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and permitted assigns. The term Beneficiary shall mean the owner and holder from time to time, including pledgees, of the Note, whether or not named as Beneficiary herein.

*General.* The rights and remedies under this Deed shall be separate, distinct and cumulative, none of them shall be in exclusion of any other, and all such rights and remedies are in addition to every other remedy existing now or hereafter, at law or in equity or by statute. No delay on the part of Trustee or Beneficiary, nor any failure by either of them, to exercise any right, power

8

*P*

or privilege hereunder (whether single, partial, or entire) shall operate as a waiver thereof.  There are no verbal or other agreements or understandings between Trustor and Beneficiary that modify or affect the terms of this Deed, and Trustor has not relied upon any representations made by Beneficiary that have not been made in writing in this Deed, the Note or the other documents relating to the Indebtedness.  In the event of any conflict between the terms of this Deed, the Note, and the terms of the other documents relating to the Indebtedness, the terms of this Deed shall prevail.  This Deed and the rights and obligations of the parties hereto shall be governed by and be construed according to the laws of the State of California, without giving effect to the principles of conflicts of laws thereof.  This Deed shall be deemed to have been drafted jointly by Trustor and Beneficiary, and no law or rule requiring the interpretation of uncertainties against a drafting party shall apply.  The headings in this Deed are for convenience only and shall not to be used in any interpretation of this Deed.  Any provision of this Deed that shall be held by a court of competent jurisdiction to be invalid, void or illegal shall in no way affect, impair or invalidate any other provision or term hereof, and all other provisions or terms hereof shall remain in full force and effect.  Whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party.

*WAIVER OF JURY TRIAL.*  **THE TRUSTOR IRREVOCABLY WAIVES ANY AND ALL RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING OR CLAIM OF ANY NATURE RELATING TO THIS DEED OF TRUST, ANY DOCUMENTS EXECUTED IN CONNECTION WITH THIS DEED OF TRUST OR ANY TRANSACTION CONTEMPLATED IN ANY OF SUCH DOCUMENTS.  THE TRUSTOR ACKNOWLEDGES THAT THE FOREGOING WAIVER IS KNOWING AND VOLUNTARY.**

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

*11*

**IN WITNESS WHEREOF,** the undersigned has executed this Deed of Trust and Assignment of Rents effective as of March 24, 2016.

**TRUSTOR:**

2401 Nottingham LLC, a California limited liability company

By: _____
Name: Jeffrey Yohai
Its:    Sole Member


STATE OF ~~CALIFORNIA~~ New York    }
COUNTY OF New York    } ss.


On March 24 2016 _____ before me, Jason Barth _____
Notary Public, personally appeared _____ Jeffrey Bha, _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in their authorized capacity(ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.


Signature: _____    (Seal)

*JASON BARTH
NOTARY
NO. 620A6319320
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
02/17/2019
PUBLIC
STATE OF NEW YORK*

*A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

*12*

## Exhibit "A"

### Legal Description of Premises

LOT 28 OF TRACT NO. 5337, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 64 PAGE(S) 95 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

# RECORDED

# PETITION

Exhibit 6                                    Page 144

 

This page is part of your document - DO NOT DISCARD



## 20161650936



Pages:
0015

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/28/16 AT 02:07PM**

| | |
|---|---|
| FEES: | 57.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 57.00 |



LEADSHEET



201612283320059

00013170684

008045898

SEQ:
04

DAR - Courier (Upfront Scan)



THIS FORM IS NOT TO BE DUPLICATED



E535808

Exhibit 6                    Page 145

**When Recorded Mail To:**

**Goe & Forsythe**
18101 Von Karmen, Suite 1200
Irvine, CA 92605

12/28/2016

*20161650936*

## Title(s)

## Voluntary Petition

Exhibit 6                                           Page 146

# UNITED STATES BANKRUPTCY COURT
## Central District of California

I hereby attest and certify that on _Dec. 27, 2016_ the attached reproduction(s),

containing _12_ pages, is a full, true and correct copy of the complete document

entitled: _Voluntary Petition for Non-Individuals ; Deficiency Notices_

Case #: _8:16-BK-15171-CB_  Doc #: _1_

which includes: ☐ Exhibits  ☐ Attachments

on file in my office and in my legal custody at the marked location:

☐ 255 E. Temple Street, Suite 940
Los Angeles, CA 90012

☐ 3420 Twelfth Street, Suite 125
Riverside, CA 92501-3819

☑ 411 West 4th Street, Suite 2074
Santa Ana, CA 92701-4593

☐ 1415 State Street
Santa Barbara, CA 93101-2511

☐ 21041 Burbank Boulevard
Woodland Hills, CA 91367

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _Tunika Raw_
Deputy Clerk

## THIS CERTIFICATION IS VALID ONLY WITH THE UNITED STATES BANKRUPTCY COURT SEAL.

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number *(if known)* _____    Chapter ___11___

