BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax:  310.553.0687

Attorneys for
DJ Blue Jay Way, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>1550 BLUE JAY WAY, LLC, a Delaware limited liability company,<br><br>Debtor. | Case No. 8:16-bk-15171-CB<br><br>Chapter 11<br><br>**MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7; DECLARATION OF BRIAN L. DAVIDOFF**<br><br>[Application for Order Shortening Time Concurrently Filed]<br><br><u>Requested Hearing</u><br>Date:    July 26, 2017<br>Time:    10:00 a.m.<br>Crtrm:   5D<br>             United States Bankruptcy Court<br>             411 West Fourth Street<br>             Santa Ana, CA 92701 |

**TO THE HONORABLE CATHERINE BAUER, UNITED STATES**

**BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, GENESIS CAPITAL, LLC**

**ALL PARTIES-IN-INTEREST HEREIN, AND THEIR RESPECTIVE COUNSEL:**

**I.    INTRODUCTION**

DJ Blue Jay Way, LLC ("DJ") hereby moves to convert the above captioned chapter 11

case to a case under chapter 7 pursuant to section 1112(b) of the Bankruptcy Code based upon

and absence of a reasonable likelihood of rehabilitation and Debtor's default under the *Stipulation Regarding: (1) Adequate Protection Payments to Genesis Capital LLC; (2) Procedures to Convert Case to Chapter 7 upon (i) Default in Adequate Protection Payments; or (ii) Failure to Sell Real Property; and (3) Continuance of Status Conference* [Docket No. 87] (the "Adequate Protection Stipulation").

As also described in the *Request of DJ Blue Jay Way, LLC for Conversion of Case to Chapter 7 Based On the Court's Status Conference Order* [Docket No. 83] (the "Request to Convert"), this chapter 11 case has been pending now for over six and one half months with Debtor, 1550 Blue Jay Way, LLC ("Debtor") making little-to-no progress in the case at all, let alone toward any plan confirmation. Debtor's monthly operating reports (each, a "MOR") show no income, no expenses, and virtually no activity. During the same period, the Debtor's secured obligation to Genesis Capital, LLC ("Genesis") grows at a rate of $1,684.03/ day due to accrued and unpaid interest. Debtor's only accomplishment in this chapter 11 has been the hiring of a real estate broker, who was eventually retained on March 21, 2017 and has apparently been unsuccessful in finding a buyer for the primary asset of this case: real property located at 1550 Blue Jay Way, Los Angeles, California 90069 (the "Property"). As a last ditch effort to reverse Debtor's dilatory conduct in this chapter 11 case, DJ and Genesis entered into the Adequate Protection Stipulation with Debtor, which provided for conversion to chapter 7 upon Debtor's default on the payment terms. Despite Debtor's representation that adequate protection payments were forthcoming, Debtor has failed to make any such payments and conversion is now warranted.

**II.     Factual Background**

    **A.     The Case Commencement**

Debtor commenced the within bankruptcy proceeding by filing a voluntary petition (the "Petition") under chapter 11 of title 11 of the United States Code, §§ 101, et seq. (the "Bankruptcy Code") on December 22, 2016 (the "Petition Date"). The Property is the principal asset in this case. Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

1   The Court approved Debtor's subsequently filed Ex-Parte Motion to Extend Time to File

2   Schedules, Statements of Financial Affairs, and Balance of Deficiency Documents on January 10,

3   2017 [Docket No. 19-1].  Then, on January 19, 2017, Debtor filed its Second Ex-Parte Motion to

4   Extend Time to File Schedules, Statements of Financial Affairs, and Balance of Deficiency

5   Documents on January 10, 2017 [Docket No. 27], which the Court again approved [Docket No.

6   32].

7        Debtor's Schedule D discloses that the Property is encumbered by the following liens: (a)

8   a first deed of trust lien in favor of Genesis in the amount of $5,505,512.83; (b) a second deed of

9   trust lien in favor of RS Lending, Inc. in the amount of $884,000; and (c) property taxes and other

10  involuntary liens totaling $159,712.93.

11  **B.    Case Proceedings**

12       On January 27, 2017—after the bankruptcy case had been pending for over a month—

13  Debtor filed the required schedules, statements, and other case commencement documents

14  [Docket No. 37].   Four days later, on February 1, 2017, Genesis Capital LLC ("Genesis") filed

15  its motion to dismiss the chapter 11 case [Docket No. 40] (the "Motion to Dismiss"), which the

16  Court continued three times to allow Debtor to show some progress in this case.  Debtor failed to

17  do so.