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **1550 Blue Jay Way, LLC, a Delaware, Limited Liability Company** | |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **47-4190276** | |

4. Debtor's address

Principal place of business

**3991 MacArthur Blvd.**
**Suite 125**
**Newport Beach, CA 92660**
Number, Street, City, State & ZIP Code

**Orange**
County

Mailing address, if different from principal place of business

_____
P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business
**1550 Bluejay Way, West Hollywood, CA 90069**
Number, Street, City, State & ZIP Code

5. Debtor's website (URL)

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Exhibit 6                    Page 148

Debtor  **1550 Blue Jay Way, LLC, a Delaware, Limited Liability Company**                     Case number (*if known*) _____
_____
Name

---

**7.  Describe debtor's business**        A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ■ None of the above

    B. *Check all that apply*

    ☐ Tax-exempt entity (as described in 26 U.S.C. §501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
    See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    _____

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**    *Check one:*

    ☐ Chapter 7

    ☐ Chapter 9

    ■ Chapter 11. *Check all that apply:*

        ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

        ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ☐ A plan is being filed with this petition.

        ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    ■ No.
    ☐ Yes.

If more than 2 cases, attach a separate list.

| | District _____ | When _____ | Case number _____ |
| --- | --- | --- | --- |
| | District _____ | When _____ | Case number _____ |

---

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | SEE ATTACHMENT | Relationship _____ |
| --- | --- | --- |
| District _____ | When _____ | Case number, if known _____ |

---

Exhibit 6        Page 149

Debtor    **1550 Blue Jay Way, LLC, a Delaware, Limited Liability
Company**                                                        Case number *(if known)*
    Name

---

| 11. | Why is the case filed in *this district?* | Check all that apply: |
|---|---|---|

      ■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

      ☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

  ■ No

  ☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                 Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

           Contact name _____

           Phone _____

---

▓▓ **Statistical and administrative information**

---

**13. Debtor's estimation of available funds**    .    Check one:

  ■ Funds will be available for distribution to unsecured creditors.

  ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Exhibit 6          Page 150

| Debtor | 1550 Blue Jay Way, LLC, a Delaware, Limited Liability Company | Case number (if known) |
|---|---|---|
| | Name | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    December 22, 2016
                MM / DD / YYYY

X  /s/ Jeffrey Yohai                                    Jeffrey Yohai
   Signature of authorized representative of debtor        Printed name

Title    **Managing Member**

**18. Signature of attorney**

X  /s/ Marc C. Forsythe                    Date   December 22, 2016
   Signature of attorney for debtor                 MM / DD / YYYY

**Marc C. Forsythe**
Printed name

**GOE & FORSYTHE, LLP**
Firm name

**18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612-7127**
Number, Street, City, State & ZIP Code

Contact phone    **(949) 798-2460**        Email address

**153854**
Bar number and State

Exhibit 6                          Page 151

## 1550 Blue Jay Way, LLC – related bankrupty
## Petitions to be filed

**Debtor: 779 Stradella, LLC, a Delaware**          Relationship: common ownership
**limited liability company**

District:      Central District of California,      Date filed: 12/21/2016
               Santa Ana Division

Case Number: 8:16-bk-15156-CB


**Debtor: Mt. Yohai, LLC, a Delaware**          Relationship: common ownership
**limited liability company**

District:      Central District of California,      Date filed: 12/21/2016
               Santa Ana Division

Case Number: 8:16-bk-15157-CB


**Debtor: 2401 Nottingham, LLC,  a**          Relationship: common ownership
**California limited liability company**

District:      Central District of California,      Date to be filed: 12/30/2016
               Santa Ana Division

Case Number: Unknown

Exhibit 6                                    Page 152

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | 1550 Blue Jay Way, LLC, a Delaware, Limited Liability Company |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Crest Real Estate, LLC<br>11150 W. Olympic Blvd., Suite 700<br>Los Angeles, CA 90064 | | | | | | $32,145.82 |
| Feffer Geological Consulting<br>1990 S Bundy Dr # 400<br>Los Angeles, CA 90025 | | | | | | $5,795.99 |
| James West Roofing & Waterproofing<br>1742 Grand Avenue Suite 6<br>Long Beach, CA 90804 | | | | | | $400.00 |
| Monterey Energy Group, Inc.<br>26465 Carmel Rancho Blvd.<br>Suite 8<br>Carmel<br>Carmel, CA 93923 | | | | | | $8,138.09 |
| Parker Resnick<br>1927 Pontius Avenue<br>Los Angeles, CA 90025 | | Mechanic's Lien | | | | $12,000.00 |
| Peak Surveys, Inc.<br>2488 Townsgate Road<br>Suite D<br>Westlake Village, CA 91361-2898 | | | | | | $4,241.89 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