18       DJ initially filed an opposition to the Genesis' Motion to Dismiss.  DJ was concerned that

19  with dismissal Genesis would move to foreclose on the Property, completely wiping out DJ and

20  other creditors.  *See* Docket No. 53.  DJ asserted, among other things, that the Motion to Dismiss

21  was premature, Genesis is adequately protected, and that dismissal of the case would preclude

22  recovery of a substantial preference action against Yohai.

23        More than five months have passed since DJ filed its initial opposition and it has become

24  apparent that relief against Debtor is now warranted.  DJ has had numerous meetings and

25  communications with counsel for Debtor and Genesis.  DJ has expressed concern that with each

26  passing month additional interest is accruing to Genesis (assuming Genesis is fully secured), and

27  the remaining equity, if any, is being dissipated.  After the elapse of several months when it

28  became apparent that there was no further funding possible in the case, DJ urged Debtor to

36815-00100/2826209.2                              3                         MOTION TO CONVERT
                                                                              TO CHAPTER 7

1  consider auctioning the Property.  Debtor chose, instead, to list the Property with a broker.  While

2  DJ was happy that Debtor had finally taken some action, DJ was concerned that listing the

3  Property alone would not result in a sale, as there is an excess inventory of high-end *spec*

4  residential homes available in the adjacent vicinity.  DJ suggested that if the listing was

5  unsuccessful, the Property should be auctioned.  To date, to DJ's knowledge there have been no

6  offers for the Property, Debtor has not paid any mortgage payments, and Debtor's principal seems

7  to have all but abandoned the project.

8      Debtor's dilatory approach to this chapter 11 led DJ to file the Request to Convert in

9  connection with the Court's then scheduled status conference on June 7, 2017.  In response,

10 Debtor represented to DJ that adequate protection payments to Genesis would commence, which

11 led to the execution of the Adequate Protection Stipulation.  By failing to make any payments

12 required under the Adequate Protection Stipulation, Debtor merely delayed the inevitable

13 conversion of this case for an additional month, with the only result being an increase of Genesis'

14 claim by an additional approximately $50,000.

15     **C.**    **The Debtor's MORs**

16     Debtor's most recent MOR filed for the period ending May 31, 2017 (Docket No. 88)

17 discloses $0.00 in total receipts and $0.00 in total disbursements since the Petition Date.  The

18 same is true for Debtor's prior MOR filed May 16, 2017 (Docket No. 80) for the period ending

19 April 30, 2016.  In fact, a review of all MORs filed by Debtor reveal the only financial activity of

20 Debtor has been the payment of required U.S. Trustee fees and bank service fees.  *See* Docket

21 Nos. 54, 55, 57, 58, 67, 72, 80, & 89.

22     **D.**    **The Preference Payment to Mr. Yohai**

23     According to the Debtor's Statement of Financial Affairs [Docket No. 37], within one

24 year prior to the Petition Date, payments totaling $720,000 for "reimbursement of costs" were

25 made to Yohai, the manager of the Debtor and a statutory "insider" as defined in section 101(31)

26 of the Bankruptcy Code. In order to obtain this loan with RS Lending—which was apparently

27 used solely to reimburse Yohia—DJ released its previously recorded lien.

28     Section 547(b) of the Bankruptcy Code provides for the recovery of payments made to an

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1 insider creditor within one year prior to the bankruptcy filing that is made on account of an
2 antecedent debt while the debtor is insolvent. *See* 11 U.S.C. § 547(b).  On its face, this $720,000
3 payment to Yohai is a statutory preference and must be recovered for the benefit of the estate.  In
4 addition, a chapter 7 trustee should investigate all pre-petition transfers to determine whether
5 further, undisclosed preference payments to Yohai are recoverable into the estate.

### E. The Adequate Protection Stipulation

Following the Court's June 7, 2017 continued hearings on the Motion to Dismiss and the Court's status conference, DJ, Genesis and Debtor entered into further negotiations relating to either a sale of the Property or conversion of this chapter 11 case to chapter 7.  Based upon Debtor's representation that adequate protection payments to Genesis would be commenced, the parties entered into the Adequate Protection Stipulation, which the Court approved by order entered on June 12, 25017.  *See* Docket No. 88.  According to the terms of the Adequate Protection Stipulation, Debtor was required to make its first adequate protection payment of $48,500 no later than June 26, 2017[1].  The Adequate Protection Stipulation required that the Debtor was to give notice of any payment to DJ at the same time as payment was made.  To date, Debtor has not provided to DJ notice that the adequate protection payment required under the Adequate Protection Stipulation was made.  *See* Declaration of Brian L. Davidoff ¶ 5.