Exhibit 6                                                Page 153

Case 8:16-bk-15171-CB    Doc 1    Filed 12/22/16    Entered 12/22/16 15:47:51    Desc
                  Main Document        Page 7 of 10

Debtor  **1550 Blue Jay Way, LLC, a Delaware, Limited Liability**            Case number *(if known)*
        **Company**
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Questar Pools and Spas 600 S Andreasen Drive Suite C Escondido, CA 92029-1337 | | | | | | $6,400.00 |
| Steve Opdahl Surveying 187 E Wilbur Road Suite 4 Thousand Oaks, CA 91360 | | | | | | $5,100.00 |
| Vantage Design Group 2634 S La Cienega Blvd Los Angeles, CA 90034 | | | | | | $60,692.49 |

Exhibit 6                                                    Page 154

**Fill in this information to identify the case:**

Debtor name    **1550 Blue Jay Way, LLC, a Delaware, Limited Liability Company**

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known)

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    *Amended Schedule*
■    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐    Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 22, 2016**        X /s/ Jeffrey Yohai
                                                        Signature of individual signing on behalf of debtor

                                                        **Jeffrey Yohai**
                                                        Printed name

                                                        **Managing Member**
                                                        Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

Exhibit 6                                    Page 155

1550 Blue Jay Way, LLC, a Delaware, Limited Liability Com
3991 MacArthur Blvd.
Suite 125
Newport Beach, CA 92660


Marc C. Forsythe
GOE & FORSYTHE, LLP
18101 Von Karman Avenue
Suite 1200
Irvine, CA 92612-7127


California TD Specialists
8190 East Kaiser Road
Anaheim, CA 92808


Crest Real Estate, LLC
11150 W. Olympic Blvd., Suite 700
Los Angeles, CA 90064


DJ Blue Jay Way, LLC
c/o The Management Group
8383 Wilshire Blvd. #400
Beverly Hills, CA 90211


Feffer Geological Consulting
1990 S Bundy Dr # 400
Los Angeles, CA 90025


Genesis Capital Master Fund III LLC
Attn: Yvonne Gruenberg
21650 Oxnard Street
Suite 1700
Woodland Hills, CA 91367


James West Roofing & Waterproofing
1742 Grand Avenue
Suite 6
Long Beach, CA 90804

Exhibit 6                                    Page 156

Los Angeles County Tax Collector
PO Box 54018
Los Angeles, CA 90054-0018


Monterey Energy Group, Inc.
26465 Carmel Rancho Blvd.
Suite 8
Carmel
Carmel, CA 93923


Parker Resnick
1927 Pontius Avenue
Los Angeles, CA 90025


Peak Surveys, Inc.
2488 Townsgate Road
Suite D
Westlake Village, CA 91361-2898


Questar Pools and Spas
600 S Andreasen Drive
Suite C
Escondido, CA 92029-1337


RS Lending, Inc.
501 Second Street
Suite 700
San Francisco, CA 94107


Steve Opdahl Surveying
187 E Wilbur Road
Suite 4
Thousand Oaks, CA 91360


Vantage Design Group
2634 S La Cienega Blvd
Los Angeles, CA 90034

Exhibit 6                                    Page 157

Case 8:16-bk-15171-CB    Doc 1-1    Filed 12/22/16    Entered 12/22/16 15:47:51    Desc
Case Com Def Notice    Page 1 of 1

# United States Bankruptcy Court
## Central District of California

| | |
|---|---|
| In re:<br>1550 Blue Jay Way, LLC, a Delaware, Limited Liability<br>Company | CHAPTER NO.: 11<br><br>CASE NO.: 8:16-bk-15171-CB |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

**A.** You must cure the following within 14 days from filing of your petition:

☑ Corporate Resolution Authorizing Filing of Petition required for Chapter 7 and 11. [Court Manual, section 2.1]
☑ Corporate Ownership Statement as specified by LBR 1007-4
☑ Statement of Related Cases (LBR Form 1015-2) [Information required by LBR 1015-2]
☑ Disclosure of Compensation of Attorney for Debtor (Official Form 2030). [11 U.S.C. § 329; FRBP 2016(b)]
☑ Verification of Master Mailing List of Creditors [LBR 1007-1(a)] (LBR Form F1007-1)

**B.** If you are a Small Business Debtor in a Chapter 11 case, within 7 days after the date of the filing of the petition, you must file the most recent:

1. Balance sheet
2. Statement of operations
3. Cash-flow statement
4. Federal tax return

OR

5. Statement made under penalty of perjury that no balance sheet, statement of operations, or cash-flow statement has been prepared and no Federal tax return has been filed. [11 U.S.C.§1116]

**The 2015 Revised Official Bankruptcy Forms are effective and mandatory December 1, 2015. Forms are available at www.cacb.uscourts.gov/forms**

For all items above that are not electronically filed, you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002-1(c) and 5005-2, and Court Manual, section 2.5(a)(2).