The Adequate Protection Stipulation further provides that in the event of Debtor's default, "Genesis and/or DJ may bring a motion to convert this Chapter 11 Case to a case under chapter 7, which may be brought on shortened time pursuant to Local Bankruptcy Rule 9075-1".  Adequate Protection Stipulation at ¶ 5. Accordingly, DJ brings this Motion to convert the case and concurrently seeks a hearing on shortened time.

### III. "CAUSE" EXISTS FOR CONVERSION TO A CHAPTER 7 CASE

#### A. "Cause" under 11 U.S.C § 1112(b)

Upon a showing of "cause" the court "shall covert or dismiss [a chapter 11] case, *whichever is in the best interest of creditors and the estate*" 11 U.S.C § 1112(b) (emphasis

---

[1] Subsequently, the parties agreed to extend this deadline to June 30, 2017.

added).  Courts have wide discretion in determining what constitutes such cause.  *See In re Johnston*, 149 B.R. 158, 160 (9th Cir. B.A.P. 1992); *Matter of NuGelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992).  The Court may consider the enumerated grounds listed in section 1112(b) of the Bankruptcy Code, or may "consider other factors as they arise, and use its equitable powers to reach the appropriate result in individual cases".  *In re Consolidated Pioneer Mortg. Entities,* 248 B.R. 368 (9th Cir. B.A.P. 2000).

Of the enumerated grounds for "cause" to convert, the most relevant to this case is the "absence of a reasonable likelihood of rehabilitation."  *See* 11 U.S.C. § 1112.  As stated above, this case has been pending for over six and one half months with no activity whatsoever except for the hiring of a real estate broker retained on March 21, 2017.  The MORs reflect that the estate is not generating income and is not incurring any substantial expenses.  The estate is, for all intents and purposes, dormant.

Debtor has been provided every opportunity to show that, at a minimum, Debtor can make adequate protection payments to Genesis while the Debtor seeks to obtain a buyer of the Property. Based on Debtor's representation that such adequate protection payments would be forthcoming, DJ and Genesis provided Debtor one last opportunity via the Adequate Protection Stipulation, which further provided a mechanism for conversion upon Debtor's default.  Unsurprisingly, Debtor failed to make any agreed upon adequate protection payments and the result of the Adequate Protection Stipulation has simply been Debtor's "buying" more time without any actual payment—while Genesis' secured claim grows by $1,684.03 per day to the detriment of the bankruptcy estate and all creditors.

Based on the Debtor's absence of a reasonable likelihood of rehabilitation, Debtor's failure to make any adequate protection payments to Genesis, and Debtor's default under the Adequate Protection Stipulation, DJ submits that ample cause exists to convert this case to a chapter 7.

Once "cause" is shown under section 1112(b)(1), the court must convert or dismiss the case *unless* the following, multi-prong exception is satisfied: (1) there are proven unusual circumstances that establish such relief is not in the best interests of creditors and the estate, and

(2) the debtor establishes (a) there is a reasonable likelihood a plan will be confirmed within a reasonable period of time and (b) the grounds for finding cause include an act or omission (i) for which there exists a reasonable justification and (ii) the acts or omissions will be cured within a reasonable period of time set by the Court.  11 U.S.C. §1112(b)(2).  Debtor has not shown any unusual circumstances that warrant continuing the *status quo*.  As stated, continued delay only increases the secured claim of Genesis by $1,684.03/day, along with other attorney's fees costs.  *See* Docket No. 76.  Indeed, the only "unusual" circumstance present is the fact that Debtor is somehow able to continue in this chapter 11 with no income, no expenses, and virtually no activity to the detriment of all creditors.

### B.    Conversion to Chapter 7 is in the Best Interest of Creditors

Conversion of this case to chapter 7, rather than dismissal, is in the best interest of the creditors and the estate.  As discussed above, Debtor's only disclosed asset in this case in the Property, which Debtor's schedules value at $7,500,000.  *See* Schedule A at Docket No. 37.  Debtor since listed the Property for sale for $9,995,000.00[2].  *See* Docket No. 68.  These disclosures show that there may be at least some equity that can be realized by the estate through the liquidation of the Property.  Moreover, with Debtor's lack of success, an objective chapter 7 trustee would be in a better position to assess the market and liquidate the Property for the benefit of the estate, including through an auction.  Further, as discussed above, Debtor's disclosures reveal that, at least, $720,000 in preference transfers to Yohai that should be recovered for the benefit of creditors pursuant to section 547 of the Bankruptcy Code.  Accordingly, conversion, rather than dismissal is warranted in this case.