    Chapter 11    Original and 2 Copies. 1 copy marked as "Judge's Copy."

**Please return the original or copy of this form with all required items to the following location:**

    411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593

If you have any questions, please contact the Court's Call Center at the toll free number (855) 460-9641.

Dated: December 22, 2016

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form ccdn – Rev 12/2015)                                                                                  1 /

Exhibit 6                                                                          Page 158

Case 8:16-bk-15171-CB    Doc 1-2    Filed 12/22/16    Entered 12/22/16 15:47:51    Desc
Ntc of Case Deficient 521    Page 1 of 1

| United States Bankruptcy Court | |
| Central District of California | |
| In re:<br>1550 Blue Jay Way, LLC, a Delaware, Limited Liability<br>Company | CHAPTER NO.:  11 |
| | CASE NO.: 8:16–bk–15171–CB |

## NOTICE OF CASE DEFICIENCY
## UNDER 11 U.S.C. § 521(a)(1) AND BANKRUPTCY RULE 1007

To Debtor and Debtor's Attorney of Record,

Pursuant to F.R.B.P. 1007, you must file the following documents within 14 days from the date of the filing of your petition. Your case may be dismissed if you fail to do so.

**Summary(Form 106Sum or 206Sum)**
**Schd A/B(Form106A/B or 206A/B)**
**Schedule D (Form 106D or 206D)**
**Eq. Sec. Hold. List**
**Schd E/F(Form106E/F or 206E/F)**
**StmtFinAffairs(Form107 or 207)**
**Schedule G (Form 106G or 206G)**
**Schedule H (Form 106H or 206H)**
**Decl Re Sched (Form 106Dec)**

The 2015 Revised Official Bankruptcy Forms are effective and mandatory December 1, 2015. Forms are available at www.cacb.uscourts.gov/forms

According to Bankruptcy Rule 1007(c), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)    File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005–2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)    File and serve a motion for an order extending the time to file the required document(s).

**IF YOU DO NOT COMPLY**, in a timely manner with either of the above alternatives, your case may be the subject of an order to show cause to dismiss the case. Motion for extension of time to file schedules and other papers shall comply with Local Bankruptcy Rule 1007–1, and shall be supported by admissible evidence demonstrating cause for the requested extension.

Dated: December 22, 2016

For the Court
**Kathleen J. Campbell**
Clerk of Court

DEF – Revised 12/2015

1 /

Exhibit 6                                                    Page 159

**us bank**

All of **us** serving you®

Commercial Real Estate
633 W Fifth Street, 29th Floor
Los Angeles, CA 90071

January 12, 2017

Re: Account Closures

To Whom It May Concern:

This letter serves to inform you that the following accounts have been closed as of January 4, 2017:

2401 Nottingham LLC ███████7240  0.00 balance
MT Yohai LLC ███████2045 0.00 balance
1550 Blue Jay Way LLC ███████7232 0.00 Balance
779 Stradella LLC ███████2011 0.00 balance

Regards,

Carla Johnson

AVP/DPS Relationship Manager
U.S. Bank Commercial Real Estate

 **Bank**

America's Most Convenient Bank®

T    STATEMENT OF ACCOUNT



2944-MTD0104t110216079559-000000

1550 BLUE JAY WAY LLC
779 STRADELLA RD
LOS ANGELES CA  90077-3307

| | |
|---|---|
| Page: | 1 of 2 |
| Statement Period: | Oct 01 2016-Oct 31 2016 |
| Cust Ref #: | ▮-T-### |
| Primary Account #: | 0389 |

## TD Business Premier Checking

1550 BLUE JAY WAY LLC

Account #▮0389

### WE'RE CHANGING OUR BUSINESS CHECKING CASH DEPOSIT FEE

BEGINNING NOVEMBER 1, 2016, WE'RE INCREASING OUR CASH DEPOSIT FEE FOR ALL BUSINESS DEPOSIT
ACCOUNTS FROM $0.15 TO $0.20 PER $100 CASH DEPOSITED IN EXCESS OF YOUR MONTHLY THRESHOLD.
QUESTIONS? CALL 1-888-751-9000 OR VISIT A LOCAL TD BANK.