### IV.    CONCLUSION

Debtor has spent the last six and one half months in this chapter 11 with no progress, virtually no activity, and no likelihood that the *status quo* will show any change.  The Court, Genesis and DJ have all provided Debtor every opportunity to show that a successful rehabilitation is possible, with the result consistently being unfulfilled promises and no forward

---

[2] DJ understands that the Debtor has since reduced the listing price.

36815-00100/2826209.2                         7                                  MOTION TO CONVERT
                                                                                 TO CHAPTER 7

1  progress to the detriment to the estate and all creditors.  Accordingly, DJ respectfully requests that

2  the Court convert this case to a chapter 7 pursuant to 1112(b) of the Bankruptcy Code.

DATED:  July 7 , 2017           GREENBERG GLUSKER FIELDS
                                CLAMAN & MACHTINGER LLP


By: */s/ Brian L. Davidoff*
    BRIAN L. DAVIDOFF (SBN 102654)
    KEITH PATRICK BANNER (SBN 259502)
    Attorneys for DJ Blue Jay Way, LLC

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

36815-00100/2826209.2    8    MOTION TO CONVERT
TO CHAPTER 7

**DECLARATION OF BRIAN L. DAVIDOFF**

I, the undersigned, Brian L. Davidoff, hereby declare:

1. I am an attorney at law duly licensed to practice in the State of California before this bankruptcy court. I am an attorney in the law firm Greenberg Glusker Fields Claman & Machtinger LLP, counsel for DJ Blue Jay Way, LLC ("DJ"). I submit this declaration in support of the attached *Motion to Convert Chapter 11 Case to Chapter 7* (the "Motion") and the concurrently filed *Application for Order Setting Hearing On Shortened Notice [LBR 9075-1(b)]* (the "Application"). I have personal knowledge of the facts as stated below and, if called as a witness, I could and would competently testify thereto under oath.

2. Following the Court's June 7, 2017 continued hearings on the motion to dismiss this chapter 11 case filed by Genesis Capital, LLC ("Genesis") and the Court's status conference, DJ, Genesis and Debtor 1550 Blue Jay Way, LLC (the "Debtor"), through counsel, entered into negotiations relating to either the sale of real property located at 1550 Blue Jay Way, Los Angeles, California 90069 (the "Property") or conversion of this chapter 11 case to chapter 7.

3. Following the hearing, DJ, Genesis and Debtor executed and filed the *Stipulation Regarding: (1) Adequate Protection Payments to Genesis Capital LLC; (2) Procedures to Convert Case to Chapter 7 upon (i) Default in Adequate Protection Payments; or (ii) Failure to Sell Real Property; and (3) Continuance of Status Conference* [Docket No. 87] (the "Adequate Protection Stipulation"). The Court entered an order approving the Adequate Protection Stipulation on June 12, 25017 (Docket No. 88).

4. According to the terms of the Adequate Protection Stipulation, Debtor was required to make its first adequate protection payment of $48,500 no later than June 26, 2017. Subsequently, the parties agreed to extend this deadline to June 30, 2017. The Adequate Protection Stipulation required that Debtor was to give notice to DJ of any adequate protection payment made to Genesis at the same time as payment was made.

5. To date, Debtor has not provided to DJ notice that the adequate protection payment required under the Adequate Protection Stipulation was made. It is my understanding, based on information and belief, that no required adequate protection payments have been made to Genesis.

6. Debtor's failure to make any adequate protection payments required under the Adequate Protection Stipulation constitutes a default of the same and therefore DJ brings the Motion and concurrently seeks a hearing on shortened time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of July 2017, at Los Angeles, California.

*/s/ Brian L. Davidoff*
BRIAN L. DAVIDOFF

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

36815-00100/2826209.2          2          DECLARATION OF BRIAN L. DAVIDOFF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Fl., Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7; DECLARATION OF BRIAN L. DAVIDOFF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 7, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com;jking@greenbergglusker.com
- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Donald W Fitzgerald    dfitzgerald@ffwplaw.com, shoang@ffwplaw.com
- Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- Michael J Hauser    michael.hauser@usdoj.gov
- James Andrew Hinds    jhinds@jhindslaw.com, zbilowit@jhindslaw.com
- Kambiz J Shabani    joseph@shabanipartners.com, kevin@shabanipartners.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 7, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Messenger
The Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
411 West Fourth Street
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2017 | Sherry Harper | /s/ Sherry Harper |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

36815-00100/2812859.1