### ACCOUNT SUMMARY

| | | | |
|---|---|---|---|
| Beginning Balance | 0.00 | Average Collected Balance | -20.80 |
| Electronic Deposits | 50.00 | Annual Percentage Yield Earned | 0.00% |
| Other Credits | 35.00 | Days in Period | 31 |
| | | | |
| Electronic Payments | 50.00 | | |
| Other Withdrawals | 35.00 | | |
| Ending Balance | 0.00 | | |

### DAILY ACCOUNT ACTIVITY

**Electronic Deposits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/19 | eTransfer Credit, Online Xfer | 50.00 |
| | Transfer from CK▮0313 | |
| | Subtotal: | 50.00 |

**Other Credits**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/19 | HANDLING CHG REVERSAL | 35.00 |
| | Subtotal: | 35.00 |

**Electronic Payments**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/11 | eTransfer Debit, Online Xfer | 50.00 |
| | Transfer to CK▮0313 | |
| | Subtotal: | 50.00 |

**Other Withdrawals**

| POSTING DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/12 | OVERDRAFT PD | 35.00 |
| | Subtotal: | 35.00 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|
| 9/30 | 0.00 | 10/12 | -85.00 |
| 10/11 | -50.00 | 10/19 | 0.00 |





### Call 1-800-937-2000 for 24-hour Bank-by-Phone services or connect to www.tdbank.com

Bank Deposits FDIC Insured | TD Bank, N.A. | Equal Housing Lender

 Exhibit 6                          Page 161

## Customer Record

JEFFREY YOHAI    1550 BLUEJAY...    779 STRADELL...    MT YOHAI LLC    2401 NOTTING...

ADD (/SVP/MOD/...

### Checking/Savings Account Detail

CUSTOMER RECORD (/SVP/MOD/CUSTOMERRECORD/414330570019712)

### Wells Fargo Simple Business Checking
CALIFORNIA 114

**Balance**    View History (/svp/mod/account/DDA/114███████53/history)

█████5653  |  OPENED 02/02/2017  |  First Year  |  NEW

Ledger Balance: $0.00

Available Balance: $25.00

Average Balance Last 12 Months: $0.00

| | Stop Pay - No | Insufficient Funds/Overdraft Today: | No |
| None | Holds - No | | |
| DCOS - Yes | Click for detail | Pledges - No    Paper | |

Balance Sweep: None

Last ACH Direct Deposit: None

*Account Relationships*

Tax Responsible Customer:  1550 BLUEJAY WAY, LLC
(/svp/mod/customerRecord/414330570019712)

*Linked Debit/ATM Cards*

None

*Additional Relationships*

1550 BLUEJAY WAY, LLC
(/svp/mod/customerRecord/414330570019712)  Sole Owner
JEFFREY YOHAI
(/svp/mod/customerRecord/267890991822318)  Signer

*Other Related Accounts*

**Brokerage Settlement Relationships**

None

*Account Title*

Statement/Mailing Name:  1550 BLUEJAY WAY, LLC
DEBTOR IN POSSESSION
CH11 CASE 16-15171 (CCA)

| Other | |
| --- | --- |
| PMA Relationship | No |
| Relationship Pricing | No |

*Basic Information*

Account TIN:  EIN | xx-xxx0276    View

Certification:  Not Certified, Withholding

Check Routing Transit Number:  122000247

Line of Business:  RETAIL BUSINESS

Money Services Business:  No

*Location Information*

AU:  65825

Officer/Portfolio:  CF281  BALL, EVAN S  310-454-0159

Location:  4738 PACIFIC PALISADES
PACIFIC PALISADES OFFICE
15240 W SUNSET BLVD
PACIFIC PALISADES, CA 90272

JEFFREY YOHAI    1550 BLUEJAY...    779 STRADELL...    MT YOHAI LLC    2401 NOTTINGH...

ADD (/SVP/MOD/...

Exhibit 6    Page 162

Server: rpvra00a0204/prod_svp_266.2.1_a

# Business Account Application


**WELLS FARGO**

| Bank Name: | Store Name: |
|---|---|
| WELLS FARGO BANK, N.A. | PACIFIC PALISADES |

| Banker Name: | Officer/Portfolio Number: | Date: |
|---|---|---|
| EVAN BALL | CF281 | 02/02/2017 |

| Banker Phone: | Store Number: | Banker AU: | Banker MAC: |
|---|---|---|---|
| 310/454-0159 | 04738 | 0065825 | E3102-011 |

To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

## New Account Information

☒ New Deposit Account(s) Only          ☐ New Deposit Account(s) and Business Credit Card

| Account 1 Product Name: | Purpose of Account 1: |
|---|---|
| Wells Fargo Simple Business Checking | General Operating Account |

| COID: | Product: | Account Number: | Opening Deposit: | Type of Funds: |
|---|---|---|---|---|
| 114 | DDA | ███5653 | $50.00 | CACK |

| New Account Kit: | Checking/Savings Bonus Offer Available: |
|---|---|
| yohai481@gmail.com | NO |

## Related Customer Information

| Customer 1 Name: | |
|---|---|
| 1550 BLUEJAY WAY, LLC | |

| Enterprise Customer Number (ECN): | Account Relationship: |
|---|---|
| 414330570019712 | Sole Owner |

| Customer 2 Name: | |
|---|---|
| JEFFREY YOHAI | |

| Enterprise Customer Number (ECN): | Account Relationship: |
|---|---|
| 267890991822318 | Signer |

## Checking/Savings Statement Mailing Information

| Name(s) and Information Listed on Statement: | Statement Mailing Address: | |
|---|---|---|
| 1550 BLUEJAY WAY, LLC | 779 STRADELLA RD | |
| | Address Line 2: | |
| | | |
| | City: | State: |
| | LOS ANGELES | CA |
| | ZIP/Postal Code: | Country: |
| | 90077-3307 | US |



2W02-000878865146-01

Business Account Application

## Customer 1 Information

Customer Name:
1550 BLUEJAY WAY, LLC

| Enterprise Customer Number (ECN): | Street Address: |
|---|---|
| 414330570019712 | 779 STRADELLA RD |

| Account Relationship: | Address Line 2: |
|---|---|
| Sole Owner | |

| Taxpayer Identification Number (TIN): | TIN Type: | Address Line 3: |
|---|---|---|
| 47-4190276 | EIN | |

| Business Type: | City: | State: |
|---|---|---|
| Limited Liability Company | LOS ANGELES | CA |

| Business Sub-Type/Tax Classification: | Non-Profit: | ZIP/Postal Code: | Country: |
|---|---|---|---|
| | No | 90077-3307 | US |

| Date Originally Established: | Current Ownership Since: | Number of Employees: | Business Phone: | Fax: |
|---|---|---|---|---|
| 06/05/2015 | | 1 | 917/946-3469 | |

| Annual Gross Sales: | Year Sales Reported: | Fiscal Year End: | Cellular Phone: | Pager: |
|---|---|---|---|---|
| $100,000.00 | 01/01/2016 | | | |

| Primary Financial Institution: | Number of Locations: | e-Mail Address: |
|---|---|---|
| | 1 | |

| Primary State 1: | Primary State 2: | Primary State 3: | Website: |
|---|---|---|---|
| | | | |

| Primary Country 1: | Primary Country 2: | Primary Country 3: | Sales Market: |
|---|---|---|---|
| | | | LOCAL |

Industry:
Real Estate, Rental and Leasing

Description of Business:
Real Estate

Major Suppliers/Customers:


## Bank Use Only

| Name/Entity Verification: | Address Verification: |
|---|---|
| Articles of Organization | FP/FD |

BACC Reference Number:
6170330000601

| Document Filing Number/Description: | Filing Country: | Filing State: | Filing Date: | Expiration Date: |
|---|---|---|---|---|
| 5760747 | US | DE | 06/05/2015 | |

| Country of Registration: | State of Registration: | International Transactions: | Check Reporting: |
|---|---|---|---|
| US | DE | | NEG RECORD-APPROVED |

| Customer 1 Name: | Internet Gambling Business?: |
|---|---|
| 1550 BLUEJAY WAY, LLC | No |



Business Account Application

## Owner/Key Individual 1 Information

| | |
|---|---|
| Customer Name:<br>JEFFREY YOHAI | Residence Address:<br>30254 MORNING VIEW DR |
| Business Relationship:<br>Owner with Control of the Entity | Address Line 2: |
| Position/Title: | Date of Birth:<br>12/04/1981 | Percent of Ownership:<br>100.0 | Address Line 3: |

| | | |
|---|---|---|
| Enterprise Customer Number (ECN):<br>267890991822318 | City:<br>MALIBU | State:<br>CA |
| Taxpayer Identification Number (TIN): ▮▮▮▮▮▮ | TIN Type:<br>SSN | ZIP/Postal Code:<br>90265-3617 | Country:<br>US |

| | |
|---|---|
| Primary ID Type:<br>DLIC | Primary ID Description:<br>481 142 800 | Country of Citizenship:<br>US | Permanently Resides in US: |
| Primary ID St/Ctry/Prov:<br>NY | Primary ID Issue Date:<br>09/22/2010 | Primary ID Expiration Date:<br>12/04/2018 | Check Reporting:<br>RECORD |
| Secondary ID Type:<br>OTHR CC | Secondary ID Description:<br>CHASE | |
| Secondary ID State/Country: | Secondary ID Issue Date: | Secondary ID Expiration Date:<br>03/01/2019 |



2W02-000878865146-03

Business Account Application

## Certificate of Authority

Each person who signs the "Certified/Agreed To" section of this Application certifies that:

**A. The Customer's use of any Wells Fargo Bank, N.A. ("Bank") deposit account, product or service will confirm the Customer's receipt of, and agreement to be bound by, the Bank's applicable fee and information schedule and account agreement that includes the Arbitration Agreement under which any dispute between the Customer and the Bank relating to the Customer's use of any Bank deposit account, product or service will be decided in an arbitration proceeding before a neutral arbitrator as described in the Arbitration Agreement and not by a jury or court trial.**

B. Each person who signs the "Certified/Agreed To" section of this Application or whose name, any applicable title and specimen signature appear in the "Authorized Signers - Signature Capture" section of this Application is authorized on such terms as the Bank may require to:

(1) Enter into, modify, terminate and otherwise in any manner act with respect to accounts at the Bank and agreements with the Bank or its affiliates for accounts and/or services offered by the Bank or its affiliates (other than letters of credit or loan agreements);

(2) Authorize (by signing or otherwise) the payment of Items from the Customer's account(s) listed on this Business Account Application (including without limitation any Item payable to (a) the individual order of the person who authorized the Item or (b) the Bank or any other person for the benefit of the person who authorized the Item) and the endorsement of Deposited Items for deposit, cashing or collection (see the Bank's applicable account agreement for the definitions of "Item" and "Deposited Item");

(3) Give instructions to the Bank in writing (whether the instructions include the manual signature or a signature that purports to be the facsimile or other mechanical signature including a stamp of an Authorized Signer as the Customer's authorized signature without regard to when or by whom or by what means or in what ink color the signature may have been made or affixed), orally, by telephone or by any electronic means in regard to any Item and the transaction of any business relating to the Customer's account(s), agreements or services, and the Customer shall indemnify and hold the Bank harmless for acting in accordance with such instructions; and

(4) Delegate the person's authority to another person(s) or revoke such delegation, in a separate signed writing delivered to the Bank.

C. If a code must be communicated to the Bank in order to authorize an Item, and the code is communicated, the Item will be binding on the Customer regardless of who communicated the code.

D. Each transaction described in this Certificate of Authority conducted by or on behalf of the Customer prior to delivery of this Certificate is in all respects ratified.

E. If the Customer is a tribal government or tribal government agency, the Customer waives sovereign immunity from suit with respect to the Customer's use of any Bank account, product or service referred to in this Certificate.

F. The information provided in this Application is correct and complete, each person who signs the "Certified/Agreed To" section of this Application and each person whose name appears in the "Authorized Signers-Signature Capture" section of this Application holds any position indicated, and the signature appearing opposite the person's name is authentic.

G. The Customer has approved this Certificate of Authority or granted each person who signs the "Certified/Agreed To" section of this Application the authority to do so on the Customer's behalf by:

(1) resolution, agreement or other legally sufficient action of the governing body of the Customer, if the Customer is not a trust or a sole proprietor;

(2) the signature of each of the Customer's trustee(s), if the Customer is a trust; or

(3) the signature of the Customer, if the Customer is a sole proprietor.

## Certified/Agreed To

Owner/Key Individual 1 Name                                              Position/Title:
JEFFREY YOHAI

Owner/Key Individual 1 Signature

JEFFREY YOHAI                                          ☐ Submit manually        Date:
                                                       ☐ Signature not required  02/02/2017

## Authorized Signers - Signature Capture

Authorized Signer 1 Name                                                 Position/Title:
JEFFREY YOHAI

Authorized Signer 1 Signature

JEFFREY YOHAI                                          ☐ Submit manually        Date:
                                                       ☐ Signature not required  02/02/2017



BBG2307 (5-16 SVP)                    2W02-000878865146-04

Exhibit 6

**INSURMARK**

**RMS Mortgage Asset Trust 2012-1 &**
**Santa Monica, CA 90405**

4 West Main Street, Suite 600
Springfield, OH 45502

**File No:** 1322852
**Status:** I Inforce

| | | | | |
|---|---|---|---|---|
| Loan No: | 2017-01 | Last Chg Dt: | 01/09/2017 | Entry Dt: 01/09/2017 |
| Name: | RMS, LLC | Last Chg By: | INSMRK | Entry By: 19983 |
| Address: | 1550 Blue Jay Way | Dept: | 79701 | RMS Mortgage Asset Trust 2012- |
| | Los Angeles CA 90069 | | | |

---

**Cov Cd :** **GAES-PR** Property Coverage     **Status:** I Inforce

**Coverage :** **Property Coverage**

| | | | |
|---|---|---|---|
| Eff Dt: | 01/09/2017 | Entry By: | 19983 |
| Bill Cycle: | M Monthly | Entry Dt: | 01/09/2017 |
| Billed Through: | | | |
| | | Pro Cov Nbr: | 975542 |
| Initial | Class Code: 4 Residential - VAC - REO | Primary PCN: | |
| | Rate Base: 2,000,000.00 | Car Pol No | Effective Date |
| | Insurance Amt: 2,000,000.00 | | |
| | Submit Prem: | | |

---

**Cov Cd :** **GAESLIA** Liability Coverage     **Status:** I Inforce

**Coverage :** **Liability Coverage**

| | | | |
|---|---|---|---|
| Eff Dt: | 01/09/2017 | Entry By: | 19983 |
| Bill Cycle: | M Monthly | Entry Dt: | 01/09/2017 |
| Billed Through: | | | |
| | | Pro Cov Nbr: | 975543 |
| Initial | Class Code: 16 Residential - VAC - Liability | Primary PCN: | 975542 |
| | Rate Base: | Car Pol No | Effective Date |
| | Insurance Amt: | | |
| | Submit Prem: | | |

---

Exhibit 6      Page 167

# List of Insiders/Security Equity Holders

# 1550 Blue Jay Way, LLC

**Insiders/Members**                    **Percentage**

**Baylor Holding LLC**                  100%
3991 MacArthur Blvd #125
Newport Beach, CA 92660


**Preferred Investor**
**DJ Blue Jay Way**                     Preferred equity
c/o The Management Group
8383 Wilshire Blvd. #400
Beverly Hills, CA 90211

Exhibit 6                                    Page 168

1  Marc C. Forsythe - State Bar No. 153854
Donald W. Reid – State Bar No. 281743
2  Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
3  18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
4  mforsythe@goeforlaw.com
dreid@goeforlaw.com
5  cmiller@goeforlaw.com

6  Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437
7
8  Proposed Attorneys for 1550 Blue Jay Way, LLC
Debtor and Debtor in Possession

9

10                    **UNITED STATES BANKRUPTCY COURT**

11                     **CENTRAL DISTRICT OF CALIFORNIA**

12                            **SANTA ANA DIVISION**

13

14  In re:                                    Case No. 8:16-bk-15171-CB

15  1550 BLUE JAY WAY, LLC, a Delaware        Chapter 11
    limited liability company
16                                            **STATEMENT OF MAJOR ISSUES**

17              Debtor and Debtor in          Hearing Date: February 22, 2017
                Possession.                   Time:              10:00 a.m.
18                                            Courtroom:      5D

19

20        **TO THE HONORABLE CATHERINE BAUER, UNITED STATES BANKRUPTCY**

21  **JUDGE, AND THE UNITED STATES TRUSTEE:**

22        1.    This case was commenced on December 22, 2016, by the filing of a voluntary Chapter

23  11 petition.

24        2.    One of the requirements of the Office of the United States Trustee ("OUST") in a

25  Chapter 11 case is that Debtor provide a statement of the major issues in the Chapter 11

26  proceeding.

27        3.    The major issue confronting Debtor concerns funding the development of the Debtor's

28  only property, obtaining Court approval of such funding and either (a) entering into an agreement

Exhibit 6                                              Page 169
1

1    with Genesis Capital (the secured lender who had noticed a foreclosure sale that precipitated the

2    filing of this bankruptcy case) and then dismissing this bankruptcy case or (b) propose a plan of

3    reorganization to address Genesis debt.

4        4.    Debtor will likely have a funding commitment no later than February 28, 2017, a

5    motion to approve such funding on file shortly after obtaining the funding commitment, and, if

6    necessary, a disclosure statement and plan of reorganization on file no later than March 31, 2017.

7    Dated:  February 8, 2017                              Respectfully Submitted by

8                                                        **GOE & FORSYTHE, LLP**

9

10                                                       By:  /s/Marc C. Forsythe_____

11                                                            Marc C. Forsythe
                                                            Proposed attorneys for Debtor
12                                                          and Debtor in Possession

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 6                                                          Page 170
2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **DECLARATION OF JEFFREY YOHAI IN SUPPORT OF (1) OPPOSITION OF DEBTOR TO MOTION BY UNITED STATES TRUSTEE TO DISMISS CASE OR CONVERT CASE TO ONE UNDER CHAPTER 7 PURSUANT TO 11 U.S.C.§ 1112(b); AND, REQUEST FOR JUDGMENT FOR QUARTERLY FEES DUE AND PAYABLE TO THE U.S. TRUSTEE AT THE TIME OF THE HEARING [DOCKET NO. 20]; AND (2) OPPOSITION OF DEBTOR TO MOTION OF GENESIS CAPITAL FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362 OR, ALTERNATIVELY, MOTION FOR ORDER DISMISSING CHAPTER 11 CASE, AND GRANTING RELATED RELIEF [DOCKET NO. 36]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 8, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jeffrey W Dulberg      jdulberg@pszjlaw.com
- Marc C Forsythe      kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- Michael J Hauser      michael.hauser@usdoj.gov
- United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐      Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) February 8, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐      Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 8, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Catherine Bauer, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 8, 2017 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| Date | Printed Name | Signature |